IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL INC., | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) Case No. 18-cv-2683 JAR/KGG <br> ) |
| SCEPTER CORPORATION and <br> SCEPTER MANUFACTURING LLC, | ) <br> ) <br> ) |
| Defendants. | ) <br> ) <br> ) |

**DECLARATION OF LISA K. NGUYEN IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS, OR ALTERNATIVELY, TRANSFER**

I, Lisa K. Nguyen, declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am a partner with the law firm of Latham & Watkins LLP, counsel of record for Scepter Corporation and Scepter Manufacturing LLC ("Defendants"), in the above captioned proceeding.

2. Attached hereto as Exhibit A is a true and correct copy of a letter from me to Douglas Dalgleish, counsel for Plaintiff, dated March 4, 2019.

3. Attached hereto as Exhibit B is a true and correct copy of an e-mail from Mr. Dalgleish to me dated March 8, 2019.

4. Attached hereto as Exhibit C is a true and correct copy of printouts from Google Maps showing the distance and travel time by flight between Hudson, Ohio and Kansas City, Kansas and Hudson, Ohio and Wilmington, Delaware from March 27, 2019.

5.      Attached hereto as Exhibit D is a true and correct copy of excerpts from the Federal Court Management Statistics-Profiles for December 2018 published by the Federal Judicial Center, available at https://www.uscourts.gov/statistics-reports/federal-court-management-statistics-december-2018 (March 27, 2019).

Executed this 27th of March, 2019.

*Lisa K. Nguyen*
Lisa K. Nguyen

# EXHIBIT A

**Lisa K. Nguyen**
Direct Dial: +1 (650) 470-4848
lisa.nguyen@lw.com

**LATHAM & WATKINS** LLP

140 Scott Drive
Menlo Park, California  94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | Rome |
| Frankfurt | San Diego |
| Hamburg | San Francisco |
| Hong Kong | Seoul |
| Houston | Shanghai |
| London | Silicon Valley |
| Los Angeles | Singapore |
| Madrid | Tokyo |
| Milan | Washington, D.C. |

March 4, 2019

**BY ELECTRONIC MAIL**

Douglas R. Dalgleish
Stinson Leonard Street
1201 Walnut Street, Suite 2900
Kansas City, MO 64106
doug.dalgleish@stinson.com

Re:  No Spill Inc. v. Scepter Corporation and Scepter Manufacturing LLC
Case No. 2:18-cv-02681-JAR-KGG

Dear Doug:

I write in an attempt to conserve the resources of the parties and the Court by resolving certain deficiencies in the Complaint filed by No Spill Inc. ("No Spill") in the above-referenced action without motion practice.  First, Scepter Corporation no longer exists today and should be removed from the named parties.  Second, the District of Kansas lacks personal jurisdiction over Scepter Canada Inc. (the successor to the business of Scepter Corporation), and thus, among other reasons, the patent claims against it should be dismissed.  Third, to the extent that No Spill intends to maintain patent infringement claims in this case, the Complaint establishes that the District of Kansas is an improper venue, and that the case should be transferred to a proper venue such as the Northern District of Oklahoma or the District of Delaware.

*Scepter Corporation Is Not A Proper Named Party*

Scepter Corporation was an Ontario corporation that no longer exists today.  In 2014, Myers Industries Inc. ("Myers") completed its acquisition of Scepter Corporation, transferring substantially all assets of Scepter Corporation to CA Acquisitions Inc., a Canadian corporation.  As part of the Asset Purchase Agreement, Scepter Corporation was required "to change its name to one not including the name 'Scepter.'"  As such, after the acquisition closed, Scepter Corporation changed its name to 1216037 Ontario, Inc., a numbered Ontario corporation.  And, as part of that change, 1216037 Ontario Inc. provided its consent for "the use of the name

'Scepter Canada Inc.' by CA Acquisitions Inc. which is the successor to the business of the Corporation." *See* Attachment A, Amendment to Articles dated July 11, 2014.

Please confirm that No Spill will remove Scepter Corporation as a named party from the present litigation. As explained below, replacing Scepter Corporation with Scepter Canada Inc. will not cure the jurisdictional or venue deficiencies either.

*The District of Kansas Lacks Personal Jurisdiction Over Scepter Canada Inc.*

There are three entities affiliated with the Scepter brand:  Scepter Manufacturing LLC (a Delaware corporation with its principal place of business in Miami, Oklahoma), Scepter US Holdings Company (an Ohio corporation with its principal places of business in Akron, Ohio), and Scepter Canada Inc. (a Canadian corporation with its principal place of business in Scarborough, Ontario). *See* Attachment B, Myers Industries, Inc., Form 10-K dated March 9, 2018 at Exhibit 21.  Scepter Manufacturing is a wholly-owned subsidiary of Scepter US Holdings Company.  Scepter US Holdings Company is just that—a holding company with no manufacturing operations.   Scepter US Holdings Company and Scepter Canada Inc. are each wholly-owned subsidiaries of Myers.

Myers operates any business in the United States related to the "Scepter" brand through Scepter US Holdings Company and Scepter Manufacturing LLC.  Scepter Manufacturing LLC manufactures its products under license from Scepter Canada Inc.  Scepter Canada Inc. does not do business with any entity in the United States other than with its sister entities Scepter US Holdings Company and Scepter Manufacturing LLC and its parent Myers, none of which is located in or incorporated in Kansas.

Scepter Canada Inc. has never provided, designed, manufactured, advertised, promoted, offered, or sold portable fuel containers to any entity, nor any other products or services in Kansas.  Scepter Canada Inc. has no contracts or agreements with any entities in Kansas.  Scepter Canada Inc. is not registered to do business in Kansas.

Scepter Manufacturing LLC is a distinct and legally separate entity from Scepter Canada Inc.  Scepter Canada Inc. does not directly or indirectly own Scepter Manufacturing LLC and does not direct or control Scepter Manufacturing LLC.  Scepter Canada Inc. does not finance Scepter Manufacturing LLC.  And Scepter Canada Inc. does not recognize revenue from Scepter Manufacturing LLC nor does any income flow from Scepter Manufacturing LLC to Scepter Canada Inc.

Scepter Canada Inc. has no contacts with Kansas.  As such, Scepter Canada Inc. has no "continuous and systematic" contacts to establish general jurisdiction, nor does it engage in any activities in, or directed at, Kansas that give rise or relate to No Spill's patent infringement claims that would establish specific jurisdiction.

Please confirm that No Spill will not name Scepter Canada Inc. in its suit in the District of Kansas.

**LATHAM&WATKINS**LLP

*The District of Kansas Does Not Have Proper Venue Over Patent Claims Asserted Against Any Scepter Entity*

To the extent that No Spill maintains its patent infringement claims against any Scepter entity, venue is improper in the District of Kansas. No Spill alleges in its Complaint that "Scepter Manufacturing manufactures and sells within the United States plastic gasoline containers that employ a flash suppressor positioned through the opening of the gasoline container ('Infringing Fuel Container')." Compl. ¶ 23. Thus, on the face of the Complaint, No Spill pleads that Scepter Manufacturing LLC—a Delaware corporation with its principal place of business in Miami, OK—engages in the alleging infringing activity.

But in order to file a patent suit in the District of Kansas, the patent venue statute (28 U.S.C. §1400(b)) requires that the alleged infringer have a "regular and established place of business" in Kansas or be incorporated in Kansas. Scepter Manufacturing LLC meets neither requirement. As such, No Spill only asserts infringement against the now-defunct, non-operating, and non-existing foreign entity Scepter Corporation for "directing and controlling" the allegedly infringing activities of Scepter Manufacturing LLC.

Such bare allegations are improper and insufficient to establish claims for infringement. *See also Sprint Comm'n, L.P. v. Cox Comm'n, Inc.*, 896 F.Supp.2d 1049 (D. Kan. 2012) (Robinson, J.) (It is a "well-settled proposition that a 'holding or parent company has a separate corporate existence from its subsidiary and is thus treated separately in the absence of circumstance justifying the disregard of the corporate entity.'"). Regardless, there are plainly no foreign or Kansas entities that "direct or control" Scepter Manufacturing LLC to establish proper venue in the District of Kansas.

Please confirm that No Spill will drop its patent claims. To the extent No Spill decides to maintain its patent infringement claims, please confirm that No Spill will agree to transfer such claims to the Northern District of Oklahoma or the District of Delaware where venue is proper.

\* \* \*

Please provide confirmation of the above by March 8. To the extent that No Spill chooses to maintain its patent infringement claims in the District of Kansas, please provide your Rule 11 basis for doing so.

Very truly yours,

*[signature]*

Lisa K. Nguyen
of LATHAM & WATKINS LLP

Encl.

cc: Counsel of Record

# EXHIBIT B

# Nguyen, Lisa (SV)

| | |
|---|---|
| **From:** | Dalgleish, Douglas R. <doug.dalgleish@stinson.com> |
| **Sent:** | Friday, March 08, 2019 12:50 PM |
| **To:** | Le, Jacklyn (SV) |
| **Cc:** | Yeretsky, Bradley; Langford, Bryce E.; Evans, Jr., Robert M.; Nguyen, Lisa (SV) |
| **Subject:** | RE: No Spill Inc. v. Scepter Corporation, et al. |

Lisa,
I confirm receipt of your March 4 letter. We are reviewing and will respond to your assertions at the appropriate time.
Thank you
Doug Dalgleish

**Douglas R. Dalgleish** | Partner | Stinson Leonard Street LLP
1201 Walnut Street, Suite 2900 | Kansas City, MO 64106-2150
T: 816.691.3122 | F: 816.412.1096
doug.dalgleish@stinson.com | www.stinson.com
Legal Administrative Assistant: Amy Baker | 816.691.2464 | amy.baker@stinson.com

This communication (including any attachments) is from a law firm and may contain confidential and/or privileged information. If it has been sent to you in error, please contact the sender for instructions concerning return or destruction, and do not use or disclose the contents to others.

**From:** Jacklyn.Le@lw.com <Jacklyn.Le@lw.com>
**Sent:** Monday, March 4, 2019 5:48 PM
**To:** Dalgleish, Douglas R. <doug.dalgleish@stinson.com>
**Cc:** Yeretsky, Bradley <brad.yeretsky@stinson.com>; Langford, Bryce E. <bryce.langford@stinson.com>; Evans, Jr., Robert M. <robert.evans@stinson.com>; Lisa.Nguyen@lw.com
**Subject:** No Spill Inc. v. Scepter Corporation, et al.

**External Email – Use Caution**

Mr. Dalgleish,

Please find attached correspondence from Lisa Nguyen concerning the above-referenced matter.


**Jacklyn T. Le**
Legal Secretary

**LATHAM & WATKINS LLP**
140 Scott Drive | Menlo Park, CA 94025
D: +1.650.463.4686

_____

This email may contain material that is confidential, privileged and/or attorney work product for the sole use of the intended recipient. Any review, disclosure, reliance or distribution by others or forwarding without express permission is strictly prohibited. If you are not the intended recipient, please contact the sender and delete all copies including any attachments.

Latham & Watkins LLP or any of its affiliates may monitor electronic communications sent or received by our networks in order to protect our business and verify compliance with our policies and relevant legal requirements. Any personal information contained or referred to within this electronic communication will be processed in accordance with the firm's privacy notices and Global Privacy Standards available at www.lw.com.

# EXHIBIT C

Hudson, OH to Kansas City, KS                                            Drive 798 miles, 12 h 1 min



Map data ©2019 Google    50 mi

🚗 via I-70 W                                                            12 h 1 min

Fastest route now, avoids road closures                                  798 miles
on I-70 W
⚠️ Your destination is in a different time zone.

🚗 via I-72 W                                                            12 h 30 min

                                                                         831 miles

✈️ Cleveland, OH—Kansas City, MO                                         3 h 30 min

                                                                         from $374

Google Maps — Hudson, OH to Wilmington, DE — Drive 398 miles, 6 h 19 min



Map data ©2019 Google   20 mi

| | via I-76 | 6 h 19 min |
|---|---|---|
| | Fastest route, the usual traffic ⚠ This route has tolls. | 398 miles |

| | via I-76 and I-70 E | 6 h 31 min |
|---|---|---|
| | | 421 miles |

| | Cleveland, OH—Philadelphia, PA | 1 h 25 min |
|---|---|---|
| | | from $374 |

# EXHIBIT D

## U.S. District Court — Judicial Caseload Profile

**DELAWARE**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Dec 31 2013 | Dec 31 2014 | Dec 31 2015 | Dec 31 2016 | Dec 31 2017 | Dec 31 2018 | U.S. | Circuit |
| **Overall Caseload Statistics** | | Filings ¹ | 2,374 | 1,809 | 1,450 | 1,562 | 2,080 | 2,259 | | |
| | | Terminations | 2,054 | 2,231 | 1,920 | 1,428 | 1,982 | 2,050 | | |
| | | Pending | 2,823 | 2,403 | 1,935 | 2,071 | 2,168 | 2,383 | | |
| | | Percent Change in Total Filings Current Year Over Earlier Year | -4.8 | 24.9 | 55.8 | 44.6 | 8.6 | | 31 | 2 |
| | | Number of Judgeships | 4 | 4 | 4 | 4 | 4 | 4 | | |
| | | Vacant Judgeship Months ² | 0.0 | 0.0 | 0.0 | 0.0 | 18.9 | 19.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 594 | 452 | 363 | 391 | 520 | 565 | 28 | 2 |
| | | Civil | 549 | 428 | 338 | 361 | 493 | 537 | 14 | 2 |
| | | Criminal Felony | 38 | 18 | 18 | 23 | 23 | 23 | 93 | 6 |
| | | Supervised Release Hearings | 7 | 6 | 7 | 7 | 4 | 5 | 92 | 6 |
| | Pending Cases ² | | 706 | 601 | 484 | 518 | 542 | 596 | 26 | 4 |
| | Weighted Filings ² | | 1,087 | 785 | 541 | 505 | 810 | 951 | 3 | 1 |
| | Terminations | | 514 | 558 | 480 | 357 | 496 | 513 | 34 | 2 |
| | Trials Completed | | 19 | 21 | 15 | 15 | 16 | 13 | 62 | 4 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 9.7 | 10.8 | 14.7 | 10.5 | 13.0 | 10.5 | 62 | 2 |
| | | Civil ² | 7.2 | 10.9 | 12.6 | 9.2 | 6.0 | 5.5 | 5 | 2 |
| | From Filing to Trial ² (Civil Only) | | 34.6 | 29.2 | 27.7 | 24.5 | 27.1 | 28.7 | 33 | 2 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old ² | | 279 10.7 | 288 12.9 | 205 11.5 | 268 14.1 | 200 10.0 | 211 9.6 | 65 | 4 |
| | Average Number of Felony Defendants Filed per Case | | 1.4 | 1.5 | 1.8 | 1.3 | 1.2 | 1.1 | | |
| | Jurors | Avg. Present for Jury Selection | 45.7 | 42.4 | 64.1 | 55.0 | 59.6 | 70.6 | | |
| | | Percent Not Selected or Challenged | 29.3 | 28.0 | 46.6 | 37.4 | 40.1 | 38.6 | | |

| 2018 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 2,148 | 30 | 68 | 201 | 3 | 8 | 18 | 159 | 45 | 956 | 117 | 5 | 538 |
| Criminal ¹ | 91 | 2 | 23 | 18 | 20 | 8 | 8 | 5 | - | - | 4 | 1 | 2 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

¹ Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

² See "Explanation of Selected Terms."

## U.S. District Court — Judicial Caseload Profile

**KANSAS**

| | | | 12-Month Periods Ending | | | | | | Numerical Standing Within | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Dec 31 2013 | Dec 31 2014 | Dec 31 2015 | Dec 31 2016 | Dec 31 2017 | Dec 31 2018 | U.S. | Circuit |
| **Overall Caseload Statistics** | | Filings ¹ | 2,442 | 2,415 | 5,384 | 2,602 | 2,233 | 2,305 | | |
| | | Terminations | 2,573 | 2,490 | 3,939 | 2,421 | 3,226 | 2,199 | | |
| | | Pending | 2,229 | 2,144 | 3,593 | 3,771 | 2,767 | 2,869 | | |
| | | Percent Change in Total Filings Current Year Over Earlier Year | -5.6 | -4.6 | -57.2 | -11.4 | 3.2 | | 49 | 4 |
| | | Number of Judgeships | 6 | 6 | 6 | 6 | 6 | 6 | | |
| | | Vacant Judgeship Months ² | 12.0 | 9.2 | 12.0 | 12.0 | 20.0 | 24.0 | | |
| **Actions per Judgeship** | **Filings** | Total | 407 | 403 | 897 | 434 | 372 | 384 | 70 | 4 |
| | | Civil | 252 | 241 | 766 | 290 | 237 | 255 | 65 | 3 |
| | | Criminal Felony | 117 | 118 | 91 | 96 | 91 | 85 | 50 | 4 |
| | | Supervised Release Hearings | 38 | 43 | 41 | 47 | 44 | 45 | 36 | 4 |
| | Pending Cases ² | | 372 | 357 | 599 | 629 | 461 | 478 | 47 | 2 |
| | Weighted Filings ² | | 398 | 385 | 696 | 375 | 345 | 348 | 72 | 4 |
| | Terminations | | 429 | 415 | 657 | 404 | 538 | 367 | 75 | 5 |
| | Trials Completed | | 22 | 22 | 23 | 21 | 21 | 21 | 26 | 2 |
| **Median Time (Months)** | From Filing to Disposition | Criminal Felony | 8.8 | 9.7 | 10.3 | 10.6 | 11.5 | 11.0 | 64 | 8 |
| | | Civil ² | 8.6 | 9.5 | 2.1 | 7.6 | 18.7 | 7.5 | 23 | 1 |
| | From Filing to Trial ² (Civil Only) | | 30.0 | 22.9 | 24.5 | 22.7 | 29.4 | 24.5 | 21 | 2 |
| **Other** | Number (and %) of Civil Cases Over 3 Years Old ² | | 132 9.5 | 120 8.9 | 78 2.7 | 71 2.4 | 76 3.7 | 826 37.7 | 91 | 8 |
| | Average Number of Felony Defendants Filed per Case | | 1.5 | 1.4 | 1.4 | 1.4 | 1.4 | 1.3 | | |
| | Jurors | Avg. Present for Jury Selection | 48.2 | 41.1 | 34.3 | 42.5 | 47.8 | 44.1 | | |
| | | Percent Not Selected or Challenged | 44.6 | 35.7 | 21.8 | 32.4 | 43.7 | 38.0 | | |

| 2018 Civil Case and Criminal Felony Defendant Filings by Nature of Suit and Offense | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Type of | Total | A | B | C | D | E | F | G | H | I | J | K | L |
| Civil | 1,528 | 75 | 10 | 434 | 52 | 88 | 80 | 143 | 179 | 22 | 311 | 3 | 131 |
| Criminal ¹ | 503 | 7 | 142 | 43 | 131 | 54 | 18 | 33 | 11 | 21 | 17 | 6 | 20 |

NOTE: Criminal data in this profile count defendants rather than cases and therefore will not match previously published numbers.

¹ Filings in the "Overall Caseload Statistics" section include criminal transfers, while filings by "Nature of Offense" do not.

² See "Explanation of Selected Terms."