## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL INC.,              ) <br><br>                      Plaintiff,     ) <br><br> v.                            ) <br><br> SCEPTER CANADA, INC.,     ) <br><br> and                      ) <br><br> SCEPTER MANUFACTURING LLC,     ) <br><br>                  Defendants.    ) | Case No. 18-cv-2681 JAR/KGG |

## SCEPTER CANADA, INC. AND SCEPTER MANUFACTURING, LLC'S
## ANSWER TO SECOND AMENDED COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendants Scepter Canada, Inc. and Scepter Manufacturing, LLC ("Scepter Defendants"), by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by No Spill, Inc. ("Plaintiffs" or "No Spill") in its Second Amended Complaint.  Scepter Defendants deny all allegations in the Complaint except as expressly admitted herein.  Numbered paragraphs below correspond to the like-numbered paragraphs in the Second Amended Complaint.

## **PARTIES**

1.      Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Second Amended Complaint, and on that basis deny them.

2.      Scepter Defendants deny the allegations in paragraph 2 of the Second Amended Complaint.

3.      Scepter Defendants admit that an entity formally known as Scepter Corporation changed its name to 1216037 Ontario, Inc.

4.      Scepter Defendants deny the allegations in paragraph 4 of the Second Amended Complaint.

5.      Scepter Defendants admit that Scepter Canada is incorporated in and exists under the laws of Canada and maintains its principal place of business at 170 Midwest Rd., Scarborough, ON, M1P 3A9, Canada.

6.      Scepter Defendants admit that Scepter Manufacturing is incorporated in and exists under the laws of Delaware and maintains its principal place of business at 404 26th Avenue NW, Miami, Oklahoma 74354.

2

## JURISDICTION AND VENUE

7.     Scepter Defendants admit that the Second Amended Complaint purports to assert alleged claims for patent infringement under the patent laws of the United States, Title 35, United States Code, breach of contract, unfair competition under the Lanham Act, and unfair competition under the common law of Kansas, but deny each of such claims.

8.     Scepter Defendants admit that the Second Amended Complaint purports to state alleged causes of action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 28 U.S.C. § 1332, 28 U.S.C. § 1338(b) and 28 U.S.C. § 1332, 28 U.S.C. § 1367 and 28 U.S.C. § 1332.  Scepter Defendants deny the remaining allegations in paragraph 8 of the Second Amended Complaint.

9.     Scepter Defendants deny the allegations in paragraph 9 of the Second Amended Complaint.

10.     Scepter Defendants deny the allegations in paragraph 10 of the Second Amended Complaint.

11.     Scepter Defendants deny the allegations in paragraph 11 of the Second Amended Complaint.

12.     Scepter Defendants admit that the Second Amended Complaint purports to state alleged causes of action for direct patent infringement and inducing patent infringement under 35 U.S.C. § 271 et seq., but deny each of such claims.  Scepter Defendants deny the remaining allegations in paragraph 12 of the Second Amended Complaint.

13.     Scepter Defendants deny the allegations in paragraph 13 of the Second Amended Complaint.

14.     Scepter Defendants admit that Scepter Manufacturing has transacted business and entered into a contract in this judicial district.  Scepter Defendants deny the remaining allegations in paragraph 14 of the Second Amended Complaint, and specifically deny that Scepter Manufacturing has committed tortious acts.

15.     Scepter Defendants admit that a Supply Agreement entered between plaintiff No Spill and defendant Scepter Manufacturing includes a "Governing Law" provision.  Scepter Defendants deny the remaining allegations of paragraph 15 of the Second Amended Complaint.

16.     Scepter Defendants admit that a Supply Agreement entered between plaintiff No Spill and defendant Scepter Manufacturing contains the following provision: "Governing Law. Any legal action, suit or proceeding arising out of this Agreement and brought by either Party shall be governed by the laws of the State of Kansas and shall be treated in all respects as a Kansas contract, without regard to any laws of any jurisdiction related to choice or conflict of laws principles and each Party hereby irrevocably submits to the exclusive jurisdiction of the courts of Overland Park, Kansas."  Scepter Defendants deny the remaining allegations in paragraph 16 of the Second Amended Complaint.

17.     Scepter Defendants deny the allegations in paragraph 17 of the Second Amended Complaint.

18.     Scepter Defendants admit that Scepter Canada is a foreign entity. Scepter Defendants deny the remaining allegations in paragraph 18 of the Second Amended Complaint.

### PATENTS-IN-SUIT

19.     Scepter Defendants admit that Exhibit A purports to be a copy of United States Patent No. 9,174,075 (the "'075 patent") entitled "Explosion Inhibiting Portable Fuel Container and Method of Inhibiting Explosions." Scepter Defendants admit that on its face, Exhibit A bears

an issuance date of November 3, 2015 and lists Thomas M. Cray as an inventor. Scepter Defendants deny the remaining allegations in paragraph 19 of the Second Amended Complaint.

20.     Scepter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Second Amended Compliant, and on that basis deny them.

21.     Scepter Defendants admit that Exhibit B purports to be a copy of United States Patent No. 10,029,132 (the "'132 patent") entitled "Explosion Inhibiting Portable Fuel Container and Method of Inhibiting Explosions." Scepter Defendants admit that on its face, Exhibit B bears an issuance date of July 24, 2018, and lists Thomas M. Cray as an inventor. Scepter Defendants deny the remaining allegations in paragraph 21 of the Second Amended Complaint.

22.     Specter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Second Amended Compliant and on that basis deny them.

23.     Scepter Defendants admit that on its face, Exhibit A contains two independent claims and nineteen dependent claims.

24.     Scepter Defendants admit that paragraph 24 of the Second Amended Complaint reproduces claim 1 of Exhibit A of the Second Amended Complaint, which purports to be the '075 patent. Scepter Defendants deny the remaining allegations in paragraph 24 of the Second Amended Complaint.

25.  Scepter Defendants admit that on its face, Exhibit A contains two independent claims and nineteen dependent claims.

26.  Scepter Defendants admit that paragraph 26 of the Second Amended Complaint reproduces claim 1 of Exhibit B of the Second Amended Complaint, which purports to be the

'132 patent. Scepter Defendants deny the remaining allegations in paragraph 26 of the Second Amended Complaint.

## **FACTUAL BACKGROUND**

### *The Defendant Entities*

27.     Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Second Amended Complaint, and on that basis deny them.

28.     Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Second Amended Complaint, and on that basis deny them.

29.     Scepter Defendants admit that Scepter Holdings, Inc. purchased the assets of Blitz through the bankruptcy court in 2012.  Scepter Defendants deny the remaining allegations in paragraph 29 of the Second Amended Complaint.

30.     Scepter Defendants admit that Exhibit C purports to be an article titled "Blow molder Scepter buys selected assets of fuel can maker Blitz USA." Scepter Defendants deny the remaining allegations in paragraph 30 of the Second Amended Complaint.

31.     Scepter Defendants admit that Exhibit C, which purports to be an article titled "Blow molder Scepter buys selected assets of fuel can maker Blitz USA," contains the following quote: "take time to reorganize, build new molds using Scepter's current portable fuel container designs, hire and train staff, and introduce similar quality assurance procedures as those in operation at Scepter Corporation . . . ." Scepter Defendants deny the remaining allegations in paragraph 31 of the Second Amended Complaint.

32.     Scepter Defendants admit that Exhibit D purports to be a press release and contains the following quotes: "In the longer term, Scepter wants to build a viable export business from the Miami location and to broaden the overall product line to take advantage of the plant's excess capacity and available technology;" "We want a presence in the US;" and "hopes that the Miami, Oklahoma plant will be reopened in the near future and will run as a separate US entity under the Scepter Manufacturing, LLC banner." Scepter Defendants deny the remaining allegations in paragraph 32 of the Second Amended Complaint.

33.     Scepter Defendants admit a plant in Miami, Oklahoma manufactures certain fuel containers that include the "Scepter" trademark.   Scepter Defendants deny the remaining allegations of paragraph 33 of the Second Amended Complaint.

34.      Scepter Defendants admit that Myers Industries is incorporated in and exists under the laws of Ohio.  Scepter Defendants further admit that Scepter Canada is a wholly-owned subsidiary of Myers Industries. Scepter Defendants deny the remaining allegations in paragraph 34 of the Second Amended Complaint.

35.     Scepter Defendants deny the allegations in paragraph 35 of the Second Amended Complaint.

36.     Scepter Defendants admit that Crown US Acquisition Company purchased all of the issued and outstanding membership units of Eco One Leasing, LLC and defendant Scepter Manufacturing.   Scepter Defendants deny the remaining allegations in paragraph 36 of the Second Amended Complaint.

37.     Scepter Defendants deny the allegations in paragraph 37 of the Second Amended Complaint.

38.     In July 2014, Eco One Leasing, LLC merged into the limited liability company Scepter Manufacturing, LLC.   The surviving limited liability company was Scepter Manufacturing, LLC.   Scepter Defendants deny the allegations in paragraph 38 of the Second Amended Complaint.

39.     Scepter Defendants admit that in 2014, Scepter Corporation transferred substantially all its assets to CA Acquisitions Inc., an Ontario, Canada corporation.  Scepter Defendants deny the allegations in paragraph 39 of the Second Amended Complaint.

40.     Scepter Defendants admit that CA Acquisitions Inc. changed its name to Scepter Canada, Inc.  Scepter Defendants deny the remaining allegations in paragraph 40 of the Second Amended Complaint.

41.     Scepter Defendants admit that Scepter US Holding Company is a wholly-owned subsidiary of Myers Industries. Scepter Defendants admit that Scepter Manufacturing is a wholly-owned subsidiary of Scepter US Holding Company.  Scepter Defendants admit that Scepter Canada is also a wholly-owned subsidiary of Myers Industries. Scepter Defendants deny the remaining allegations in paragraph 41 of the Second Amended Complaint.

42.      Scepter Defendants admit that Scepter US Holding Company is a wholly-owned subsidiary of Myers Industries. Scepter Defendants admit that Scepter Manufacturing is a wholly-owned subsidiary of Scepter US Holding Company.  Scepter Defendants admit that Scepter Canada is also a wholly-owned subsidiary of Myers Industries.

43.     Scepter Defendants deny the allegations in paragraph 43 of the Second Amended Complaint.

44.     Scepter Defendants deny the allegations in paragraph 44 of the Second Amended Complaint.

45.     Scepter Defendants admit that Scepter Manufacturing is responsible for manufacturing consumer gas containers for the United States market.  Scepter Defendants deny the remaining allegations in paragraph 45 of the Second Amended Complaint.

46.     Scepter Defendants deny the allegations in paragraph 46 of the Second Amended Complaint.

47.     Scepter Defendants deny the allegations in paragraph 47 of the Second Amended Complaint.

48.     Scepter Defendants admit that R. David Banyard served as the President, the Chief Executive Officer and a Director of Scepter Canada. Scepter Defendants admit that R. David Banyard served as President and a Director of Scepter Manufacturing. Scepter Defendants deny the remaining allegations in paragraph 48 of the Second Amended Complaint.

49.     Scepter Defendants deny the allegations in paragraph 49 of the Second Amended Complaint.

50.     Scepter Defendants admit that Kevin Brackman serves as the Executive Vice President, Chief Financial Officer and Secretary of Scepter Canada.  Scepter Defendants admit that Kevin Brackman serves as the Vice President, Treasurer and Secretary of Scepter Manufacturing.  Scepter Defendants deny the remaining allegations in paragraph 50 of the Second Amended Complaint.

51.     Scepter Defendants deny the allegations in paragraph 51 of the Second Amended Complaint.

52.     Scepter Defendants deny the allegations in paragraph 52 of the Second Amended Complaint.

53.     Scepter Defendants deny the allegations in paragraph 53 of the Second Amended Complaint.

54.     Scepter Defendants deny the allegations in paragraph 54 of the Second Amended Complaint.

55.     Scepter Defendants admit that Exhibit E purports to be a copy of Terry Elliott's LinkedIn Page.  Scepter Defendants deny the remaining allegations in paragraph 55 of the Second Amended Complaint.

56.     Scepter Defendants admit that Exhibit F purports to be a press announcement by NGS Global stating Mr. Elliott's position and location. Scepter Defendants deny the remaining allegations in paragraph 56 of the Second Amended Complaint.

57.     Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the Second Amended Complaint, and on that basis deny them.

58.     Scepter Defendants admit that Exhibit G purports to be a copy of the "Contact Us" page for the www.scepter.com website. Scepter Defendants deny the remaining allegations in paragraph 58 of the Second Amended Complaint.

59.     Scepter Defendants admit that Exhibit G contains the provided picture.  Scepter Defendants deny the remaining allegations in paragraph 59 of the Second Amended Complaint.

60.     Scepter Defendants deny the allegations in paragraph 60 of the Second Amended Complaint.

61.     Scepter Defendants admit that Exhibit H purports to be a copy of an email sent by Mr. Elliott.  Scepter Defendants deny the remaining allegations in paragraph 61 of the Second Amended Complaint.

62.     Scepter Defendants admit that Exhibit I purports to be a copy of a press report concerning Mr. Elliott.  Scepter Defendants deny the remaining allegations in paragraph 62 of the Second Amended Complaint.

63.     Scepter Defendants deny the allegations in paragraph 63 of the Second Amended Complaint.

64.     Scepter Defendants deny the allegations in paragraph 64 of the Second Amended Complaint.

65.     Scepter Defendants admit that the Supply Agreement provides that notice required under the agreement be provided to Scepter Manufacturing, LLC, and No Spill, Inc. "[w]ith a copy to" Scepter Corporation at an address in Scarborough Ontario, Canada. Scepter Defendants.  Scepter Defendants deny the remaining allegations in paragraph 65 of the Second Amended Complaint.

66.     Scepter Defendants deny the allegations in paragraph 66 of the Second Amended Complaint.

67.     Scepter Defendants admit that Exhibit J purports to be a copy of an email from Mr. Elliott.  Scepter Defendants deny the remaining allegations in paragraph 67 of the Second Amended Complaint.

68.     Scepter Defendants admit that Exhibit J purports to be a copy of an email from Mr. Elliott.  Scepter Defendants deny the remaining allegations in paragraph 68 of the Second Amended Complaint.

69.     Scepter Defendants admit that Mr. Elliott negotiated pricing and contracts with certain customers for both Scepter Canada and Scepter manufacturing.  Scepter Defendants deny the remaining allegations in paragraph 68 of the Second Amended Complaint.

70.     Scepter Defendants deny the allegations in paragraph 70 of the Second Amended Complaint.

71.     Scepter Defendants admit that Exhibit K purports to be a copy of an email Mr. Elliott sent to No Spill.  Scepter Defendants admit that Exhibit L purports to be a copy of a force majeure declaration.  Scepter Defendants deny the remaining allegations in paragraph 71 of the Second Amended Complaint.

72.     Scepter Defendants admit that Exhibit L contains the phrase "our valued customers."  Scepter Defendants deny the remaining allegations in paragraph 72 of the Second Amended Complaint.

73.     Scepter Defendants admit that Exhibit L contains the address 170 Midwest Road, Scarborough, Ontario, Canada M1P 3A9. Scepter Defendants deny the remaining allegations in paragraph 73 of the Second Amended Complaint.

74.     Scepter Defendants deny the allegations in paragraph 74 of the Second Amended Complaint.

75.     Scepter Defendants admit that Exhibit M purports to be a copy of the home page of scepterusa.com at the time the Complaint was filed. Scepter Defendants deny the remaining allegations in paragraph 75 of the Second Amended Complaint.

76.     Scepter Defendants admit that "Scepter USA" is not the registered name of any entity related to the Scepter Defendants.  Scepter Defendants deny the remaining allegations in paragraph 76 of the Second Amended Complaint.

77.     Scepter Defendants admit that Exhibit M purports to be a copy of a webpage that displays an Oklahoma address. Scepter Defendants deny the remaining allegations in paragraph 77 of the Second Amended Complaint.

78.     Scepter Defendants admit that Exhibit M contains a footer with the text: "Copyright 2013-2019 Scepter Corporation – All Rights Reserved." Scepter Defendants deny the remaining allegations in paragraph 78 of the Second Amended Complaint.

79.     Scepter Defendants admit that Scepter Corporation was an Ontario, Canada corporation that no longer exists today. Scepter Defendants deny the remaining allegations in paragraph 79 of the Second Amended Complaint.

80.     Scepter Defendants admit that Scepter Canada and Scepter Manufacturing share logos. Scepter Manufacturing owns the intellectual property for the Scepter brand, and is compensated for its use in an arm's length intercompany transaction. Scepter Defendants deny the remaining allegations in paragraph 80 of the Second Amended Complaint.

81.     Scepter Defendants deny the allegations in paragraph 81 of the Second Amended Complaint.

82.     Scepter Defendants admit that Exhibit N purports to be a copy of the www.scepter.com webpage. Scepter Defendants deny the remaining allegations in paragraph 82 of the Second Amended Complaint.

83.     Scepter Defendants admit that Scepter Manufacturing manufactures products from a plant in Miami, Oklahoma.  Scepter Defendants deny the remaining allegations in paragraph 83 of the Second Amended Complaint.

84.     Scepter Defendants deny the allegations in paragraph 84 of the Second Amended Complaint.

85.     Scepter Defendants admit that on August 30, 2018, the California Air Resources Board (CARB) issued an executive order. Scepter Defendants admit that Exhibit O purports to

be a copy of the Order. Scepter Defendants deny the remaining allegations in paragraph 85 of the Second Amended Complaint.

86.     Scepter Defendants admit that Exhibit O contains the quote "submitted an application for their portable fuel container system, equipped with a SmartControl (R1) 00271 spout . . . ." Scepter Defendants deny the remaining allegations in paragraph 86 of the Second Amended Complaint.

87.     Scepter Defendants deny the allegations in paragraph 87 of the Second Amended Complaint.

88.     Scepter Defendants deny the allegations in paragraph 88 of the Second Amended Complaint.

89.     Scepter Defendants admit that Scepter Canada compensates Scepter Manufacturing for the use of its website, trademarks, and logos. Scepter Defendants deny the remaining allegations in paragraph 89 of the Second Amended Complaint.

90.     Scepter Defendants deny the allegations in paragraph 90 of the Second Amended Complaint.

### *Plaintiff No Spill's Relationship with Defendants*

91.     Scepter Defendants admit that No Spill and Scepter Manufacturing entered into a Supply Agreement effective September 6, 2013.  Scepter Defendants deny the remaining allegations in paragraph 91 of the Second Amended Complaint.

92.      Scepter Defendants admit that No Spill was a customer to Scepter Manufacturing. Scepter Defendants deny the remaining allegations in paragraph 92 of the Second Amended Complaint.

93.     Scepter Defendants admit that Scepter Manufacturing was a supplier to No Spill. Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 93 of the Second Amended Complaint, and on that basis deny them.

94.     Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Second Amended Complaint, and on that basis deny them.

95.      Scepter Defendants deny the allegations in paragraph 95 of the Second Amended Complaint.

96.     Scepter Defendants deny the allegations in paragraph 96 of the Second Amended Complaint.

97.     Scepter Defendants deny the allegations in paragraph 97 of the Second Amended Complaint.

98.     Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 of the Second Amended Complaint, and on that basis deny them.

99.     Scepter Defendants deny the allegations in paragraph 99 of the Second Amended Complaint.

100.    Scepter Defendants deny the allegations in paragraph 100 of the Second Amended Complaint.

101.     Scepter Defendants deny the allegations in paragraph 101 of the Second Amended Complaint.

102.    Scepter Defendants deny the allegations in paragraph 102 of the Second Amended Complaint.

103.    Scepter Defendants admit that No Spill and Scepter Manufacturing entered into a Supply Agreement in 2013.  Scepter Defendants deny the remaining allegations in paragraph 103 of the Second Amended Complaint.

104.    Scepter Defendants admit that Scepter Manufacturing was a responsive and reliable vendor to No Spill, regularly filling No Spill orders. Scepter Defendants deny the remaining allegations in paragraph 104 of the Second Amended Complaint.

105.    Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Second Amended Complaint, and on that basis deny them.

106.    Scepter Defendants deny the allegations in paragraph 106 of the Second Amended Complaint.

107.    Scepter Defendants admit that No Spill and Scepter Manufacturing entered into the First Amendment to Supply Agreement effective February 9, 2016.  Scepter Defendants deny the remaining allegations in paragraph 107 of the Second Amended Complaint.

108.    Scepter Defendants admit that the First Amendment to Supply Agreement amended and replaced Section 4(a) of the Supply Agreement.  Scepter Defendants deny the remaining allegations in paragraph 108 of the Second Amended Complaint.

109.    Scepter Defendants admit that Scepter Manufacturing was a reliable supplier to No Spill, continually providing high-quality product requested by No Spill.  Scepter Defendants deny the remaining allegations in paragraph 109 of the Second Amended Complaint.

110.    Scepter Defendants deny the allegations in paragraph 110 of the Second Amended Complaint.

111.    Scepter Defendants deny the allegations in paragraph 111 of the Second Amended Complaint.

112.    Scepter Defendants deny the allegations in paragraph 112 of the Second Amended Complaint.

113.    Scepter Defendants deny the allegations in paragraph 113 of the Second Amended Complaint.

114.    Scepter Defendants deny the allegations in paragraph 114 of the Second Amended Complaint.  Scepter Defendants specifically deny infringing No Spill's patents.

115.    Scepter Defendants deny the allegations in paragraph 115 of the Second Amended Complaint.

116.    Scepter Defendants deny the allegations in paragraph 116 of the Second Amended Complaint.

### *The Scepter Entities' Infringement*

117.    Scepter Defendants admit that portable fuel containers, such as gasoline cans, have traditionally been constructed of metal or synthetic resins with an opening and attached spout to permit stored fuel or gasoline to be dispensed for use.

118.    Scepter Defendants admit that improper use of traditional fuel containers near open sources of ignition can cause combustion within the fuel container.

119.    Scepter Defendants admit that when fuel, such as gasoline vapor, and air are present and their mixture is within a given combustible range, combustion will occur if the mixture is ignited.

120.   Scepter Defendants admit that if the mixture of fuel and air is either too lean (i.e., not enough fuel is present) or there is too much fuel present (i.e., too rich) combustion cannot occur.

121.   Scepter Defendants deny the allegations in paragraph 121 of the Second Amended Complaint.

122.   Scepter Defendants deny the allegations in paragraph 122 of the Second Amended Complaint.

123.   Scepter Defendants deny the allegations in paragraph 123 of the Second Amended Complaint.

124.   Scepter Defendants admit that Scepter Canada has relationships with Walmart, Home Depot, and Lowe's. Scepter Defendants deny the remaining allegations in paragraph 124 of the Second Amended Complaint.

125.   Scepter Defendants admit that Scepter Canada fulfills orders for the retailers' distribution centers in Canada, but deny that it exercises any control, direction, or influence on the distribution decisions or its customer's selling and advertising efforts.  Scepter Defendants deny the remaining allegations in paragraph 125 of the Second Amended Complaint.

126.   Scepter Defendants deny the allegations in paragraph 126 of the Second Amended Complaint.

127.   Scepter Defendants deny the allegations in paragraph 127 of the Second Amended Complaint.

128.   Scepter Defendants deny the allegations in paragraph 128 of the Second Amended Complaint.

129.   Scepter Defendants admit that Sergio Garza sent a letter to CARB on August 28, 2018, in which he used the title "Director of Quality Assurance" and gave his address as 404 26th Ave. NW, Miami, OK 74354.   Scepter Defendants deny the remaining allegations in paragraph 129 of the Second Amended Complaint.

130.   Scepter Defendants admit that Mr. Garza's letter submitted certain gasoline cans manufactured by Scepter Manufacturing and Scepter Canada for certification.   Scepter Defendants deny the remaining allegations in paragraph 130 of the Second Amended Complaint.

131.   Scepter Defendants deny the allegations in paragraph 131 of the Second Amended Complaint.

132.   Scepter Defendants deny the allegations in paragraph 132 of the Second Amended Complaint.

133.   Scepter Defendants admit that Mr. Garza's letter submitted certain gasoline cans manufactured by Scepter Manufacturing and Scepter Canada for certification. Scepter Defendants deny the remaining allegations in paragraph 133 of the Second Amended Complaint.

134.   Scepter Defendants deny the allegations in paragraph 134 of the Second Amended Complaint.

135.   Scepter Defendants admit that Exhibit O purports to be an Order from California Air Resources certifying that the portable fuel container system certification application was evaluated and found to comply. Scepter Defendants deny the remaining allegations in paragraph 135 of the Second Amended Complaint.

136.   Scepter Defendants deny the allegations in paragraph 136 of the Second Amended Complaint.

137.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 137 of the Second Amended Complaint.

138.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 138 of the Second Amended Complaint.

139.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 139 of the Second Amended Complaint.

140.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 140 of the Second Amended Complaint.

141.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 141 of the Second Amended Complaint.

142.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 142 of the Second Amended Complaint.

143.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 143 of the Second Amended Complaint.

144.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 144 of the Second Amended Complaint.

145.   Scepter Defendants cannot verify the origin or veracity of the pictures and therefore deny that the pictures support any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 145 of the Second Amended Complaint.

146.   Scepter Defendants deny the allegations in paragraph 146 of the Second Amended Complaint.

147.   Scepter Defendants deny the allegations in paragraph 147 of the Second Amended Complaint.

148.   Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Second Amended Complaint, and on that basis deny them.

149.   Scepter Defendants deny the allegations in paragraph 149 of the Second Amended Complaint.

150.   Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 150 of the Second Amended Complaint, and on that basis deny them.

151.   Scepter Defendants deny the allegations in paragraph 151 of the Second Amended Complaint.

152.   Scepter Defendants deny the allegations in paragraph 152 of the Second Amended Complaint.

153.   Scepter Defendants deny the allegations in paragraph 153 of the Second Amended Complaint.

154.   Scepter Defendants cannot verify the origin or veracity of the picture and therefore deny that the picture supports any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 154 of the Second Amended Complaint.

155.   Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Second Amended Complaint, and on that basis deny them.

156.   Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Second Amended Complaint, and on that basis deny them.

157.   Scepter Defendants deny the allegations in paragraph 157 of the Second Amended Complaint.

158.    Scepter Defendants deny the allegations in paragraph 158 of the Second Amended Complaint.

159.    Scepter Defendants cannot verify the origin or veracity of the picture and therefore deny that the picture supports any allegations in the Second Amended Complaint. Scepter Defendants deny the remaining allegations in paragraph 159 of the Second Amended Complaint.

160.    Scepter Defendants deny the allegations in paragraph 160 of the Second Amended Complaint.

161.    Scepter Defendants deny the allegations in paragraph 161 of the Second Amended Complaint.

162.    Scepter Defendants deny the allegations in paragraph 162 of the Second Amended Complaint.

163.    Scepter Defendants deny the allegations in paragraph 164 of the Second Amended Complaint.

164.    Scepter Defendants deny the allegations in paragraph 164 of the Second Amended Complaint.

165.    Scepter Defendants deny the allegations in paragraph 165 of the Second Amended Complaint.

166.    Scepter Defendants deny the allegations in paragraph 166 of the Second Amended Complaint.

167.    Scepter Defendants deny the allegations in paragraph 167 of the Second Amended Complaint.

168.   Scepter Defendants deny the allegations in paragraph 168 of the Second Amended Complaint.

169.   Scepter Defendants deny the allegations in paragraph 169 of the Second Amended Complaint.

170.   Scepter Defendants deny the allegations in paragraph 170 of the Second Amended Complaint.

171.   Scepter Defendants deny the allegations in paragraph 171 of the Second Amended Complaint.

172.   Scepter Defendants deny the allegations in paragraph 172 of the Second Amended Complaint.

173.   Scepter Defendants deny the allegations in paragraph 173 of the Second Amended Complaint.

174.   Scepter Defendants deny the allegations in paragraph 174 of the Second Amended Complaint.

175.   Scepter Defendants deny the allegations in paragraph 175 of the Second Amended Complaint.

176.   Scepter Defendants deny the allegations in paragraph 176 of the Second Amended Complaint.

177.   Scepter Defendants deny the allegations in paragraph 177 of the Second Amended Complaint.

178.   Scepter Defendants deny the allegations in paragraph 178 of the Second Amended Complaint.

179.   Scepter Defendants deny the allegations in paragraph 179 of the Second Amended Complaint.

180.   Scepter Defendants deny the allegations in paragraph 180 of the Second Amended Complaint.

181.   Scepter Defendants deny the allegations in paragraph 181 of the Second Amended Complaint.

182.   Scepter Defendants deny the allegations in paragraph 182 of the Second Amended Complaint.

183.   Scepter Defendants deny the allegations in paragraph 183 of the Second Amended Complaint.

184.   Scepter Defendants deny the allegations in paragraph 184 of the Second Amended Complaint.

### ***Scepter Manufacturing's Breach of Contract***

185.   Scepter Defendants admit that No Spill and Scepter Manufacturing entered in a Supply Agreement effective September 6, 2013.  Scepter Defendants admit that Paragraph 1 of the Supply Agreement recites "Manufacture/Purchase Requirement Contract."   Scepter Defendants deny the remaining allegations in paragraph 185 of the Second Amended Complaint.

186.   Scepter Defendants admit that Section 2 of the Supply Agreement recites "Supplier Price, Invoices, and Payment Terms."  Scepter Defendants deny the remaining allegations in paragraph 186 of the Second Amended Complaint.

187.   Scepter Defendants admit that Section 3 of the Supply Agreement recites "Specifications, Inspection, and Quality Assurance."  Scepter Defendants deny the allegations in paragraph 187 of the Second Amended Complaint.

188.   Scepter Defendants admit that Section 3 of the Supply Agreement recites, in part, "maintain its facility in good working order and condition necessary to produce the quantities and qualities of the Products ordered under this agreement."

189.   Scepter Defendants admit that Section 4(a) of the Supply Agreement recites, in part, "Supplier agrees to stock approximately eight (8) to ten (10) truck-loads of Product and all production will be made to purchase order based on a fourteen (14) day lead team.  The initial purchase order of eight (8) to ten (10) truck loads will be warehoused by Supplier."

190.   Scepter Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 190 of the Second Amended Complaint, and on that basis deny them.

191.   Scepter Defendants deny the allegations in paragraph 191 of the Second Amended Complaint.

192.   Scepter Defendants admit that Section 6(d) of the Supply Agreement recites, in part, "Supplier understands and acknowledges that time is of the essence with regard to the delivery of the Product under this Agreement."   Scepter Defendants deny the remaining allegations in paragraph 192 of the Second Amended Complaint.

193.   Scepter Defendants admit that Section 9 of the Supply Agreement recites "Upon expiration of the Term or other termination of this Agreement, Buyer shall have the option, but not the obligation, to purchase the molding machine and ancillary equipment used in the production of the Products under the terms set forth in Exhibit D of this Agreement."  Scepter

Defendants deny the remaining allegations in paragraph 193 of the Second Amended Complaint.

194.   Scepter Defendants admit that Exhibit D to the Supply Agreement recites, in part, "Bekum blow molding machine – Model BM-705D – Serial #204705-5-053."  Scepter Defendants deny the remaining allegations in paragraph 194 of the Second Amended Complaint.

195.   Scepter Defendants admit that Exhibit D to the Supply Agreement recites, in part, "At the end of the Term of this Agreement, Buyer shall have the option to purchase the above equipment at a value calculated by reducing the Initial Value by 5% for each full year that the Agreement had been in effect; this reduction not to exceed 50% of the Initial Value."  Scepter Defendants deny the remaining allegations in paragraph 195 of the Second Amended Complaint.

196.   Scepter Defendants admit that Section 10 of the Supply Agreement recites "Representations and Warranties."  Scepter Defendants deny the remaining allegations in paragraph 196 of the Second Amended Complaint.

197.   Scepter Defendants admit that Section 27 of the Supply Agreement recites "Further Actions.  Each Party agrees to execute, acknowledge and deliver such further instruments, and to do all such other acts, as may be necessary or appropriate in order to carry out the purposes and intent of the Agreement."  Scepter Defendants deny the remaining allegations in paragraph 197 of the Second Amended Complaint.

198.   Scepter Defendants admit that No Spill and Scepter Manufacturing entered into the First Amendment to the Supply Agreement effective February 9, 2016.  Scepter Defendants deny the remaining allegations in paragraph 198 of the Second Amended Complaint.

199.   Scepter Defendants admit that the First Amendment to the Supply Agreement amended and replaced Section 4(a) of the Supply Agreement.  Scepter Defendants deny the remaining allegations in paragraph 199 of the Second Amended Complaint.

200.   Scepter Defendants deny the allegations in paragraph 200 of the Second Amended Complaint.

201.   Scepter Defendants deny the allegations in paragraph 201 of the Second Amended Complaint.

202.   Scepter Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 202 of the Second Amended Complaint, and on that basis deny them.

203.   Scepter Defendants deny the allegations in paragraph 203 of the Second Amended Complaint.

204.   Scepter Defendants deny the allegations in paragraph 204 of the Second Amended Complaint.

205.   Scepter Defendants admit, at certain times, Scepter Manufacturing would confirm receipt of a purchase order and subsequently inform No Spill whether or not it could fulfill the order.  Scepter Defendants deny the remaining allegations in paragraph 205 of the Second Amended Complaint.

206.   Scepter Defendants admit, at certain times, Scepter Manufacturing accepted No Spill's orders, produced the No Spill products ordered, and delivered such No Spill products to No Spill.  Scepter Defendants deny the remaining allegations in paragraph 206 of the Second Amended Complaint.

207.   Scepter Defendants admit, at certain times, Scepter Manufacturing invoiced No Spill for the No Spill product it ordered, and No Spill remitted payment in full when such invoices came due.  Scepter Defendants deny the remaining allegations in paragraph 207 of the Second Amended Complaint.

208.   Scepter Defendants deny the allegations in paragraph 208 of the Second Amended Complaint.

209.   Scepter Defendants deny the allegations in paragraph 209 of the Second Amended Complaint.

210.   Scepter Defendants deny the allegations in paragraph 210 of the Second Amended Complaint.

211.   Scepter Defendants deny the allegations in paragraph 211 of the Second Amended Complaint.

212.   Scepter Defendants deny the allegations in paragraph 212 of the Second Amended Complaint.

213.   Scepter Defendants deny the allegations in paragraph 213 of the Second Amended Complaint.

214.   Scepter Defendants deny the allegations in paragraph 214 of the Second Amended Complaint.

215.   Scepter Defendants deny the allegations in paragraph 215 of the Second Amended Complaint.

216.   Scepter Defendants deny the allegations in paragraph 216 of the Second Amended Complaint.

217.   Scepter Defendants deny the allegations in paragraph 217 of the Second Amended Complaint.

218.   Scepter Defendants deny the allegations in paragraph 218 of the Second Amended Complaint.

219.   Scepter Defendants deny the allegations in paragraph 219 of the Second Amended Complaint.

220.   Scepter Defendants deny the allegations in paragraph 220 of the Second Amended Complaint.

221.   Scepter Defendants deny the allegations in paragraph 221 of the Second Amended Complaint.

222.   Scepter Defendants deny the allegations in paragraph 222 of the Second Amended Complaint.

223.   Scepter Defendants deny the allegations in paragraph 223 of the Second Amended Complaint.

224.   Scepter Defendants deny the allegations in paragraph 224 of the Second Amended Complaint.

225.   Scepter Defendants deny the allegations in paragraph 225 of the Second Amended Complaint.

226.   Scepter Defendants deny the allegations in paragraph 226 of the Second Amended Complaint.

227.   Scepter Defendants deny the allegations in paragraph 227 of the Second Amended Complaint.

228.   Scepter Defendants deny the allegations in paragraph 228 of the Second Amended Complaint.

229.   Scepter Defendants deny the allegations in paragraph 229 of the Second Amended Complaint.

230.   Scepter Defendants deny the allegations in paragraph 230 of the Second Amended Complaint.

231.   Scepter Defendants deny the allegations in paragraph 231 of the Second Amended Complaint.

232.   Scepter Defendants deny the allegations in paragraph 232 of the Second Amended Complaint.

233.   Scepter Defendants deny the allegations in paragraph 233 of the Second Amended Complaint.

234.   Scepter Defendants deny the allegations in paragraph 234 of the Second Amended Complaint.

235.   Scepter Defendants deny the allegations in paragraph 235 of the Second Amended Complaint.

236.   Scepter Defendants deny the allegations in paragraph 236 of the Second Amended Complaint.

237.   Scepter Defendants deny the allegations in paragraph 237 of the Second Amended Complaint.

238.   Scepter Defendants deny the allegations in paragraph 238 of the Second Amended Complaint.

239.   Scepter Defendants deny the allegations in paragraph 239 of the Second Amended Complaint.

240.   Scepter Defendants deny the allegations in paragraph 240 of the Second Amended Complaint.

241.   Scepter Defendants deny the allegations in paragraph 241 of the Second Amended Complaint.

242.   Scepter Defendants deny the allegations in paragraph 242 of the Second Amended Complaint.

243.   Scepter Defendants that on or about May 21, 2018, No Spill sent a letter to Scepter Manufacturing.  Scepter Defendants deny the remaining allegations in paragraph 243 of the Second Amended Complaint.

244.   Scepter Defendants admit that No Spill sent a letter to Scepter Manufacturing stating, in part, "Pursuant to our existing Supply Agreement contract, please consider this letter as notice that No Spill, Inc. is hereby exercising the Option to purchase the blow molding machine that is currently running gasoline cans for No Spill, Inc. The Contract specifically spells out a Bekum blow molding machine, Model BM-705D, Serial Number 204705-5-053. This Option also extends to the support equipment identified in the Contract."  Scepter Defendants deny the remaining allegations in paragraph 244 of the Second Amended Complaint.

245.   Scepter Defendants admit that Exhibit D to the Supply Agreement recites, in part, "Bekum blow molding machine – Model BM-705D – Serial #204705-5-053."  Scepter Defendants deny the remaining allegations in paragraph 245 of the Second Amended Complaint.

## COUNT I

### Infringement of U.S. Patent No. 9,174,075 by Scepter Canada and Scepter Corporation

246.   Paragraph 246 incorporates by reference paragraphs 1 through 245 and does not require a response. To the extent otherwise, Scepter Defendants incorporate by reference their responses to paragraphs 1 through 245 as if fully set forth herein.

247.   Scepter Defendants deny the allegations in paragraph 247 of the Second Amended Complaint.

248.   Scepter Defendants deny the allegations in paragraph 248 of the Second Amended Complaint.

249.   Scepter Defendants deny the allegations in paragraph 249 of the Second Amended Complaint.

250.   Scepter Defendants deny the allegations in paragraph 250 of the Second Amended Complaint.

251.   Scepter Defendants deny the allegations in paragraph 251 of the Second Amended Complaint.

252.   Scepter Defendants deny the allegations in paragraph 252 of the Second Amended Complaint.

253.   Scepter Defendants deny the allegations in paragraph 253 of the Second Amended Complaint.

254.   Scepter Defendants deny the allegations in paragraph 254 of the Second Amended Complaint.

255.   Scepter Defendants deny the allegations in paragraph 255 of the Second Amended Complaint.

## COUNT II

### Infringement of U.S. Patent No. 10,029,132 by Scepter Canada and Scepter Corporation

256.    Paragraph 256 incorporates by reference paragraphs 1 through 255 and does not require a response. To the extent otherwise, Scepter Defendants incorporate by reference their responses to paragraphs 1 through 255 as if fully set forth herein.

257.    Scepter Defendants deny the allegations in paragraph 257 of the Second Amended Complaint.

258.    Scepter Defendants deny the allegations in paragraph 258 of the Second Amended Complaint.

259.    Scepter Defendants deny the allegations in paragraph 259 of the Second Amended Complaint.

260.    Scepter Defendants deny the allegations in paragraph 260 of the Second Amended Complaint.

261.    Scepter Defendants deny the allegations in paragraph 261 of the Second Amended Complaint.

262.    Scepter Defendants deny the allegations in paragraph 262 of the Second Amended Complaint.

263.    Scepter Defendants deny the allegations in paragraph 263 of the Second Amended Complaint.

264.    Scepter Defendants deny the allegations in paragraph 264 of the Second Amended Complaint.

265.    Scepter Defendants deny the allegations in paragraph 265 of the Second Amended Complaint.

## COUNT III

### Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing – Production Requirements – by Scepter Manufacturing

266.    Paragraph 266 incorporates by reference paragraphs 1 through 265 and does not require a response. To the extent otherwise, Scepter Defendants incorporate by reference their responses to paragraphs 1 through 265 as if fully set forth herein.

267.    Scepter Defendants deny the allegations in paragraph 267 of the Second Amended Complaint.

268.    Scepter Defendants deny the allegations in paragraph 268 of the Second Amended Complaint.

269.    Scepter Defendants deny the allegations in paragraph 269 of the Second Amended Complaint.

270.    Scepter Defendants deny the allegations in paragraph 270 of the Second Amended Complaint.

271.    Scepter Defendants deny the allegations in paragraph 271 of the Second Amended Complaint.

272.    Scepter Defendants admit that Section 3 of the Supply Agreement recites, in part, "maintain its facility in good working order and condition necessary to produce the quantities and qualities of the Products ordered under this agreement."   Scepter Defendants deny the remaining allegations in paragraph 272 of the Second Amended Complaint.

273.    Scepter Defendants admit that Section 10 of the Supply Agreement recites "Representations and Warranties."   Scepter Defendants deny the remaining allegations in paragraph 273 of the Second Amended Complaint.

274.   Scepter Defendants deny the allegations in paragraph 274 of the Second Amended Complaint.

275.   Scepter Defendants deny the allegations in paragraph 275 of the Second Amended Complaint.

276.   Scepter Defendants deny the allegations in paragraph 276 of the Second Amended Complaint.

277.   Scepter Defendants deny the allegations in paragraph 277 of the Second Amended Complaint.

278.   Scepter Defendants deny the allegations in paragraph 278 of the Second Amended Complaint.

279.   Scepter Defendants deny the allegations in paragraph 279 of the Second Amended Complaint.

280.   Scepter Defendants deny the allegations in paragraph 280 of the Second Amended Complaint.

281.   Scepter Defendants deny the allegations in paragraph 281 of the Second Amended Complaint.

282.   Scepter Defendants deny the allegations in paragraph 282 of the Second Amended Complaint.

283.   Scepter Defendants deny the allegations in paragraph 283 of the Second Amended Complaint.

284.   Scepter Defendants deny the allegations in paragraph 284 of the Second Amended Complaint.

285.   Scepter Defendants admit that Section 3 of the Supply Agreement recites, in part, "maintain its facility in good working order and condition necessary to produce the quantities and qualities of the Products ordered under this agreement."   Scepter Defendants deny the remaining allegations in paragraph 285 of the Second Amended Complaint.

286.   Scepter Defendants deny the allegations in paragraph 286 of the Second Amended Complaint.

287.   Scepter Defendants deny the allegations in paragraph 287 of the Second Amended Complaint.

288.   Scepter Defendants deny the allegations in paragraph 288 of the Second Amended Complaint.

289.   Scepter Defendants deny the allegations in paragraph 289 of the Second Amended Complaint.

290.   Scepter Defendants deny the allegations in paragraph 290 of the Second Amended Complaint.

291.   Scepter Defendants deny the allegations in paragraph 291 of the Second Amended Complaint.

292.   Scepter Defendants deny the allegations in paragraph 292 of the Second Amended Complaint.

293.   Scepter Defendants deny the allegations in paragraph 293 of the Second Amended Complaint.

294.   Scepter Defendants deny the allegations in paragraph 294 of the Second Amended Complaint.

295.   Scepter Defendants deny the allegations in paragraph 295 of the Second Amended Complaint.

296.   Scepter Defendants deny the allegations in paragraph 296 of the Second Amended Complaint.

297.   Scepter Defendants deny the allegations in paragraph 297 of the Second Amended Complaint.

## COUNT IV

### Breach of Contract – Sale of Mold Machine – by Scepter Manufacturing

298.   Paragraph 298 incorporates by reference paragraphs 1 through 297 and does not require a response. To the extent otherwise, Scepter Defendants incorporate by reference their responses to paragraphs 1 through 297 as if fully set forth herein.

299.   Scepter Defendants deny the allegations in paragraph 299 of the Second Amended Complaint.

300.   Scepter Defendants deny the allegations in paragraph 300 of the Second Amended Complaint.

301.   Scepter Defendants deny the allegations in paragraph 301 of the Second Amended Complaint.

302.   Scepter Defendants deny the allegations in paragraph 302 of the Second Amended Complaint.

303.   Scepter Defendants deny the allegations in paragraph 303 of the Second Amended Complaint.

304.   Scepter Defendants deny the allegations in paragraph 304 of the Second Amended Complaint.

305.    Scepter Defendants deny the allegations in paragraph 305 of the Second Amended Complaint.

306.    Scepter Defendants deny the allegations in paragraph 306 of the Second Amended Complaint.

307.    Scepter Defendants deny the allegations in paragraph 307 of the Second Amended Complaint.

308.    Scepter Defendants deny the allegations in paragraph 308 of the Second Amended Complaint.

309.    Scepter Defendants deny the allegations in paragraph 309 of the Second Amended Complaint.

310.    Scepter Defendants deny the allegations in paragraph 310 of the Second Amended Complaint.

311.    Scepter Defendants deny the allegations in paragraph 311 of the Second Amended Complaint.

312.    Scepter Defendants deny the allegations in paragraph 312 of the Second Amended Complaint.

313.    Scepter Defendants deny the allegations in paragraph 313 of the Second Amended Complaint.

314.    Scepter Defendants deny the allegations in paragraph 314 of the Second Amended Complaint.

315.    Scepter Defendants deny the allegations in paragraph 315 of the Second Amended Complaint.

316.    Scepter Defendants deny the allegations in paragraph 316 of the Second Amended Complaint.

## COUNT V

### Unfair Competition Under the Lanham Act by All Defendants

317.    Paragraph 317 incorporates by reference paragraphs 1 through 316 and does not require a response. To the extent otherwise, Scepter Defendants incorporate by reference their responses to paragraphs 1 through 316 as if fully set forth herein.

318.    Scepter Defendants deny the allegations in paragraph 318 of the Second Amended Complaint.

319.    Scepter Defendants deny the allegations in paragraph 319 of the Second Amended Complaint.

320.    Scepter Defendants deny the allegations in paragraph 320 of the Second Amended Complaint.

321.    Scepter Defendants deny the allegations in paragraph 321 of the Second Amended Complaint.

322.    Scepter Defendants deny the allegations in paragraph 322 of the Second Amended Complaint.

323.    Scepter Defendants deny the allegations in paragraph 323 of the Second Amended Complaint.

324.    Scepter Defendants deny the allegations in paragraph 324 of the Second Amended Complaint.

325.    Scepter Defendants deny the allegations in paragraph 325 of the Second Amended Complaint.

326.   Scepter Defendants deny the allegations in paragraph 326 of the Second Amended Complaint.

327.   Scepter Defendants deny the allegations in paragraph 327 of the Second Amended Complaint.

## COUNT VI

### Unfair Competition Under the Common Law of Kansas by All Defendants

328.   Paragraph 328 incorporates by reference paragraphs 1 through 327 and does not require a response. To the extent otherwise, Scepter Defendants incorporate by reference their responses to paragraphs 1 through 327 as if fully set forth herein.

329.   Scepter Defendants deny the allegations in paragraph 329 of the Second Amended Complaint.

330.   Scepter Defendants deny the allegations in paragraph 330 of the Second Amended Complaint.

331.   Scepter Defendants deny the allegations in paragraph 331 of the Second Amended Complaint.

332.   Scepter Defendants deny the allegations in paragraph 332 of the Second Amended Complaint.

333.   Scepter Defendants deny the allegations in paragraph 333 of the Second Amended Complaint.

## PRAYER FOR RELIEF

Scepter Defendants deny all allegations contained in the Prayer for Relief of the Second Amended Complaint. Scepter Defendants deny that Plaintiff is entitled to any relief requested in the Prayer for Relief or any other relief whatsoever from Scepter Defendants.

## AFFIRMATIVE AND OTHER DEFENSES

Scepter Defendants hereby assert the following separate, distinct, and non-exclusive affirmative and other defenses to the claims and allegations contained in the Second Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.   Scepter Defendants' investigation of its defenses is continuing, and Scepter Defendants reserve the right to seek leave to amend its Answer to plead additional defenses or to supplement its existing defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's Second Amended Complaint fails to state any claim against Scepter Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction as to Scepter Canada)

The District of Kansas lacks personal jurisdiction as to Scepter Canada.

### THIRD AFFIRMATIVE DEFENSE
### (Improper Venue)

The District of Kansas is not a proper venue for the asserted claims.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing as to Counts I and II)

Plaintiff's attempted enforcement of the '075 and '132 patents against Scepter Canada is barred by lack of standing.

### FIFTH AFFIRMATIVE DEFENSE
### (Non-Infringement as to Counts I and II)

Scepter Canada does not directly infringe or induce the infringement of any valid and

42

enforceable claim of the '075 and '132 patents, and has not directly infringed or induced the infringement of any valid and enforceable claim of the '075 and '132 patents, either literally or under the doctrine of equivalents.

## SIXTH AFFIRMATIVE DEFENSE
### (Invalidity as to Counts I and II)

The claims of the '075 and '132 patents are invalid for failure to comply with one or more requirements for patentability under the patent laws, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, 112, and 116.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mark as to Counts I and II)

Plaintiff's claims are barred in whole or in part by a failure of the owner and/or licensees of the '075 and '132 patents to mark relevant products as required by 35 U.S.C. § 287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction as to Counts III and IV)

Plaintiff's claims are barred in whole or in part by the parties' actions in accord and satisfaction of the parties' agreement.

## NINTH AFFIRMATIVE DEFENSE
### (Payment as to Counts III and IV)

Plaintiff's claims are barred in whole or in part by payment made by plaintiff accepting products manufactured by Scepter Manufacturing.

## TENTH AFFIRMATIVE DEFENSE
### (Release as to Counts III and IV)

Plaintiff's claims are barred in whole or in part by plaintiff's release as to outcomes resulting from the parties' agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Inducement of Breach as to Counts III and IV)**

Plaintiff's claims are barred in whole or in part by Plaintiff's own actions inducing breach.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Unclean Hands as to Counts III and IV)**

Plaintiff's claims are barred in whole or in part by Plaintiff's unclean hands in inducing breach.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Impossibility of Performance and Frustration of Purpose as to Counts III and IV)**

Plaintiff's claims are barred in whole or in part by the principle of impossibility of performance and frustration of purpose.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Failure to Perform as to Counts III and IV)**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to perform its own obligations under the Supply Agreement.

**FIFTEENTH AFFIRMATIVE DEFENSE**
**(No Damages as to Counts III and IV)**

Plaintiff's claims are barred in whole or in part by Plaintiff's failure to identify damages resulting from the alleged breach in the Supply Agreement.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(No Protection due to Non-Distinctiveness as to Counts V and VI)**

Plaintiff's alleged trade dress is not protectable because the features of Plaintiff's alleged trade dress lack distinctiveness and secondary meaning either individually or in combination.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(No Protection due to Functionality as to Counts V and VI)**

Plaintiff's alleged trade dress is not protectable because it attempts to cover functional features.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Protection due to Brand Name as to Counts V and VI)

Plaintiff's claim of infringement is overcome by the prominent display of the Scepter Defendants' brand name or logo on the accused products.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel/Acquiescence)

Plaintiff's requested relief is barred, in whole or in part, by the doctrine of waiver (express or implied), estoppel, and/or acquiescence, including, but not limited to, waiver, estoppel, and/or acquiescence arising from the Plaintiff's actions, representations, or conduct.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Limitation on Recovery of Fees and Costs)

Plaintiff is not entitled to recover attorneys' fees associated with this action under 35 U.S.C. § 285 or costs associated with this action under 35 U.S.C. § 288.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Willful Infringement as to Counts I, II, V, and VI)

Plaintiff is not entitled to seek enhanced damages or attorneys' fees for willful infringement, because Scepter Defendants have not acted in an egregious manner or with willful misconduct.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Injunctive Relief as to Counts I, II, V, and VI)

Plaintiff is not entitled to injunctive relief because, at a minimum, Plaintiff has an adequate remedy at law and because Plaintiff's claims otherwise fail to meet the requirements for such relief, including at least that Plaintiff will not suffer irreparable harm and/or public policy concerns weigh

against any injunctive relief.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Reservation of Other Defenses)

Scepter Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, the laws of Kansas, and any other defenses at law or in equity that may exist now or that may be available in the future based on discovery and further factual investigation in this action. Scepter Defendants provide notice that it intends to rely upon any additional defenses that become available or apparent during discovery, and reserves its right to amend this pleading and to assert such additional defenses or, if appropriate, delete any of the above delineated defenses as discovery proceeds.

WHEREFORE, Scepter Defendants deny that Plaintiff is entitled to any judgment against Scepter Defendants whatsoever. Scepter Defendants request that Plaintiff's Second Amended Complaint be dismissed with prejudice, that judgment be entered for Scepter Defendants, and that Scepter Defendants be awarded its attorneys' fees, expenses, and costs incurred in defending against Plaintiff's Second Amended Complaint, together with such other relief the Court deems appropriate.

Respectfully submitted,

FOULSTON SIEFKIN LLP


By: *s/ Holly A. Dyer*
    Jay F. Fowler, KS #10727
    jfowler@foulston.com
    T: 316.291.9541
    Holly A. Dyer, KS #16644
    hdyer@foulston.com
    T: 316.291.9773
    1551 N. Waterfront Parkway, Suite 100
    Wichita, KS 67206-4466
    F: 316.267.6345

LATHAM & WATKINS LLP
Robert Steinberg (*pro hac vice*)
bob.steinberg@lw.com
T: 424.653.5500
10250 Constellation Blvd.
Suite 1100
Los Angeles, CA 90067

Lisa K. Nguyen (*pro hac vice*)
lisa.nguyen@lw.com
T: 650.328.4600
140 Scott Drive
Menlo Park, CA 94025

*Attorneys for Defendants*
*Scepter Canada, Inc. and*
*Scepter Manufacturing, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of January, 2020, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to counsel of record.

*s/ Holly A. Dyer*
Holly A. Dyer, KS #16644