IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

NO SPILL, INC., )
)
         Plaintiff, )
)
vs. )   Case No. 18-2681-JAR-KGG
)
SCEPTER CANADA, INC., *et al.*, )
)
         Defendants. )
)

# MEMORANDUM & ORDER DENYING
# MOTION TO STAY PENDING *INTER PARTES* REVIEW

Now before the Court is Defendants' Motion to Stay Pending *Inter Partes* Review of Asserted Patents (Doc. 78). After review of the parties' submissions, the Court **DENIES** Defendants' request for a stay.

# BACKGROUND

Plaintiff has brought claims against Defendants for patent infringement, breach of contract, and trade dress infringement under the Lanham Act and Kansas law. The facts and background of this case were recently summarized by the District Court in its Memorandum & Order (Doc. 71, at 2-10) granting in part and denying in part the Motion to Dismiss (Doc. 51) filed by Defendant Scepter

1

Manufacturing and joined by Defendant Scepter Canada.  That factual summary is incorporated herein by reference and will not be repeated.

The present motion filed by Defendants seeks an Order staying these civil proceedings pending the resolution of Defendants' petitions requesting *inter partes* review of U.S. Patent No. 9,174,075 and U.S. Patent No. 10,029,132.  The petitions were filed on December 28, 2019 in Case No. IPR2020-00361 and Case No. IPR2020-00360, respectively.  Defendants' motion also served as notice to this Court of the filing of the IPR petitions.  Plaintiff opposes the entry of a stay.

## ANALYSIS

A.  **Legal Standard on Motions to Stay.**

The decision to stay litigation is left to the discretion of the trial court. ***Clinton v. Jones***, 520 U.S. 681, 706 (1997); *see also* ***Bushnell Inc. v. The Burton Co.***, No. 09-2009, 2010 WL 11561389, at *1 (D. Kan. Jan. 11, 2010) (finding that "the district court … has, within its 'inherent power' to control the docket, the discretion to stay proceedings pending before it if, after weighing the competing interests, the circumstances of a particular case lean in favor of a stay."); ***ScriptPro LLC v. Wal–Mart Stores, Inc.***, No. 05-2244, 2006 WL 2294859, at *1 (D. Kan. Aug. 8, 2006) (holding that "[a] motion to stay an action pending reexamination by the PTO is within the sound discretion of the court.").  In deciding whether to enter a stay pending IPR, courts consider the following factors:  (1) the stage of the

proceedings, in particular whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Norred v. Medtronic, Inc.*, No. 13-2061, 2014 WL 554685, at *1 (D. Kan. Feb. 12, 2014) (citations omitted); *Digital Ally, Inc. v. Taser Int'l, Inc.*, No. 16-2032, 2017 WL 5517522, *2 (D. Kan. Nov. 17, 2017).

In application of the above enumerated factors, courts must decide whether the benefits of a stay are outweighed by the inherent costs of staying the litigation. *Digital Ally, Inc. v. Enforcement Video, LLC*, 16-2346-JTM, 2018 WL 780555, *1 (D. Kan. Feb. 8, 2018). "'[T]he party requesting the stay bears the burden of showing that a stay is appropriate, and such showing must be based on more than the mere fact that an IPR petition was filed.'" *Id*. (citation omitted). In the District of Kansas, courts have recognized a "liberal policy in favor of granting motions to stay" pending the outcome of PTAB proceedings. *Norred*, 2014 WL 554685, at *1 (citations omitted).

**B.    Stage of Litigation.**

As stated above, the first factor for the court to consider is the stage of the litigation. "This inquiry is aimed at determining 'whether litigation has progressed significantly enough for a stay to be disfavored.'" *Enforcement Video*, 2018 WL

780555, *2 (quoting *Irwin Indus. Tool Co. v. Milwaukee Elec. Tool Corp*., No. 15-30005-MGM, 2016 WL 1735330, at *2 (D. Mass. April 28, 2016) (citation omitted).

The present case was filed more than 15 months ago, but the progress of the case has been related to the resolution of various dispositive motions. No Scheduling Order has been entered and the Court recently decided to postpone the Scheduling Conference until after the resolution of the current Motion to Stay. (*See* Doc. 92, text entry.) No written discovery has occurred. Thus, the court has not yet "invested significant resources in becoming familiar with the patents, relevant art, the products, and claim construction." *Norred*, 2014 WL 554685, at *2. That stated, Plaintiff contends that it "has been attempting to proceed with discovery for months without success." (Doc. 80, at 18.) Five months ago, Plaintiff's counsel suggested the parties move forward with a Rule 26(f) conference, but defense counsel was unwilling to do so. (*Id*.)

Plaintiff argues that Defendants should not benefit from the lack of progress on the case when Plaintiff's attempts to move the case forward were rebuked. The Court finds Plaintiff's position to be persuasive, while acknowledging the early status of the case. On balance, the Court finds that this factor weighs neither in favor nor against a stay of these proceedings.

**C.     Issue Simplification.**

The second factor to be considered is whether a stay will simplify the issues in question and the trial of the case. "'Issue simplification can ... occur where the number of asserted claims and patents are reduced due to invalidation or the estoppel effect of the IPR proceedings.'" *Enforcement Video*, 2018 WL 780555, *2 (citation omitted); *see also* 35 U.S.C. § 315(e)(2) (barring petitioner in an IPR proceeding resulting in a final decision from asserting arguments of invalidity in a civil action that the petitioner raised or reasonably could have raised during the IPR proceedings).

Plaintiff argues against the stay, advancing the position that "'the more the scope of the litigation exceeds the scope of the IPR proceedings, the less likely the IPR proceedings and requested stay will simplify the issues.'" (Doc. 80, at 8 (citing *Enforcement Video*, 2018 WL 780555, at *2 (quotation omitted).)) According to Plaintiff, "[t]he scope of this litigation far exceeds the reach of Defendants' IPR petitions, even if the PTAB accepts and reviews those petitions, which is as yet undetermined." (*Id.*) Plaintiff continues,

> [a]s the SAC clearly and explicitly alleges, this case is not exclusively focused on patent claims. Instead, [Plaintiff's] claims all stem from a coordinated, concentrated campaign by the Defendants to frustrate [Plaintiff's] ability to serve its customers and impair [Plaintiff's] ability to compete in the marketplace. The SAC alleges Defendants copied [Plaintiff's] product in an effort to better compete with No Spill and ultimately destroy it as a competitor. Infringing on [Plaintiff's] patents was but one part of that strategy.

(*Id.*)

Plaintiff is correct, however, that "[a] stay is generally unwarranted 'when reexamination potentially will eliminate only one issue out of many.'" ***Intellibrands, LLC v. Jobar Internt'l, Inc.***, No. 19-4504-AB, 2019 WL 7997230, *2 (C.D. Cal. Nov. 27, 2019) (quotations omitted). Plaintiff is also correct to point out that Courts therefore "'regularly deny motions to stay where [reexamination proceedings] [are] instituted on only a portion of the claims asserted.'" *Id.* (quotations omitted).

Plaintiff argues "that multiple claims exist that are not related to the patent claims at issue." (Doc. 80, at 7.) For instance, Plaintiff alleges in Count IV that Defendant Scepter Manufacturing breached its production obligations and refused to sell Plaintiff a mold machine as the parties had agreed. (*See* Doc. 41 ¶¶ 307-310.) As Plaintiff contends, "any resolution of the IPR would not impact these other claims. Thus, staying discovery would not 'simplify' the issues in the case." (Doc. 80, at 9.)

Plaintiff also contends that Defendants have failed to offer any specifics to support the "sweeping assertion" that all discovery should be stayed to avoid "duplicative and unproductive" discovery because many of the issues related to the non-patent claims "overlap" with the patent claims. (*Id.*) According to Plaintiff,

6

> [i]n stating that discovery relating to [Plaintiff's] patent
> claims will be duplicative of and overlap with discovery
> on non-patent claims, Defendants are only underscoring
> the fact that a stay would not simplify or eliminate issues
> in this matter and that this key factor very much weighs
> against staying discovery.

(*Id.*) Plaintiff continues that judicial economy is promoted if "the parties to begin to conduct discovery on these issues even if they overlap, which causes no prejudice to Defendants because by their own recitation of the issues they will have to respond to such discovery regardless."[1] (*Id.*)

Defendants reply that the issue simplification factor weighs in favor of a stay because there is "overlap" in the claims (patent, contract, and trade dress) in the present case and the IPR, which would result in a stay simplifying the case. (Doc. 88, at 5.) According to Defendants, all claims

> relate to the manufacture of plastic gasoline containers,
> and in fact, throughout its brief, [Plaintiff] repeatedly
> emphasizes their overlap, noting that all will require, for
> example, discovery on the development and design of
> Defendants' products and Defendants' quality control
> standards and procedures. … In addition, all claims will
> require discovery into the same witnesses and third
> parties. … Tom Cray, President of [Plaintiff] and named

---

[1] Plaintiff also argues that the stay should not be entered because Defendants' IPR filings have yet to be accepted. (Doc. 80, at 11.) Plaintiff establishes that institution rates, "the percentage of petitions submitted for *inter partes* review that move forward in the process at the PTAB," are declining – down to an institution rate of 56% over approximately the past six months. (*Id.*, at 11-12.) The same information provided by Plaintiff, however, establishes that for the most recent, complete fiscal year, the institution rate was 63% (which was up 3% from the prior fiscal year). (*Id.*, at 12.) As such, the Court finds that this information does not particularly weigh in favor or against entry of the stay.

> inventor, will need to be deposed on whether he derived
> the patents from the work performed by a gasoline
> container industry group (as also set forth in the IPR
> petitions) and whether [Plaintiff] deliberately tried to
> induce breach of the Supply Agreement by placing
> unnecessary, high volume orders. And subpoenas will
> need to go to third party industry group participants to
> confirm whether they communicated the subject matter
> of the patents to Mr. Cray prior to their filing and
> whether the combination of [Plaintiff's] claimed trade
> dress merely constitutes industry standard features used
> to increase safety.
>
> Given the commonalities of the patent and non-patent claims, proceeding with this case in whole or in part without PTAB guidance could have disastrous consequences. At minimum, even if the PTAB denies the petitions, the parties will need to revisit infringement and invalidity contentions and claim terms to incorporate the PTAB's analysis from the decisions (e.g., claim constructions) which could also require the Court to revisit the case schedule. But critically, if the PTAB grants the petitions (and it is undisputed that statistics confirm that it is more likely than not that the PTAB will) proceeding could result in two trials on factually intertwined causes of action.

(*Id.*)

The Court acknowledges the "overlap" in the patent, contract, and trade dress claims of the civil and IPR claims. That stated, the Court finds the scope of this civil litigation significantly exceeds the scope of the IPR proceedings. The "overlap" is not to the extent that the IPR proceedings and requested stay will adequately simplify the issues of this litigation to justify a stay. As such, the Court finds this factor does not weigh in favor of granting the present motion.

### D. Prejudice and Tactical Disadvantage.

The final factor is whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Norred v. Medtronic, Inc.*, 2014 WL 554685, at *1. Defendants argue this factor also weighs in favor of the stay as it would "cause minimal prejudice to Plaintiff, and certainly none that would be undue." (Doc. 79, at 10.)

Defendants are correct that courts have found "[m]ere delay in the litigation" does not constitute "undue prejudice." *Taser Int'l*, 2017 WL 1048351, at *3. Defendants continue that even if the parties are competitors, as alleged by Plaintiff, "the potential prejudice for a stay pending the outcome of the IPRs would be minimal." (Doc. 79, at 10.) In support of this position, Defendants point out that Plaintiff "has not sought a preliminary injunction," which "does suggest that Plaintiff 'would not be unduly prejudiced by a stay.'" (*Id*. (citing *Enforcement Video*, 2018 WL 780555, at *3 and *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014) (concluding that despite plaintiff's "rational reasons for not pursuing a preliminary injunction," the failure to seek one weighs against "claims that it will be unduly prejudiced by a stay").) Further, Defendants argue that the "relatively short timeframe for IPR proceedings" reduces the existence or impact of any potential prejudice. (*Id*.)

Plaintiff replies that, contrary to Defendants' assertion that it "moved promptly to file" the IPR action, Defendants actually waited until the last possible day to do so. (Doc. 80, at 13-14.) Plaintiff describes this as "strategic" and tactical. (*Id*., at 14.) Plaintiff argues that the Court should look with disfavor on Defendants' "attempt to draw out" this case to "impose limitations" on Plaintiff. (*Id*., citing ***Gebo Cermex USA, Inc. v. Alliance Industrial Corp.***, Case No. 6:18-cv-00080 (W.D. Va. Nov. 27, 2019) (holding that "[t]he court cannot overlook the fact that Plaintiffs filed their IPR petition on the last possible day it could file such a petition . . . . Courts have taken such timing as a hint that the moving party seeks tactical advantage through the delay") (citation omitted).) Defendants reply that this was not done for tactical advantage, but rather because "the case could only proceed once the Court set the Rule 16 conference, which it did only after issuing its order on the pending motions to dismiss." (Doc. 88, at 16.)

Plaintiff also contends that a further delay of discovery – when the events giving rise to this litigation began in 2016 – will cause additional prejudice. (Doc. 80, at 14-15.) For example, Plaintiff references Terry Elliott, one-time President of Defendant Scepter Manufacturing who appears to no longer be employed by Defendant. According to Plaintiff, "[i]f a stay is granted, documents and information in Defendants' possession associated with Mr. Elliot, documents in Mr. Elliott's possession, and Mr. Elliott himself as a witness will be exponentially

10

more difficult to identify, gather, and preserve for the purposes of this litigation." (*Id.*, at 15.)

Plaintiff also argues that it will be unduly prejudiced by a stay because Defendants "can continue to infringe as competitors." (*Id.*) Plaintiff continues that entry of the stay "would allow Scepter to attempt to improperly capture additional market share by continuing to willfully infringe the '075 and '132 patents as well as [Plaintiff's] Trade Dress." (*Id.*) According to Plaintiff, "[c]ourts reject such motions for stay." (*Id.*, at 15-16 (citing ***LoganTree LP v. Garmin Internt'l, Inc.***, No. 17-1217-EFM-KGS, 2019 WL 587962, *3 (D. Kan. Feb. 13, 2019) (noting that there was no undue prejudice or clear tactical disadvantage because the parties were not competitors with one another and did not have dual products on the market embodying the same claims inherent in the patent at issue); ***Audatex N. Am., Inc. v. Mitchell Internt'l, Inc.***, 46 F.Supp.3d 1019, 1027 (S.D. Cal. 2014) (denying a stay where parties were direct competitors); ***Neste Oil OYJ v. Dynamic Fuels, LLC***, No. 12-1744-GMS, 2013 WL 3353984, *3 (D. Del. July 2, 2013) (explaining that "[c]ourts are more hesitant to grant a stay in a matter where the parties are direct competitors."); ***Universal Electronics, Inc. v. Universal Remote Control, Inc.***, 943 F.Supp.2d 1028, 1033 (C.D. Cal. 2013) (stating that courts are generally reluctant to stay proceedings where the parties are direct competitors).)

According to Plaintiff,

> [t]he issues related to and resulting from [Defendants']
> infringement of [Plaintiff's] Trade Dress are not, as
> [Defendant] asserts, 'factually intertwined' with
> [Plaintiff's] patent infringement claims. … As
> thoroughly explained in the SAC, [Plaintiff's] Trade
> Dress relates to the unique and distinct appearance of its
> fuel containers. See Dkt. 41 at ¶¶ 147-184. The '075 and
> '132 Patents, on the other hand, are directed to the flame
> mitigation device (which are not part of the unique
> appearance of the fuel containers) inserted in the
> infringing fuel containers. *See id.* at ¶¶ 136-146. The
> facts that will establish [Defendants'] infringement of the
> '075 and '132 patents and the validity of those patents
> are distinct from the facts that will establish
> [Defendants'] infringement of the [Plaintiff's] Trade
> Dress. Staying the case indeterminately will permit
> [Defendants] to continue its infringement of the
> [Plaintiff's] Trade Dress, resulting in continued customer
> confusion in the marketplace and harm to [Plaintiff's]
> goodwill.

(*Id.*, at 16.) Finally, Plaintiff contends that Defendants' requested stay – for which Defendants have not identified a specific duration – could last years. (*Id.*, at 16-17.)

Defendants reply that "it is undisputed that the only prejudice that [Plaintiff] will suffer is delay." (Doc. 88, at 6.) Defendants continue that Plaintiff "notably fails to identify any specific tactical advantage to Defendants due to the timing of the IPR filings." (*Id.*) The Court does not agree. Plaintiff has specifically described the undue prejudice it expects to suffer as well as the tactical advantage to Defendants if the stay is granted. This factor also weighs against entry of the requested stay.

As such, the Court finds that the factors as a whole weigh against the entry of the requested stay. Defendants' motion is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Defendants' Motion to Stay (Doc. 78) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 31st day of March, 2020.

S/ KENNETH G. GALE  
KENNETH G. GALE  
United States Magistrate Judge