# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-2681-HLT-KGG |
| | ) |
| SCEPTER CANADA, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM & ORDER DENYING
## MOTION TO COMPEL, MOTION TO STAY AND MOTION TO STRIKE

Now before the Court is Defendants' Motion to Compel supplemental infringement contentions (Doc. 130), Motion to Stay Consideration of Motion to Compel (Doc. 156), and Motion to Strike Plaintiff's Amended Infringement Contentions (Doc. 159). As discussed herein, the Court finds the proper setting in which to address the issues relating to Plaintiff's infringement contentions is Defendants' Motion to Strike (Doc. 159). As such, the Court **DENIES as moot** Defendants' Motion to Compel (Doc. 130) and Motion to Stay (Doc. 156). The Court also **DENIES** Defendants' Motion to Strike (Doc. 159).

## BACKGROUND

1

Plaintiff has brought claims against Defendants for patent infringement, breach of contract, and trade dress infringement under the Lanham Act and Kansas law. The facts and background of this case were summarized by the District Court in its Memorandum & Order (Doc. 71, at 2-10) granting in part and denying in part the Motion to Dismiss (Doc. 51) filed by Defendant Scepter Manufacturing and joined by Defendant Scepter Canada. Broadly, the patent dispute centers on a safety device in the parties' manufactured gasoline containers designed to reduce the risk of fire in the container.

The present motions filed by Defendants relate to Plaintiff's infringement contentions. The deadline for Plaintiff to disclose its asserted claims and infringement contentions was May 19, 2020. (Doc. 98, at 2.) Pursuant to D. Kan. Pat. Rule 3.1, which governs infringement contentions, "[n]ot later than 21 days after the Rule 16 Scheduling Conference, a party claiming patent infringement must serve on all parties a 'Disclosure of Asserted Claims and Infringement Contentions.'" The Rule continues that the disclosure must contain "[e]ach claim of each patent in suit that is allegedly infringed by each opposing party … ." *Id*., at subsection (a). Further,

> [s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device, and apparatus must be identified by

2

> name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process[.]

*Id.*, at subsection (b).  Rule 3.1 continues that the contentions are required to include a "chart identifying specifically where each limitation of each asserted claim is found within the Accused Instrumentality."  *Id.*, at subsection (c).

Plaintiff served its contentions in a timely manner (hereinafter "May Contentions") (Docs. 131-4 through 131-8), but Defendants contend Plaintiff "failed to identify specifically where each limitation of each asserted claim is found as required by D. Kan. Pat. Rule 3.1."  (Doc. 131, at 4-5.)  According to Defendants, the May Contentions consist of conclusory statements that are devoid of "explanation or factual support."  (*Id.*, at 5.)  The Motion to Compel (Doc. 130) requests the Court order Plaintiff to provide conforming contentions.

Although the parties conferred on this issue, they were not able to reach an agreement "as to the sufficiency of [Plaintiff's] infringement contentions, the production and identification of the supporting evidence, and the timeline for when [Plaintiff] would serve supplemental infringement contentions."  (*Id.*, at 7.)  The parties engaged in a telephone conference with the Magistrate Judge on August 21, 2020 (Doc. 124), which resulted in the Court granting leave for Defendants to file

the underlying motion to compel (Doc. 130). Therein, Defendants sought to compel Plaintiff

> to provide infringement contentions that satisfy their obligation to identify specifically where each limitation of each asserted patent claim is found in the accused products to adequately place Defendants on notice of the alleged infringement and any factual support, evidence and explanations, including any pre- and post-suit testing of the accused products.

(Doc. 131, at 1.)

Defendants contend that they were in the process of drafting their reply brief in support of the Motion to Compel "the evening before the [reply] deadline, when, without prior notice, [Plaintiff] served eleventh-hour contentions with new infringement theories" (hereinafter "October Contentions"). (Doc. 160, at 2.) According to Defendants, "[r]ather than address the deficiencies identified in Defendants' motion to compel, these [October Contentions] instead introduced new infringement theories." (*Id.*)

This resulted in Defendants filing their Motion to Stay Consideration of Motion to Compel (Doc. 156) and Motion to Strike (Doc. 159) Plaintiff's October Contentions. According to Defendants, the October Contentions "contain new infringement theories that do not accord with No Spill's infringement contentions from May 2020 and which were improperly served without following the

4

procedures and requirements set forth in D. Kan. Pat. R. 3.5 for amending infringement contentions."[1] (Doc. 160, at 1.)

Defendants allege that Plaintiff had previously indicated that the relevant testing "included only the testing described in a declaration submitted by inventor Thomas M. Cray during the prosecution of the '075 patent ('Cray Declaration Test'), which formed the basis for [Plaintiff's] infringement theories." (Doc. 160, at 2 (referring to Plaintiff's response to Interrogatory No. 15, Doc. 136-1, at 5).)[2] Defendants further allege that Plaintiff

> confirmed that the Cray Declaration Test was the only test performed on Defendants' products during the parties' August 13, 2020 meet and confer. And yet, in [Plaintiff's] eleventh-hour amended infringement contentions … , [Plaintiff] provided citations to an entirely different set of tests with a new set up and materially different procedures ('CSE Tests'). These CSE Tests also differ from the tests performed by [Plaintiff's] expert on [Plaintiff] FMDs to support its claim construction theories ('No Spill Product Tests').

(Doc. 160, at 2-3.) Defendants thus argue that the "CSE Tests therefore present new infringement theories that cannot be introduced at this stage in the litigation

---

[1] Defendants also seek an Order striking Plaintiff's interrogatory responses relying on these contentions and infringement theories. (Doc. 159.) Defendants also seek their attorney fees. (*Id.*)

[2] Plaintiff's response to Interrogatory No. 15 states that "[a] spark test, as detailed in the affidavit submitted by inventor Tom Cray during prosecution of the application that issued as the '075 patent and in which the flash suppressor of the Accused Instrumentalities was submerged in liquid gasoline and then subjected to a spark (e.g. ignition source), was conducted." (Doc. 163-1, at 5.)

and should be stricken from the record." (*Id*., at 3.)  Defendants also argue that Plaintiff "withheld information about its initial testing, awaited for new, presumably more favorable testing results, and retroactively changed its infringement positions to match the CSE Tests." (*Id*.)

## ANALYSIS

### A. Should the October Contentions be Stricken because of Scheduling Order Deadline?

Defendants argue that Plaintiff's October Contentions should be stricken as should Plaintiff's reliance on the new theories in its interrogatory responses because the October Contentions "belatedly and improperly introduce new infringement theories." (Doc. 160, at 5.)  According to Defendants, the October Contentions "introduce CSE Tests that materially differ from the Cray Declaration Tests from the prosecution history of the '075 patent that No Spill purportedly relied on for bringing suit and the No Spill Product Tests performed to support No Spill's claim construction theories." (*Id*.)

The Court does not agree that the October Contentions improperly present new infringement theories.  Rather, in the Court's opinion, Plaintiff has merely attempted to comply with Defendants' demand, enunciated in Defendants' motion to compel, that Plaintiff

> provide infringement contentions that satisfy their
> obligation to identify specifically where each limitation
> of each asserted patent claim is found in the accused

6

> products to adequately place Defendants on notice of the alleged infringement and any factual support, evidence and explanations, including any pre- and post-suit testing of the accused products.

(Doc. 131, at 1.) It seems nonsensical for Defendants to demand that Plaintiff be compelled to supplement its infringement contentions with factual support including product testing and then immediately move to strike such information as improper and untimely. Defendants' positions appear to be incongruous.

Plaintiff asserts that rather than addressing the issue of notice of its theory of infringement, Defendants are improperly attempting to 'pre-try the case' by challenging the testing procedures" used by Plaintiff's expert to prove Plaintiff's infringement theory. (Doc. 167, at 10-11.) Plaintiff argues that the October Contentions "do not advance any 'new infringement theories'" but rather "simply provide the additional test results (demanded by Defendants) that prove [Plaintiff's] straightforward infringement theory: the Scepter FMD is configured to retain sufficient fuel in its perforations to provide a fuel-air mixture that is 'too rich to combust' inside the FMD." (Doc. 167, at 3.)

Plaintiff continues that "Defendants' Motion … conflates two very different standards: (1) the requirement of Local Patent Rule 3.1 that initial infringement contentions must provide reasonable notice of the claimant's theory of infringement; and (2) the sufficiency of the evidence submitted to prove infringement under that theory at trial." (*Id.*, at 11; *see also* Doc. 136, at 20-21.)

7

According to Plaintiff, "[r]ather than actually addressing notice of [Plaintiff's] infringement theory, Defendants are improperly attempting to 'pre-try the case' by challenging the testing procedures employed by [Plaintiff's] expert that prove [Plaintiff's] infringement theory." (Doc. 167, at 11-12; *see also* Doc. 136, at 20-21.)

It appears to the Court that Defendants are conflating the requirements for notice of initial infringement contentions with the proof and evidence necessary in the later stages of the litigation.

> For example, the scope of infringement contentions and expert reports are not co-extensive. *See **Fenner Invs., Ltd. v. Hewlett–Packard Co.***, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010). Infringement contentions 'need not disclose specific evidence nor do they require a plaintiff to prove its infringement case, whereas expert reports must include a complete statement of the expert's opinions, the basis and reasons for them, and any data or other information considered when forming them.' … Similarly, infringement contentions are not the correct stage to 'pre-try the case . . . by conducting a highly detailed and rigorous analysis of the preliminary claim infringement contentions.' ***STMicroelectronics, Inc. v. Motorola, Inc.***, 308 F.Supp.2d 754, 756 (E.D.Tex.2004).

***Shurtape Techs., LLC v. 3M Co.***, 2011 WL 4750586, at *2 (W.D. N.C. Oct. 7, 2011) (applying similar local patent rules)). Defendants should be making such challenges on the merits rather than through an attack on Plaintiff's infringement contentions.

8

Citing numerous cases from various jurisdictions, Defendant argues that Plaintiff "cannot introduce new infringement theories months after it is required under the Patent Rules and Scheduling Order." (*Id*., at 8.)  Even assuming that Plaintiff is attempting to introduce new infringement theories, the cases cited by Defendant are distinguishable from circumstances before the Court because the cases involve parties attempting to change the infringement contentions even later in the case. (*Id*., at 18-21.)  These cases also do not involve amendments made as a result of a motion to compel amendments.

For instance, in ***Looksmart Grp., Inc. v. Microsoft Corp.***, the court granted a motion to strike an expert report that contained new infringement theories 13 months after the infringement contentions were initially filed and 10 months after the Court granted the parties' stipulation giving the plaintiff leave to amend the contentions, which the plaintiff failed to do in a timely manner.  No. 17-4709-JST, 2019 WL 7753444 (N.D. Cal. Oct. 17, 2019).  In ***BookIT Oy v. Bank of Am. Corp.***, the Circuit Court affirmed the decision of the district court that it would be unfair to grant leave to amend to add new theory of infringement after the court issued its Markman order.  817 Fed. App'x 990 (Fed. Cir. 2020).  In ***Neonatal Prod. Grp., Inc. v. Shields***, a court in this District granted a motion to strike infringement theories as a sanction for violating the deadlines in the Scheduling Order.  276 F. Supp. 3d 1120 (D. Kan. 2017).  Those infringement theories were

presented, however, in an expert declaration submitted in opposition to a motion for summary judgment. *Id.*, at 1127.

These cases, as well as the others relied upon by Defendants (Doc. 160, at 8-9), are clearly factually distinguishable from the situation currently before the Court. Simply stated, the same potential for undue prejudice to the defendants in those cases does not exist here. First, Plaintiff supplemented its infringement contentions because Defendants requested that Plaintiff do so. Second, the present case is at an earlier stage in the litigation. *See generally* **FOX Factory, Inc. v. SRAM, LLC**, No. 18-0130-WJM-NYW, 2019 WL 1450622, at *1-2 (D. Colo. April 2, 2019) (allowing the plaintiff to amend its infringement contentions after the issuance of the Court's claim construction order).

The deadline for claim construction discovery in the present case had not expired at the time Plaintiff submitted the October Contentions. (See Doc. 125, at 2.) Defendants' Markham brief was not filed until almost two and half months after the October Contentions were submitted. (Doc. 194.) The Court has indicated it will consider allowing Defendants to amend their Markham brief, if necessary, after the resolution the motions addressed in this Order. (See Doc. 200, Minute Order.) Further, the Court has suspended all remaining deadlines in this case, to be reset after resolution of the current motions. (*Id.*) The Magistrate Judge will set a status conference to determine if adjustments to the discovery and

briefing deadlines are necessary because of this ruling. In the interest of justice, Plaintiff's ability to move forward with its claims properly identified outweighs any need for the Court to adhere to a rigid timeline at this point in the proceedings.

## B. Should the October Contentions be Stricken for Failure to Comply with Local Patent Rules?

The District of Kansas Patent Rules provide that amendments to infringement contentions can occur "only by order of the court upon a timely showing of good cause." D. Kan. Pat. R. 3.5(b). Prior to seeking leave to amend, the amending party has the duty to make reasonable efforts to confer with opposing counsel, which Defendants allege Plaintiff failed to do. (*Id.*) Further, "[i]f the parties resolve the issue, the moving party must file an unopposed motion for leave to amend," or if "the proposed amendment remains unresolved … counsel for the moving party must contact the magistrate judge and arrange a telephone conference." D. Kan. Pat. R. 3.5(c).

Defendant argues that the October Contentions should be stricken because Plaintiff failed to satisfy any of these procedural requirements prior to submitting them. (Doc. 160, at 11.) Defendant continues that even though it requested Plaintiff provide supplemental infringement contentions because of deficiencies, Plaintiff should not be exempted from the requirements of this District's Patent

11

Rules or be allowed to introduce what Defendants argue are new infringement theories. (*Id.*)

Plaintiff responds that Defendants' procedural challenge to the October Contentions is based on the "false premise" that the October Contentions constitute new infringement theories. (Doc. 167, at 21.) The Court addressed this argument in the preceding section and found that Plaintiff has not set forth "new" theories, but rather has provided supplemental information relating to their theories as demanded by Defendants.

Further, Plaintiff argues Defendant's procedural challenge lacks merit because:

> (1) Defendants repeatedly demanded that [Plaintiff] provide supplemental initial infringement contentions; (2) [Plaintiff] repeatedly agreed to have its expert measure and test the Scepter FMD(s) and provide Defendants with the results thereof if Defendants would simply confirm whether one or more versions of the Scepter FMD had been used and produce exemplar FMD(s); (3) Defendants refused to state until just days prior to the parties' August 21, 2020 conference with Judge Gale that there had only been one Scepter FMD, contradicting their prior denial in their Answer and subsequent representation through counsel that the Scepter FMD had gone through changes 'over time'; (4) Defendants' simultaneous refusal to produce an exemplar FMD; and (5) only upon receiving the supplemental contentions that they demanded, and which provided expert evidence of Defendants' clear infringement, did Defendants change their position and assert that [Plaintiff] should have sought leave to serve 'amended' contentions.

(Doc. 167, at 21-22.)

Plaintiff requests, in the alternative, that if the Court finds it should have sought leave to submit the October Contentions, the Court grant Plaintiff leave to do so. (Doc. 167, at 23.) Defendant concedes that "if the accused infringer requests additional information, this could support good cause for amendment to provide that information." (Doc. 160, at 11.) The Court concurs that Plaintiff's submission of information requested by Defendants supports good cause for allowing an amendment. Additionally, Plaintiff's argument that there is no prejudice to Defendant in allowing supplemental contentions that have already been served (Doc. 167, at 22) is even more persuasive now that the Court has suspended the deadlines in this case (*see* Doc. 200, Minute Order).

As also discussed above, the Patent Rules provide that prior to seeking leave to amend, the amending party has the duty to make reasonable efforts to confer with opposing counsel, which Defendants contend Plaintiff failed to do. Even if Defendants would have agreed to Plaintiff's request to amend, Plaintiff would still have been required to file an unopposed motion for leave to amend, or if arrange for a telephone conference with the assigned magistrate judge. D. Kan. Pat. R. 3.5(c).

While Defendant is correct that Plaintiff did not follow this procedure, the situation presented is somewhat unusual in that Defendant moved to compel

infringement contentions and then, after receiving them, immediately moved to strike them. There is no dispute, however, that the parties engaged in certain communications regarding Defendants' issues with the infringement contentions. The October Contentions did not arrive out of the blue. Further, unlike the cases cited by Defendants (discussed in the preceding section), Defendants were not caught entirely off guard at a late stage in the litigation. As such, in the interests of justice and judicial economy, the Court **DENIES** Defendants' Motion to Strike (Doc. 159).

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Strike (Doc. 159) is **DENIED**. In denying Defendants' Motion to Strike, Defendants' Motion to Compel (Doc. 130) and Motion to Stay (Doc. 156) are found to be **MOOT**.

Defendants have also sought attorney's fees "related to Defendants' Motion to Compel, this Motion to Strike, and related efforts pursuant to Fed. R. of Civ. P. 37." (Doc. 160, at 15.) The Court **DENIES** Defendants' request for attorney's fees as to the Motion to Strike (Doc. 159), as that underlying motion has been denied. As for Defendants' request for attorney's fees relating to the Motion to Compel, the Court also **DENIES** this request. Although the Motion to Compel has been found moot rather than denied, the Court would have denied that discovery motion based on the reasons contained in Plaintiff's responsive briefs that

14

Defendant improperly conflated the requirements of *notice* of Plaintiff's theory of infringement and Plaintiff's requirements for *proof* of infringement at trial. (Doc. 136, at 20-21; Doc. 167, at 11.) Because the underlying Motion to Compel would have been denied if it had been decided on the merits, the Court **DENIES** Defendants' request for attorney's fees relating to that motion.

Finally, Plaintiff's request for leave to amend its infringement contentions (*see* Doc. 167, at 23) is **GRANTED**. The Court retroactively considers the October Contentions to constitute Plaintiff's amended infringement contentions.

IT IS THEREFORE ORDERED that Defendants' Motion to Compel (Doc. 130) and Motion to Stay Consideration of Motion to Compel (Doc. 156) are found to be **MOOT**.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiff's Amended Infringement Contentions (Doc. 159) and request for attorney's fees are **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 8th day of January, 2021.

s/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge