## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NO SPILL, LLC and TC CONSULTING, INC. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2681-HLT-KGG |
| | ) | |
| SCEPTER CANADA, INC., and SCEPTER | ) | |
| MANUFACTURING LLC | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER ON MOTION FOR LEAVE TO FILE UNDER SEAL

Now before the Court are Defendants' Motion for Leave to File under Seal (Doc. 286).

Having reviewed the unopposed submission, Defendants' motion is **DENIED**.

### I. Background

Defendants move pursuant to D. Kan. Rule 5.4.6 for an Order allowing them to file under seal their Amended Answer to the Second Amended Complaint and Counterclaims. The Counterclaims include violations of the Sherman Act (§§ 1, 2) and the Clayton Act (§ 7). A protective order has been entered in this case for confidential information that is "extremely sensitive" and "may cause competitive harm to the disclosing party." (Doc. 95). Defendants contend that since the document in question has been designated as "confidential" under the protective order by the parties, then they should be granted leave to file under seal. (Doc. 286). In addition to this contention, the

1

Defendants argue that the confidential nature of the document outweighs any public interest in its disclosure. (Doc. 286).

## II.    Analysis

"Courts have a long recognized common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). The right to access judicial records is an important aspect of preserving the integrity of the judicial process. *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985). The court has discretion when determining whether to seal judicial records. *Id.* There is a strong presumption that judicial records will not be sealed. *Mann*, 477 F.3d at 1149. However, the right is not absolute, it can be rebutted when other interests outweigh the public's interest in accessing the records. *Id*.

The first consideration taken into account is the public interest in the documents. *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). Courts begin at the premise that the public interest is "presumptively paramount against those advanced by the parties." *In re Syngenta AG MIR 162 Corn Litig.*, Nos. MDL 2591, 14-md-2591-JWL, 2015 WL 3440476, at *1 (D. Kan. May 28, 2015). However, the weight of presumption is low when the documents "play a negligible role in the performance of Article III duties." *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 1847033, at *4 (D. Kan. Apr. 18, 2018) (Gale, J., the undersigned) (citing *Riker*, 315 F. App'x at 755).

The documents at issue are the type that are generally made available for public access.  Allowing a party to file a pleading under seal is generally disfavored. *See Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 137828, at *1 (D. Kan. Mar. 22, 1996); *see*

*also Hill v. Mitchell*, No. 1:98-cv-452, 2012 WL 4087060, at *1 (S.D. Ohio Sept. 17,
2012) (citing *Proctor & Gamble Co. v. Banker's Trust Co.*, 78 F.3d 219, 227 (6th Cir.
1996)) ("[P]lacing court pleadings under seal is generally disfavored, in view of the long
tradition of valuing public access to court proceedings."). Reviewing and analyzing the
pleadings are critical to the role of a judge when exercising his or her Article III duties.
As such, the public interest in the documents is high and the Defendants must overcome a
strong presumption against leave to file under seal.

The next factor considered are the parties' competing interest. *See Riker*, 315 F.
App'x at 755. The District of Kansas has recognized confidential pricing information,
confidential personnel and business information, and sensitive financial details as
legitimate countervailing interests. *See, e.g.*, *Heartland Surgical Specialty Hosp., LLC v.
Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 101858, at *4–5 (D. Kan. Jan.
10, 2007) (confidential pricing information); *Univ. of Kan. Ctr. For Rsch., Inc. v. United
States by Dep't of Health & Hum. Servs.*, No. 08-2565-JAR-DJW, 2009 WL 10689840,
at *2 (D. Kan. Nov. 17, 2009) (confidential personnel and business information); *Reser's
Fine Foods, Inc. v. H.C. Schmieding Produce Co., LLC*, No. 16-4160-SAC, 2017 WL
784755, at *2 (D. Kan. Mar. 1, 2017) (sensitive financial details). These countervailing
interests are more likely to rebut the initial presumption when the confidential
information is not at issue in the immediate proceedings. *See Reser's*, 2017 WL 784755
at *2 (noting the relevancy of the information sought to be sealed is influential).

The Defendants argue that the protective order governs the document at issue.
(Doc. 286, at 1–2). However, that is simply not the case. The scope of the protective

3

order is "[a]ll documents and materials produced in the course of discovery . . . ." (Doc. 95, at 2) (providing the scope of the protective order). Here, the document requested to be filed under seal is a pleading, not a document produced during the course of discovery. Therefore, the protective order does not govern the matter. A party's designation of material as confidential under a protective order does not establish that it is, or that is entitled to be filed under seal. The present motion attempts no explanation of the need for filing under seal beyond conclusory assertions.

The Defendants further contend that their interest overcome the strong presumption of public access. (Doc. 286). Specifically, they contend that the "document contains or reflects confidential, non-public business information" which warrants leave to file under seal. (*Id.*). Granted, leave may be appropriate when it is necessary to keep the court from serving as a source of business information that might harm a party's business or competitive standing in the marketplace. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). However, courts will not seal its records, especially pleadings, based on "unsupported hypothesis or conjecture;" rather, the moving party must produce concrete evidence showing the nature of the public or private harm that may be caused if publicly filed. *In re Syngenta*, 2015 WL 3440476, at *2 (citing *Nixon*, 435 U.S. at 598); *see also Womack v. Delaware Highlands AL Servs. Provider, LLC*, No. 10-2312, 2012 WL 1033384, at *1 (D. Kan. Mar. 27, 2012). In this case, the Defendants have not pointed to any harm that may be caused by publicly filing the documents. Not to mention the type of non-speculative evidence necessary to overcome their high burden. Moreover,

the information under seal would be pertinent to the case at hand, which increases the interest to the public.

## III.   Conclusion

Accordingly, the Court finds that the Defendants have not met their burden of establishing that their interest outweighs the public's significant interest, and therefore, **DENIES** the request for leave to file under seal **without prejudice**.

**IT IS THEREFORE ORDERED** that Defendants shall file their Amended Answer to the Second Amended Complaint and Counterclaims unsealed.

Dated at Wichita, Kansas, on this 8th day of September 2021.


/s Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge