IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL, LLC and TC CONSULTING, INC., <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>SCEPTER CANDADA, INC., and SCEPTER MANUFACTURING LLC, <br><br>　　　　　Defendants. | Case No. 2:18-cv-2681-HLT-KGG |
| SCEPTER CANADA, INC. and SCEPTER MANUFACUTRING, LLC, <br><br>　　　　　Counterclaim-Plaintiffs, <br><br>v. <br><br>NO SPILL, LLC, TC CONSULTING INC., MIDWEST CAN COMPANY, LLC, GENNX360 CAPITAL PARTNERS, GENNX/MWC ACQUISITION, INC., and ARGAND PARTNERS, LP <br><br>　　　　　Counterclaim-Defendants. | |

**MEMORANDUM AND ORDER ON
MOTION TO COMPEL NON-PARTY SUBPOENA**

Now before the Court is the "Motion to Compel Non-Party Exponent, Inc. to Respond to and Comply with Subpoena" filed by Plaintiffs. (Doc. 340). Plaintiffs move the Court to order Exponent to (1) provide an adequate privilege log; (2) provide a detailed description of its objections; (3) produce documents responsive to Requests for

1

Production Nos. 9 and 10; and (4) pay No Spill, LLC's attorneys' fees and costs associated with this motion. (Doc. 340, at 10). Nonparty Exponent, Inc. was previously granted an extension of time to file a responsive brief. (Doc. 366). Exponent, Inc. filed its responsive brief opposing the motion on November 15, 2021, and the Court considers the brief timely. The main argument advanced by Exponent, Inc. is that Plaintiffs filed their motion out of time. For the reasons stated herein, the motion is **GRANTED IN PART and DENIED IN PART.**

I. **Background**

Plaintiffs TC Consulting, Inc.[1] and No Spill, LLC (collectively herein "No Spill" or "Plaintiffs") hold two patents relating to preventing the explosion of portable fuel containers ('075 and '132 patents). (Doc. 41). No Spill makes six claims against Scepter Manufacturing, LLC and Scepter Canada, Inc. (collectively herein "Scepter" or "Defendants") alleging claims for patent infringement, breach of contract, and engaging in unfair competition. (*Id.*). The District Court previously entered a *Markman* Order in this case. (Doc. 257.)

The motion before the Court moves to compel non-party Exponent, Inc. (herein "Exponent") to comply with a subpoena from Plaintiffs. Plaintiffs contend that Exponent "performed various testing projects in connection with Scepter's development of the infringing Flame Mitigation Device ('FMD') at issue in this lawsuit." (Doc. 340, at 1.)

---

[1]TC Consulting, Inc. is a Kansas corporation that received all the capital stock of No Spill, Inc., which gave it a stake in the litigation at hand and was subsequently added to the suit. (Doc. 254.)

Plaintiffs further contend they served the subpoena at issue "to explore the relationship between Exponent and Scepter, and to determine how and why Scepter developed the infringing products, among other reasons."

The Notice of Intent to Issue Subpoena was filed with the Court on December 23, 2020. (Doc. 205). Exponent served its initial objections to the subpoena on January 29, 2021. (Doc. 340, at 1). The subpoena seeks various categories of documents relating to "how and why Scepter developed the infringing products as well as what testing was done to establish the efficacy of the FMDs in those products." (Doc. 340, at 3). The Subpoena seeks documents regarding the "relationship between Exponent and Scepter, including documents relating to testing/development projects and the FMD, communications with Scepter, and other categories of documents." (*Id*.; *see also* Doc. 205-1, at 23–24). Plaintiffs are also pursuing non-party discovery in connection with its claims that Scepter Canada induced infringement of Plaintiffs' patents. (*Id*.).

Plaintiffs contend that Exponent delayed production of its response to the subpoena and refused to respond to Plaintiffs' various attempts to confer regarding the ultimate response and objections to the subpoena. (Doc. 340, at 1–2). Plaintiffs seek an Order compelling Exponent to comply with the subpoena

> by producing all responsive documents, providing an appropriate privilege log, and providing a full, detailed explanation of whether Exponent – in response to each request for production in the Subpoena – has restricted its searches or limited its production subject to any objections. If Exponent has unilaterally applied restrictions or withheld documents, then Exponent should explain what is being withheld and whether its non-responses have been dictated by Scepter, so No Spill can evaluate the validity of Exponent's objections and sufficiency of its document production.

3

(Doc. 340, at 2–3).

After No Spill and Exponent conferred regarding the dispute, Exponent produced documents responsive to the subpoena on April 26, 2021 and supplemented its production on May 17, 2021. No Spill considered Exponent's production of documents incomplete and then sent an email on July 2, 2021 inquiring as to the basis for withholding documents. (Doc. 340, at 7). Exponent did not produce additional documents or produce a privilege log pursuant to No Spill's request. No Spill filed the present motion on October 25, 2021. (*Id.*).

## II. Service of the Subpoena

When tasked with issuing an order or imposing sanctions on a non-party, the Court's initial inquiry must that of jurisdiction over the person or entity to whom the Court's order will be directed. *Cuthbertson v. Excel Indus., Inc.*, 179 F.R.D. 599, 602 (D. Kan. 1998). "Generally, the court acquires jurisdiction over non-parties during the discovery process by the issuance and service of a subpoena upon the person." *Id*. The fact that a party complies (or attempts to comply) with a subpoena does not excuse the fact that a subpoena was not properly served. *Id*. (holding that although a third-party appeared for and testified at a deposition at the request of the defendant, "the court did not acquire jurisdiction over him since he had not been served with a subpoena").

The Court issued an order on November 10, 2021 ordering No Spill to show that service of the non-party subpoena and service of the present motion were both adequate. (Doc. 347). No Spill responded to the order indicating that Exponent received and

4

accepted service of the Motion. (Doc. 348). Further, Exponent and No Spill agreed to allow a one-week extension of Exponent's response deadline to the present motion. (*Id.*). Counsel for Exponent entered an appearance in this case as an "Interested Party." (Doc. 349). Exponent filed its response to the motion on November 15, 2021. (Doc. 358). As such, the Court is satisfied that No Spill has properly effectuated service of the subpoena and motion.

### III.  Timeliness of the Motion

Courts in this District "have 'long recognized that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34.'" *MNM Investments, LLC v. HDM, Inc.*, No. 18-1267-EFM-KGG, 2020 WL 1433482, n.1 (D. Kan. Mar. 24, 2020) (quoting *Parker v. Delmar Gardens of Lenexa, Inc.*, No. 16-2169-JWL-GEB, 2017 WL 1650757, at *3 (D. Kan. May 2, 2017) (internal citations omitted)). The scope of discovery is governed by Fed. R. Civ. P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable. Service and compliance with subpoenas are governed by Fed. R. Civ. P. 45, with section (d) of that Rule relating to "protecting a person subject to a subpoena" as well as "enforcement."

Exponent points out that Plaintiffs' motion was filed beyond the time allowed for discovery motions enumerated by D. Kan. Rule 37.1. (Doc. 358, at 4–5). Pursuant to D. Kan. Rule 37.1(b),

> [a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 **must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion**, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.

(emphasis added). The purpose of the rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation." *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008) (citing *Continental Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008) ). The 30-day rule in D. Kan. 37.1 is also intended to promote the timely and efficient completion of discovery. *See* Fed. R. Civ. P. 1.

No Spill argues that its Motion was timely under local rules. (Doc. 371, at 4) ("The chronology of events here demonstrates that No Spill's Motion was timely filed."). In support, they contend that there was no ripe dispute at the time documents were produced. (*Id.*). The Court does not agree. Local Rule 37.1 is triggered by the service of a deficient "response, answer, or objection," or a party defaulting in a discovery obligation. If the motion is not filed within 30 days, "the objection to the default, response, answer, or objection is waived." Supplemental production may serve as a new "triggering event" for the running of the 30-day deadline to file a motion to compel. *Neonatal Prod. Grp., Inc., v. Shields*, No. 13-2601-DDC, 2015 WL 7078796 (D. Kan. Nov. 13, 2015).

In this case, Exponent supplemented its production of documents on May 17, 2021. The deadline to file a motion to compel production of the documents was June 16, 2021 and No Spill did not file its motion until October 25, 2021. No Spill takes the position that they were unable to make determinations regarding the scope and sufficiency of the document production. (Doc. 340, at 2). However, that does not relieve No Spill of the deadlines provided in local rules. As discussed, deficient production triggers the deadline set forth in D. Kan. Rule 37.1(b). If No Spill needed more time to make that determination, the proper procedure "is for a party to request, prior to expiration, an extension of the deadline to file a motion to compel with respect to any discovery dispute upon which the parties are still conferring." *Black & Veatch Corp. v. Aspen Ins. (UK) Ltd.*, No. 12-2350-SAC, 2014 WL 12595196, at *2 (D. Kan. Sept. 8, 2014) (internal citations omitted). Granting a motion for extension of time to file a motion to compel "is a fairly routine practice in this district, and has been so for many years." *Grider v. Shawnee Mission Med. Cntr., Inc.*, No. 16-2750-DDC-GLR, 2018 WL 2225011, at *2 (D. Kan. May 15, 2018).

They further contend they were engaged in good-faith discussions to resolve the dispute in compliance with D. Kan. Rule 37.2 (duty to confer concerning discovery disputes). They believe the delay was caused by Exponent due to its delayed responses to communications and deficient production. However, the time limitation in D. Kan. Rule 37.1(b) is not tolled while the parties attempt to resolve their disputes without court intervention." *Layne Christensen Co. v. Purolite Co.*, No. 09-2391-JWL-GLR, 2011 WL 124538, at *3 (D. Kan. Jan. 14, 2011). Again, the proper practice is to request an

7

extension of time to file a motion to compel if good-faith discussions are taking place and the parties believe the issues can be resolved without court intervention. Accordingly, the Court finds that No Spill filed the motion out of time.

## IV.  Excusable Neglect Analysis

When a discovery motion is filed after the time allowed by D. Kan. Rule 37.1(b), the Court will determine if there is "excusable neglect" for the untimely filing. To do so, the Court considers the following factors: "(1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings." *Grider*, 2018 WL 2225011, at *2 (internal citation omitted).

The Court does not find that No Spill acted in bad faith. No Spill places the blame on Exponent for the delay in filing the motion to compel. (Doc. 371, at 8). Specifically, they blame Exponent's deficient production and poor communication efforts which put them in a position where they were unable to determine whether motion practice was necessary. (*Id.*). However, Exponent is not squarely to blame. An extension of time should have been requested as is common practice in this district. This is not the first-time counsel for No Spill has shown a lack of familiarity with local rules. *See, e.g.*, *No Spill, LLC v. Scepter Canada, Inc.*, No. 18-cv-2681-HLT-KGG, 2021 WL 4860556, at *4 (D. Kan. Oct. 19, 2021) (advising No Spill's counsel that they "would be well advised to pay closer attention to the local rules in the future."). No Spill has not given reason as to

8

why an extension could not have been requested. As such, the Court cannot agree that Exponent is to blame for the delay.

Next No Spill contends that Exponent is not prejudiced by the delay. (Doc. 371, at 8). Indeed, Exponent does not appear to claim prejudice and nor does the Court find prejudice. Exponent relies on previous cases in which motions have been denied on this basis. For instance, they cite *Hall v. Life Care Centers of Am., Inc.* which denied a motion to compel on the basis that it was filed out of time. *See* No. 16-2729-JWB-KGG, 2018 WL 3459219 (D. Kan. July 18, 2018). However, that decision was reversed on a motion for reconsideration. *Hall*, 2018 WL 5295892 (D. Kan. Oct. 25, 2018) (reversing previous order denying motion to compel). Moreover, the motion to compel in that case was filed after the discovery deadline. Other cases have allowed *some* delay in filing a motion to compel when the parties continued to confer after the deadline. *See, e.g.*, *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *1 (D. Kan. Jan. 7, 2005) (allowing a sixteen-day delay when parties engaged in mutual efforts to resolve the discovery dispute). Whereas the situation in this case is a more troublesome situation with a 161-day delay. Granted, the motion in this case was filed within the discovery period and before hard deadlines have been set in a scheduling order. Litigation in this case is still on-going with an amended answer and counterclaims filed by the Defendants within the last three months. Therefore, the Court does not find a significant impact on the current judicial proceedings.

After considering the factors for excusable neglect, the Court finds excusable neglect present. There is no prejudice to the nonmoving party and no impact to the

litigation schedule. However, No Spill should not interpret this order as permission to ignore local rules and discovery deadlines so long as they are engaged in good-faith discussions. Quite the contrary. Local Rules were put in place to avoid the sort of litigation before the Court today. Failure to abide by them will not bode well for No Spill in the future.

## V. Exponent's Objections

No Spill moves the Court to order Exponent to provide them with a privilege log. (Doc. 340). They also move the Court to order Exponent to

> confer meaningfully with No Spill, and provide a full, detailed explanation of whether Exponent—in response to each request for production in the Subpoena—has restricted its searches or limited its production subject to any objections; and also identify the specific categories of documents being withheld, in a manner that permits No Spill to evaluate the validity of Exponent's objections and sufficiency of its document production

(*Id.*, at 10). Exponent argues that they are not required to submit a privilege log so long as they are compliant with Fed. R. Civ. P. 26(b)(5) which provides:

> ***Claiming Privilege or Protecting Trial-Preparation Materials.***
> **(A)** *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
> **(i)** expressly make the claim; and
> **(ii)** describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5) requires that a party withholding otherwise discoverable information because of a claim of privilege must expressly make the claims and describe the documents or communication in a manner that "will enable other parties to assess the

10

claim." Granted, parties are generally required to submit a privilege log for the privileged documents which is required to include:

> (1) A description of the document explaining whether the document is a memorandum, letter, e-mail, etc.; (2) The date upon which the document was prepared; (3) The date of the document (if different from # 2); (4) The identity of the person(s) who prepared the document; (5) The identity of the person(s) for whom the document was prepared, as well as the identities of those to whom the document and copies of the document were directed, including an evidentiary showing based on competent evidence supporting any assertion that the document was created under the supervision of an attorney; (6) The purpose of preparing the document, including an evidentiary showing, based on competent evidence, 'supporting any assertion that the document was prepared in the course of adversarial litigation or in anticipation of a threat of adversarial litigation that was real and imminent;' a similar evidentiary showing that the subject of communications within the document relates to seeking or giving legal advice; and a showing, again based on competent evidence, 'that the documents do not contain or incorporate non-privileged underlying facts;' (7) The number of pages of the document; (8) The party's basis for withholding discovery of the document (i.e., the specific privilege or protection being asserted); and (9) Any other pertinent information necessary to establish the elements of each asserted privilege.

*Leftwich v. City of Pittsburg, Kansas*, No. 16-2112-JWL-GLR, 2017 WL 1338838, at *2 (D. Kan. April 12, 2017) (citing *BridgeBuilder Tax + Legal Servs., P.A. v. Torus Specialty Ins. Co.*, No. 16-2236-JWL-GEB, 2017 WL 914809, at *4 (D. Kan. Mar. 8, 2017) (citations omitted)). "The objecting party must provide enough information in the privilege log to enable the withholding party, and the Court, to assess each element of the asserted privilege and determine its applicability." *Leftwich*, 2017 WL 1338838, at *2.

However, when objecting to a Request for Production, describing the claimed privileged communications as required by Fed. R. Civ. P. 25(b)(5) is acceptable. *See Harrington v. State of Kansas*, No. 5:20-cv-4081-HLT-KGG, 2021 WL 5505452, at *5–6

11

(D. Kan. Nov. 24, 2021). As such, Exponent is not required to provide a privilege log. However, in Exponent's objections to the Requests for Production, they must provide sufficient information to enable No Spill to assess the claim.

Further, Fed. R. Civ. P. 34(b)(2)(B) provides that "[f]or each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Courts look with disfavor on conclusory or boilerplate objections that discovery requests are irrelevant, immaterial, unduly burdensome, or overly broad. *Gheesling v. Chater*, 162 F.R.D. 649, 650 (D. Kan. 1995). "Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." *Sonnino v. University of Kansas Hosp. Authority,* 221 F.R.D. 661, n. 36 (D. Kan. 2004) (citing *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 670 (D. Kan. 2003)). *See also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton,* 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting a discovery request based on relevancy grounds bears the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome").

Here, Exponent essentially provides the same privilege objections to all Requests for Production in the subpoena. Each objection uses substantially similar language: "Exponent further objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, work product privilege, trial preparation privilege, or any other applicable privilege or protection."

12

These privilege objections are insufficient and are not compliant with the Federal Rules of Civil Procedure or the case law in this district. The objection is boilerplate, conclusory, and provides no basis for the objection. Accordingly, Exponent is **ORDERED** to supplement all its privilege objections to be compliant with Fed. R. Civ. P. 26(b)(5) and the case law in this district—whether that be through a privilege log or the plain language used in its supplement. *See Leftwich*, 2017 WL 1338838, at *2. Exponent is **FURTHERED ORDERED** to disclose what documents are being withheld pursuant to its objections.

## VI.   Requests for Production Nos. 9 and 10

No Spill further moves to compel Requests for Production Nos. 9 and 10. Request for Production No. 9 and the accompanying objection provide:

> **Request for Production No. 9**: All Documents and Communications referencing No Spill and/or its products from 2010 to present.
>
> **Exponent Objection**: Scepter incorporates all of its General Objections and reservations of rights as if specifically alleged herein. Exponent further objects that this Request is overly broad, is not proportional to the needs of the case, and seeks irrelevant information in that it seeks "All Documents and Communications" and not those relevant to the products, claims, or defenses at issue in this matter. Exponent further objects to the term "No Spill and/or its products" as overly broad, unduly burdensome, and/or not proportional to needs of the case, to the extent it seeks information about products not at issue in this lawsuit. Exponent also objects to this Request as not reasonably limited in time. Exponent further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, work product privilege, trial preparation privilege, or any other applicable privilege or protection.
>
> In light of these objections and Scepter's objections, Exponent will not produce documents falling within the scope of Scepter's objections.

13

A party may object to a discovery request on the basis that it is overbroad and fails to identify the documents sought with reasonable particularity. *See, e.g.*, *Ehrlich v. Union Pacific R.R. Co.*, 302 F.R.D. 620, 624–25 (D. Kan. 2014). Courts in this District have held that a discovery request may be facially overly broad if it uses an 'omnibus term' such as 'relating to,' 'pertaining to,' or 'concerning.' *Johnson v. Kraft Foods North America, Inc.*, 238 F.R.D. 648, 658 (D. Kan. 2006) (citing *Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 382 (D. Kan. 2005)). "That rule, however, applies only when the omnibus term is used with respect to a general category or broad range of documents." *Id. See also Sonnino*, 221 F.R.D. at 667; *Aikens v. Deluxe Fin. Servs., Inc.*, 217 F.R.D. 533, 538 (D. Kan. 2003).

Courts want to avoid a situation in which a party upon whom discovery is served needs "either to guess or move through mental gymnastics . . . to determine which of many pieces of paper may conceivably contain some detail, either obvious or hidden, within the scope of the request." *Id.* When, however, the omnibus phrase modifies a sufficiently specific type of information, document, or event, rather than large or general categories of information or documents, the request will not be deemed objectionable on its face. *Id.*

In this case, Exponent objects that the request is overbroad and not proportional to the needs of the case. Specifically, it claims that the information sought will encompass information not relevant and does not have a reasonable temporal limitation. The Court agrees that the request overly broad. The request is not sufficiently specific and not stated with reasonable particularity. Accordingly, the overbreadth objection is **sustained.**

> Request for Production No. 10 and its accompanying objection provide:
>
> **Request for Production No. 10**: All Documents and Communications referring to or referencing The Lawsuit.
>
> **Exponent Objection**: Exponent objects that this Request is overly broad, is not proportional to the needs of the case, and seeks irrelevant information in that it seeks "All Documents and Communications." Exponent further objects to this Request as seeking information beyond that permitted by Fed. R. Civ. P. 26(b). Exponent also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, common interest privilege, work product privilege, trial preparation privilege, or any other applicable privilege or protection.
>
> In light of these objections and Scepter's objections, Exponent will not produce documents falling within the scope of Scepter's objections.

Here, Exponent objects that the request is overbroad. The Court agrees. No Spill does not state the request with reasonable particularity. The overbreadth objection is **sustained.**

## VII. Attorneys' Fees and Costs

Plaintiffs' also request an award of "attorneys' fees and costs incurred in attempting to resolve these disputes, and in bringing this Motion" (Doc. 340, at 10.) Fed. R. Civ. P. 45(g) states that "the court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The Court finds that Exponent is not in contempt. Each side presented good-faith arguments for their positions. Therefore, sanctions are inappropriate. This portion of Plaintiffs' motion is **DENIED.**

IT IS THEREFORE ORDERED that Plaintiffs' "Motion to Compel" (Doc. 340) is **GRANTED IN PART and DENIED IN PART**.

**IT IS SO ORDERED**.

Dated December 14, 2021

/S Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge

16