IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL, LLC and TC CONSULTING, INC., <br><br>    Plaintiffs, <br><br> v. <br><br> SCEPTER CANDADA, INC., and SCEPTER MANUFACTURING LLC, <br><br>    Defendants. | Case No. 2:18-cv-2681-HLT-KGG |
| SCEPTER CANADA, INC. and SCEPTER MANUFACUTRING, LLC, <br><br>    Counter-Plaintiffs, <br><br> v. <br><br> NO SPILL, LLC, TC CONSULTING INC., MIDWEST CAN COMPANY, LLC, GENNX360 CAPITAL PARTNERS, GENNX/MWC ACQUISITION, INC., and ARGAND PARTNERS, LP <br><br>    Counter-Defendants. | |

**MEMORANDUM AND ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL**

Now before the Court is "Plaintiffs' Motion and Suggestions to Compel." (ECF No. 406). Plaintiffs move the Court for an order compelling Defendants to produce documents responsive to various requests for production. The requests for production at issue can be divided into four categories: (1) sales and marketing presentations; (2)

1

contracts and agreements with third parties; (3) sales and shipping information; and (4) documents relating to Scepter Canada's handling of warranties. (ECF No. 406, at 1). Defendants oppose the motion arguing, *inter alia*, Plaintiffs' motion is untimely. For the reasons stated herein, the motion is **granted in part and denied in part.**

## I.   Background

Plaintiffs, TC Consulting, Inc.[1] and No Spill, LLC (collectively herein "No Spill" or "Plaintiffs"), hold two patents relating to preventing the explosion of portable fuel containers ('075 and '132 patents). (*Second Amended Complaint*, ECF No. 41). No Spill alleges six claims against Scepter Manufacturing, LLC and Scepter Canada, Inc. (collectively herein "Scepter" or "Defendants") for patent infringement, breach of contract, and engaging in unfair competition. (*Id.*). Defendants allege several counterclaims: (1) conspiracy under the Sherman Act § 1; (2) monopolization under the Sherman Act § 2; (3) attempted monopolization under Sherman Act § 2; (4) conspiracy to monopolize under the Sherman Act § 2; and (5) and transactions that substantially lessen competition under the Clayton Act § 7. (*Answer to Second Amended Complaint and Counterclaims*, ECF No. 362). A *Markman* Order has also been entered in this case. (ECF No. 257).

The Court previously ruled on a motion to compel by Plaintiffs in October of 2021. (ECF No. 336). In the Court's previous order, Plaintiffs moved to compel the use

---

[1]TC Consulting, Inc. is a Kansas corporation that received all the capital stock of No Spill, Inc., which gave it a stake in the litigation and was subsequently added to the suit. (ECF No. 254. *See also* ECF No. 255).

of search terms for electronically stored information ("ESI"). On October 19, 2021, the Court granted in part and denied in part the Plaintiffs' motion and ordered Scepter to comply with 28 of the search term requests. Due to the extensive nature of the ESI search, the production of documents is still on-going.

On January 6, 2022, the District Judge granted in part a motion to bifurcate the case which bifurcated the patent infringement and invalidity issues for trial and discovery and staged the remaining issues and claims. (*Order*, ECF No. 383). After the order was entered, the undersigned Magistrate Judge entered a fifth revised scheduling order. (ECF No. 393). The fifth revised scheduling order streamlined the patent infringement and invalidity issues for discovery and trial. One of the deadlines set in the scheduling order was the substantial completion of document and ESI production. That deadline was recently extended to March 30, 2022. (ECF No. 413). As such, Defendants are still in the process of completing its document production. To ensure the case remained on track for trial, the scheduling order also set the deadline to file motions to compel regarding discovery presently in dispute for 30 days after the date of the order.[2]

In anticipation of the 30-day deadline, the parties scheduled an omnibus meet and confer to resolve outstanding discovery disputes. After the meet and confer, the parties

---

[2]There was some confusion regarding the interpretation of the scheduling order between the parties. The scheduling order, in paragraph 2(e), said "[t]he 30-day deadline to file any motions to compel shall begin on the date of this Order." (ECF No. 383, at 8). Plaintiffs were under the impression the 30-day deadline was reset and all discovery issues were ripe for litigation. Defendants interpreted the order as resetting the 30-day deadline for all pending disputes that were not stale at the time of the order. The undersigned magistrate judge held an informal telephone conference on February 14, 2022, to provide clarity on the ambiguous language. The parties were informed that the scheduling order *did not* reset the 30-day deadline for issues that were already stale.

still had several unresolved discovery issues. (ECF No. 406-8, at 1–5). On January 31, 2022, Defendants objected to producing documents responsive to several discovery requests alleging the dispute was untimely and not relevant to the case. The parties agreed that resolution of certain discovery issues would not be reached, and Plaintiffs filed a motion to compel on February 18, 2022.

## II.  Legal Standard

Rule 26(b) of the Federal Rules of Civil Procedure govern the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As such, for the information to be discoverable, the requested information must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). A party may file a motion to compel when the responding party fails to permit discovery. *Sperry v. Corizon Health*, No. 18-3119-EFM-ADM, 2020 WL 5642343, at *3 (D. Kan. Sept. 22, 2020). The initial burden rests with the party seeking discovery, but the moving party need not address all proportionality considerations. *Id.* Once the initial burden has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661–62, 666 (D. Kan. 2004).

In addition to the federal rules, the District of Kansas has local rules which address the timeliness of a motion to compel. Pursuant to D. Kan. Rule 37.1(b),

4

> [a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 **must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion**, unless the court extends the time for filing such motion for good cause. Otherwise, the objection to the default, response, answer, or objection is waived.

(emphasis added). The purpose of the rule "is to ensure the court can address discovery disputes while they are still fresh, and in turn expedite litigation." *Hartford Fire Ins. Co. v. P & H Cattle Co., Inc.*, No. 05-2001-DJW, 2008 WL 5046345, at *1 (D. Kan. Nov. 24, 2008) (citing *Continental Cas. Co. v. Multiservice Corp.*, No. 06-2256-CM, 2008 WL 73345, at *4 (D. Kan. Jan. 7, 2008)). The 30-day rule in D. Kan. 37.1 is also intended to promote the timely and efficient completion of discovery. *See* Fed. R. Civ. P. 1.

### III. Analysis

The first issue before the Court is whether the motion to compel is timely under D. Kan. Rule 37.1(b). Defendants contend that 30-day deadline has expired while the Plaintiffs maintain the motion is timely. The first category of requests for production ("RFP") relate to sales and marketing materials served on Scepter Canada ("SC"), specifically RFP Nos. 14 and 15 which provide:

> **SC Request For Production No. 14**: All Documents that refer or relate to marketing or promotion of any Accused Product.
>
> **SC Request For Production No. 15**: All marketing or promotional materials relating to any Accused Product.

(*Exhibit 1*, ECF No. 406-2, at 19–20). RFP Nos. 14 and 15 were served on April 27, 2020. (ECF No. 96). Scepter Canada responded with various objections to the requests for production on May 27, 2020. (*Response*, ECF No. 416, at 4).

5

Several months after SC's objections, the undersigned Magistrate Judge held a conference with the parties in which the parties discussed on-going discovery disputes. In an agreed order, the Court ordered that motions to compel regarding certain discovery matters must be filed on or before October 6, 2020[3]. (*Agreed Order*, ECF No. 124, at 3). SC's objections to RFP Nos. 14 and 15 can be divided into two sections. The first section describes various objections to the requests for production. The second section provides that SC will produce responsive documents subject to its objections and other privilege considerations.

No Spill did not file any motions to compel responses to SC RFP Nos. 14 and 15 prior to October 6, 2020. Nor did they request any extensions of time. Therefore, No Spill may not challenge Scepter Canada's objections to RFP Nos. 14 and 15. However, Scepter Canada did represent that they would produce documents in their objections. They used substantially similar language in both their objections to RFP Nos. 14 and 15:

> Subject to, as limited by, and without waiving the foregoing objections and the General Objections, Scepter Canada will produce non-privileged documents relating to the marketing or promotion of what Scepter Canada understands to be the Accused Products to the extent such documents exist, are within its possession, custody, or control, and can be located after a reasonably diligent search.

---

[3]In Defendants' response brief, they indicate that the deadline was extended to August 14, 2020. However, the Court was referring to an email sent on that date. The Court extended the motion to compel deadline to October 6, 2020. The agreed order, in part, provided:
> The parties discussed other existing discovery matters they were working together to resolve and if necessary will have an additional meet-and-confer and supplementation process as outlined to the court in the email on August 14th, 2020. To the extent disputes arise on those matters that are not resolved, any motion to compel must be filed on or before **October 6, 2020**.

(*Agreed Order*, ECF No. 124, at 3).

(*Exhibit 1*, ECF No. 406-2, at 20–21).  The Court finds that the 30-day rule *does not apply* as it pertains to the second section in SC's response. Since SC communicated that they would produce documents subject to various objections, they must abide by that representation.

No Spill claims that Scepter Canada failed to produce documents in accordance with its response. However, Scepter Canada disputes No Spill's assertion and maintains that they have satisfied their obligation. No Spill emailed Scepter on October 29, 2021, identifying a Home Depot PowerPoint presentation they obtained from a third party in discovery. (*Exhibit 6,* ECF No. 406-7, at 13). No Spill claims that the Home Depot presentation should have been produced and is evidence that Scepter Canada's document production is insufficient. Scepter Canada communicated to No Spill that any documents responsive to SC RFP Nos. 14 and 15 were "produced long ago." (*Id.*). They added that they identified a potential non-custodial location where materials may be stored and if any other relevant and responsive documents are found during their ongoing ESI review, then they will produce them. (*Exhibit 10*, ECF No. 406-11, at 3). Scepter, its responsive brief, stated that they reviewed the non-custodial location and that it contained no sales or marketing presentations.

As discussed, Scepter Canada does have an obligation to produce documents within the scope of its response. However, Scepter Canada submits that it has conducted a search and does not have any further documents to produce. No Spill disputes the veracity of SC's statements because they allege that Scepter refuses to confirm they produced all the documents at issue. To that end, the Court will require Scepter Canada to

submit an affidavit to No Spill affirming that they have satisfied their discovery obligations in accordance with their response. To the extent that SC has not produced documents consistent with this opinion, they are **ordered** to produce documents responsive to SC RFP Nos. 14 and 15.

The next category of documents No Spill seeks to compel is contracts and agreements with third parties. The requests for production at issue include SC RFP Nos. 4, 6, 172-174 and Scepter Manufacturing ("SM") RFP Nos. 4, 6, 194-196. On April 27, 2020, No Spill served both Scepter Manufacturing and Scepter Canada with RFP Nos. 4 and 6. (ECF No. 96). Scepter served objections and responses to those discovery requests on May 27, 2020. (ECF No. 406-3). Scepter's responses are substantially similar (and sometimes identical) as to the language used in SC RFP Nos. 14 and 15.

The Court will follow the same path as to the first category of documents. No Spill did not request any extension of the motion to compel deadline or otherwise take action regarding specific objections in the requests for production. So, their ability to challenge the objections has passed. However, the Court will require both Scepter Canada and Scepter Manufacturing to provide No Spill an affidavit affirming they have complied with their discovery obligations and produced all documents in accordance with their discovery responses. To the extent that SC or SM have not produced documents consistent with this opinion, they are **ordered** to produce documents responsive to SC RFP Nos. 4, 6, 172-174 and SM RFP Nos. 4, 6, 194-196.

The third category of documents relate to sales and shipping information. The requests for production at issue include SC RFP Nos. 8, 9, 13, and 20. No Spill served

Scepter Canada with the relevant requests for production on April 27, 2020, and received a response on May 27, 2020. As with the other requests for production, No Spill cannot challenge Scepter Canada's objections. However, Scepter Canada also indicated that they would conduct a reasonable search for documents in their response.

No Spill also seeks for Scepter Canada to provide the information sought in a more reasonably usable manner. They allege that SC produced thousands of invoices which did not contain all the requested information and did not comply with the Federal Rules of Civil Procedure. As an example of compliant production, they point to the fact that Scepter Manufacturing produced the information in a summary spreadsheet. The relevant responses by Scepter Canada indicate that they would produce non-privileged documents responsive to the requests for production. (*See Exhibit 3*, ECF No. 406-4). Scepter Canada never specified that the information will be provided in the form of a summary spreadsheet. The Rules provide:

> (E) *Producing the Documents or Electronically Stored Information.* Unless otherwise stipulated or ordered by the court, these procedures apply to producing documents or electronically stored information:
>
> (i) A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request;
>
> (ii) If a request does not specify a form for producing electronically stored information, a party must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms; and
>
> (iii) A party need not produce the same electronically stored information in more than one form.

Fed. R. Civ. P. 34(b)(2)(E). SC has the obligation to produce documents in a form which is ordinarily maintained or in a reasonably usable form. Plaintiffs have not met their

9

burden that SC is noncompliant with their obligation. While it can be time consuming to sort through large amounts of invoices, Plaintiffs did not request the documents be produced in a particular form. As such, the Court will not order SC to create a summary spreadsheet or similar document.

Scepter Canada also states that they have produced the documents responsive to the request. To that end, they are **ordered** to provide No Spill with an affidavit affirming that they have complied with their discovery obligations pursuant to their discovery response. To the extent that SC has not produced documents consistent with this opinion, they are **ordered** to produce documents responsive to SC RFP Nos. 8, 9, 13, and 20.

The fourth category of documents sought pertain to warranty work performed by Scepter Canada. In particular, it relates to SC RFP No. 10. No Spill seeks to compel Scepter Canada to withdraw its objection to SC RFP No. 10. Scepter Canada RFP No. 10 provides:

> **SC Request For Production No. 10**: All Documents that refer or relate to any warranty work performed by You for the Accused Products.

(ECF No. 406-5, at 16). No Spill served SC RFP No. 10 on April 27, 2020, and SC served its response along with responsive documents on May 27, 2020.

Scepter Canada objected to the request as overbroad, unduly burdensome, and not proportional to the needs of the case. They also asserted a vague privilege objection. However, they did not make the same representations as the other requests for production. After their objections, they stated, "[s]ubject to, as limited by, and without waiving the foregoing objections and the General Objections, Scepter Canada is willing

10

to meet and confer regarding the scope of this Request." (ECF No. 406-5, at 17). There is no promise for further production or additional searches. As such, the Court is not willing to assess the merits of each objection or order an affidavit be produced. No Spill did not file an extension of the deadline to file a motion to compel and did not otherwise take action. Therefore, the Court finds that the motion for Scepter Canada to withdraw its objection RFP No. 10 is untimely.

When a discovery motion is filed after the time allowed by D. Kan. Rule 37.1(b), the Court will determine if there is "excusable neglect" for the untimely filing. To do so, the Court considers the following factors: "(1) whether the movant acted in good faith; (2) reason for the delay, including whether it was within the reasonable control of the movant; (3) danger of prejudice to the nonmoving party; and (4) length of the delay and its potential impact on judicial proceedings." *Grider v. Shawnee Mission Med. Ctr., Inc.*, No. 16-2750-DDC-GLR, 2018 WL 2225011, at *2 (D. Kan. May 15, 2018) (internal citation omitted).

The Court has previously found "excusable neglect" when No Spill filed a motion to compel in the past. *See generally No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-cv-2681-HLT-KGG, 2021 WL 5906042 (D. Kan. Dec. 14, 2021). In the Court's previous order, No Spill filed a motion to compel non-party Exponent, Inc. to, *inter alia*, produce documents responsive to certain requests for production. *Id.* at *1. The Court found that No Spill filed its motion to compel out of time but found there was excusable neglect. *Id.* at *3–5. In finding excusable neglect, the Court noted that non-party Exponent was not

11

prejudiced by the delay and that discovery would not be delayed or have an impact on future proceedings. *Id.* at *4.

The Court cannot make the same finding of excusable neglect as it did previously. The Court set numerous deadlines in the last scheduling order to ensure the case remains on track for trial. The discovery deadline for the patent infringement and invalidity claims is approaching. Moreover, No Spill has not given any compelling reason why the present motion could not have been filed sooner. Granting the motion could further delay the litigation schedule and prejudice Defendants. Accordingly, the Court does not find excusable neglect present and rules that the motion to compel production of responsive documents to SC RFP No. 10 is **denied**.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Compel (ECF No. 406) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED THAT** Defendants provide an affidavit to No Spill affirming that they have complied with their representations in their discovery responses for Scepter Canada RFP Nos. 4, 6, 8, 9, 13, 14, 15, 20, 172-174 and for Scepter Manufacturing RFP Nos. 4, 6, 194-196.

**IT IS FURTHER ORDERED THAT** SC or SM produce responsive documents to the extent that they have not produced documents consistent with this opinion.

**SO ORDERED**.

Dated March 23, 2022

/s Kenneth G. Gale
Kenneth G. Gale
U.S. Magistrate Judge