IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL, LLC and TC CONSULTING, INC., <br><br> Plaintiffs, <br> v. <br><br> SCEPTER CANADA, INC., and SCEPTER MANUFACTURING LLC, <br><br> Defendants. | Case No. 2:18-cv-2681-HLT-KGG |

**MEMORANDUM AND ORDER DENYING**
<u>**MOTION TO COMPEL**</u>

Now before the Court is Scepter Canada, Inc.'s "Motion to Compel a Supplemental Response to Interrogatory No. 4." (ECF No. 422). Plaintiffs oppose the motion arguing that that they have provided a complete response to the interrogatory request and the additional information Scepter Canada, Inc. seeks is not relevant. Having reviewed the submissions of the parties, the Court **DENIES** Defendant's motion to compel.

**I. Background**

Plaintiffs, TC Consulting, Inc. and No Spill, LLC (collectively herein "No Spill" or "Plaintiffs"), hold two patents relating to preventing the explosion of portable fuel containers ('075 and '132 patents). (*Second Amended Complaint*, ECF No. 41). No Spill alleges six claims against Scepter Manufacturing, LLC and Scepter Canada, Inc. (collectively herein "Scepter" or "Defendants") for patent infringement, breach of contract, and engaging in unfair competition. (*Id.*). Defendants had alleged several

1

counterclaims including: (1) conspiracy under the Sherman Act § 1; (2) monopolization under the Sherman Act § 2; (3) attempted monopolization under Sherman Act § 2; (4) conspiracy to monopolize under the Sherman Act § 2; and (5) and transactions that substantially lessen competition under the Clayton Act § 7. (*Answer to Second Amended Complaint and Counterclaims*, ECF No. 362). The District Judge dismissed those claims on April 6, 2022. (ECF No. 435). In the order granting Defendants' motions to dismiss, the District Judge held that Scepter did not plausibly allege their antitrust claims and dismissed the Antitrust Defendants from the case.

Earlier in the litigation, No Spill submitted their Initial Infringement Contentions pursuant to the Court's Scheduling Order on May 19, 2020. In addition to their Initial Infringement Contentions, No Spill also produced design drawings which No Spill alleges were produced by Paul Steinke at Thomas Cray's direction. Mr. Cray is the holder of the '075 and '132 patents in dispute and the president of No Spill, LLC. No Spill also states that Mr. Steinke is a draftsman and "moonlighted" for Mr. Cray.

The current dispute centers around Scepter Canada, Inc.'s ("Scepter Canada" or "SC") Interrogatory Request No. 4 which provides:

> Separately for each asserted claim of the ASSERTED PATENTS, describe in detail the date and circumstances of the conception and reduction to practice of the subject matter of each claim, including the dates each claim was conceived and reduced to practice, the location at which such conception and reduction to practice occurred, all facts and relevant evidence that corroborates said dates, the identities of each PERSON who has knowledge or information about such conception and/or reduction to practice, each such person's role or contribution, if any, in the alleged conception and/or reduction to practice, and IDENTIFY all facts and evidence which relates to said conception and/or reduction to practice.

(*Exhibit A*, ECF No. 422-2, at 2). In No Spill's first response, they asserted that:

> No Spill objects to this Interrogatory as overly broad, unduly burdensome, seeking irrelevant information not proportionate to the needs of the case in that it seeks identification of "all facts and evidence which relates to" conception and/or reduction to practice. No Spill further objects to this interrogatory to the extent it would require disclosure of information protected by the attorney-client privilege and/or work product doctrine. No Spill also objects to this Interrogatory as an improper compound interrogatory with an impermissible number of subparts that constitutes more than one interrogatory.
>
> Subject to and without waiving any objections, No Spill states that Tom Cray conceived of the inventions claimed in the Patents-In-Suit and worked diligently on the claimed inventions through at least the constructive reduction to practice date of each of the Patent-In-Suit. Further responding, No Spill states that it will produce relevant non-privileged documents responsive to this Interrogatory pursuant to Fed. R. Civ. P. 33(d) from which further information sought by this Interrogatory may be determined.

(ECF No. 422-2, at 2–3). No Spill in their response acknowledged that they would produce responsive documents and will later determine what further information will be produced. Following the District Judge's bifurcation order, the parties scheduled an omnibus meet and confer to discuss various outstanding discovery disputes. After the parties' "meet and confer" regarding the discovery dispute, No Spill agreed to provide a supplemental response to SC Interrogatory Request No. 4. The supplemental response provided:

> Subject to and without waiving any objections, No Spill further responds as follows: In late 2011 to early 2012, Tom Cray first conceived of the idea of retaining a sufficient amount of liquid fuel in a portable fuel container to maintain a fuel-air mixture inside the container that was too rich to combust. Mr. Cray then began diligently working to develop experimental designs and experimental prototypes to reduce his invention to practice. An image showing examples of the experimental designs and experimental prototypes developed by Mr. Cray follows:

3



Mr. Cray retained Paul Steinke to create technical drawings of Mr. Cray's invention. Drawings created by Mr. Steinke at Mr. Cray's direction were produced with No Spill's Initial Infringement Contentions on May 19, 2020, at Bates nos. NSP0000001 – NSP0000153. Those drawings were used to create printed and molded experimental prototypes for further testing and validation of Mr. Cray's inventions.

On May 30, 2012, Provisional Application No. 61/653,240 was filed. Provisional Application No. 61,754,266 was filed on January 18, 2013. Non-provisional Application No. 13/904,657 was filed on May 29, 2013. Continuation-In-Part Application No. 14,487,893, which issued as the '075 Patent, was filed on September 16, 2014. Continuation Application No. 14/927,133, which issued as the '132 Patent, was filed on October 29, 2015.

(ECF No. 422-2, at 3–4). Included in the supplemental response is a photo which purports to show several experimental designs and experimental prototypes developed by Mr. Cray. Scepter reviewed No Spill's response and believed that more information was needed, including Mr. Steinke's role in the conception of the inventions. Scepter requested additional information concerning the photo, including "the date and location where the photograph was taken, and who took and now possesses the

photograph. . . [and requested] No Spill identify the items in this picture, including the date they were developed and who they were developed by." (*Exhibit B*, ECF No. 422-3, at 10). No Spill followed up on Scepter's request and stated:

> The photo included in No Spill's supplemental response to Interrogatory 4 was taken by Mr. Cray at No Spill's location in Kansas. Mr. Cray is in possession of the photograph. The experimental designs and prototypes shown in the image were developed by Mr. Cray over time beginning in late 2011/early 2012.

(*Id.*, at 9). No Spill added in a later email to Scepter that the photograph was taken in October 2016 and clarified that the three "metal flame arrestors" depicted in the bottom left portion of the picture are not among the experimental designs and prototypes developed by Mr. Cray. (*Id.*, at 7–8). Scepter Canada requested further information pertaining to the experimental prototypes depicted in the picture. After additional email communications, No Spill informed Scepter that they believe they have provided all the necessary information responsive to SC Interrogatory No. 4 and that they will not be providing any further supplemental responses. Scepter Canada timely filed its motion to compel on March 16, 2022.

## II. Legal Standard

Rule 26(b) of the Federal Rules of Civil Procedure govern the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). As such, for the information to be discoverable, the requested information must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*,

5

No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). A party may file a motion to compel when the responding party fails to permit discovery. *Sperry v. Corizon Health*, No. 18-3119-EFM-ADM, 2020 WL 5642343, at *3 (D. Kan. Sept. 22, 2020). The initial burden rests with the party seeking discovery, but the moving party need not address all proportionality considerations. *Id.* Once the initial burden has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request. *See Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 661–62, 666 (D. Kan. 2004).

**III.    Analysis**

The primary dispute concerns whether No Spill's responses to SC Interrogatory No. 4 are sufficient. Defendant Scepter Canada asserts that it is entitled to additional information pertaining to a picture No Spill used as a response to the interrogatory request, whereas No Spill maintains that they provided all the necessary information.

Federal Rule of Civil Procedure 33 gives parties the option of producing business records as a method of answering an interrogatory in certain circumstances. *See* Fed. R. Civ. P. 33. Specifically, Rule 33(d) provides:

> (d) *Option to Produce Business Records*. If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records (including electronically stored information), and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and

>    (2) giving the interrogating party a reasonable opportunity to examine and
>    audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d). It is Scepter Canada's contention that No Spill's response fails to comply with Rule 33(d) and warrants a supplemental response. Specifically, SC contends it is unable to match which prototype corresponds with which one of Mr. Steinke's 153 drawings and should be regarded as an incomplete response.

In No Spill's first supplemental response, they included the picture which purports to show 19 experimental prototypes[1] which helped lead to Mr. Cray obtaining his patents. The Court is not convinced that providing the photograph with the design drawings was a violation of Rule 33(d). In addition to the photograph, No Spill also provided the provisional and non-provisional patent application filing dates of the patents in dispute. No Spill later informed Scepter Canada of who took the photograph, where the photograph was taken, and clarified which of the items were experimental prototypes. Indeed, much of the information Scepter Canada is seeking goes beyond the scope of the interrogatory request.

SC interrogatory request No. 4 seeks, *inter alia*, details of the conception and reduction to practice of the subject matter of each claim, including dates, location, identities of individuals who have knowledge about the conception and reduction to practice, and facts that further support No Spill's claims. No Spill provided the dates Mr. Cray conceived of the idea, identified Mr. Steinke as an individual who may have

---

[1] No Spill later clarified that 3 of the alleged prototypes were actually metal flame arrestors. *Exhibit B*, ECF No. 422-3, 7–8.

additional knowledge, and provided filing dates. The United States Patent and Trademark Office ("USPTO") revised their procedure to include that the filing of a patent application on a claimed invention can be considered "reduction to practice." *Manual of Patent Examining Procedure* ("MPEP") § 2138.05. The Court finds that after considering the totality of No Spill's responses, they have adequately satisfied SC interrogatory request No. 4.

Moreover, the Court has concerns regarding the relevance of the supplemental interrogatory requests. In No Spill's Infringement Contentions, all of their claims have a priority date of May 30, 2012, or later. (*See* ECF No. 131-4, at 4). In 2011, Congress enacted the America Invents Act ("AIA"), 35 U.S.C. § 100 *et seq.*, which revamped the current patent system. *Return Mail, Inc. v. United States Postal Serv.*, 139 S. Ct. 1853, 1860 (2019). The AIA introduced a "first-to-file" rule which gave priority to the person who was first to file a provisional or non-provisional patent application. *Storer v. Clark*, 860 F.3d 1340, 1342 (Fed. Cir. 2017). This differed significantly from the old patent system which granted priority to the person who first conceived and reduced the claims to practice. *See, e.g.*, *Paulik v. Rizkalla*, 760 F.2d 1270, 1272 (Fed. Cir. 1985). In other words, the pre-AIA system adopted a "first-to-invent" system which granted patent rights to the first inventor rather than the first filer. *Id.*

The old patent system is not completely antiquated. For instance, if all the claims in a patent application have an effective filing date prior to March 16, 2013, then pre-AIA law applies. AIA § 3(n)(1)-(2). *See also Storer*, 860 F.3d at 1342. However, if just one

8

claim in a claimed invention has an effective filing date on or after March 16, 2013, then the AIA "first to file" system applies. *See* MPEP § 2159.02.

Defendant Scepter Canada cites three cases to support ordering supplemental interrogatory responses. First, it cites a case from the District of Kansas where the magistrate judge granted in part a motion to compel supplemental responses regarding reduction to practice. *Layne Christensen Co. v. Purolite Co.*, No. CIV.A. 09-2381-JWL, 2011 WL 231400, at *3 (D. Kan. Jan. 24, 2011). In *Layne Christensen Co.*, the patent in dispute "was conceived in the Spring of 2003 and reduced to practice in the several months after conception." *Id.* Although the interrogatory request was similar to SC's Interrogatory No. 4, the conception and reduction to practice dates in *Layne Christensen Co.* are well before the AIA and therefore the case is not particularly persuasive.

The second case Defendant cites is a case from the Northern District of Illinois. *See generally Beckman Coulter, Inc. v. Sysmex Am., Inc.*, No. 18-cv-6563, 2019 WL 1875356 (N.D. Ill. Apr. 26, 2019). While *Beckman Coutler, Inc.* is a 2019 case, the plaintiff answered an interrogatory request indicating the conception of the invention was conceived between 1996 and 1997 and the actual reduction to practice occurred in the spring of 1997. *Id.* at *1.

The third case they cite is from the Eastern District of Wisconsin. *See generally Milwaukee Elec. Tool Corp. v. Snap-On Inc.*, No. 14-cv-1296-JPS, 2017 WL 3130414 (E.D. Wis. July 24, 2017). In *Milwaukee Elec. Tool Corp.*, the interrogatory requested plaintiffs to provide details pertaining to the asserted claim's conception and reduction to practice. *Id.* at *1. However, in that case, the conception and reduction to practice dates

9

were in 2002. *Id.* All three cases Defendant Scepter Canada cites involve claims that were conceived and reduced to practice before the AIA and therefore do not add persuasive value.

In this case, claims 4-10 of the '075 patent have an effective filing date of May 29, 2013, and claims 12-20 have an effective filing date of September 16, 2014. Additionally, all of the claims of the '132 patent have an effective filing date of September 16, 2014. These effective filing dates put the patents in dispute squarely within the scope of the AIA. Therefore, the patent dispute in this case is materially different from the cases in which Scepter Canada provides. Indeed, No Spill in its response indicated that they are not relying on a pre-filing conception date, but rather the priority dates derived from the filing dates of the patent applications. (ECF No. 429, at 11).

Scepter Canada objects to No Spill's relevancy arguments because it claims the objections have been waived. In its reply brief, it alleges that No Spill waived any relevancy objection when they supplemented their responses. (ECF No. 439, at 2). In No Spill's initial response, they did make a relevancy objection: "No Spill objects to this Interrogatory as overly broad, unduly burdensome, seeking irrelevant information not proportionate to the needs of the case in that it seeks identification of 'all facts and evidence which relates to' conception and/or reduction to practice." (*Exhibit A*, ECF No. 422-2, at 2). They further attempt to preserve those objections in their supplemental responses by using languages such as "subject to and without waiving any objections." *Id.* at 2–3.

Granted, this district has recognized that answering discovery requests subject to objections is manifestly confusing and can be potentially misleading. *Great Plains Ventures, Inc. v. Liberty Mut. Fire Ins. Co.*, No. 14-1136-JAR, 2015 WL 404977, at *2 (D. Kan. Jan. 29, 2015). The court, in its discretion, can deem the objections waived. *Id.* However, the Court finds that Defendant Scepter Canada is seeking information outside the scope of the interrogatory request and the information requested is of questionable relevance. The Court also notes that a deposition with Mr. Cray took place on May 5 and May 6, 2022. (ECF No. 449). Scepter Canada has had ample time to obtain the information it seeks.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (ECF No. 422) is **DENIED.**[2]

**SO ORDERED**.

Dated May 16, 2022

/S KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge

---

[2] The Court notes that Scepter Canada is also seeking an Order to prohibit No Spill from providing additional evidence on the experimental prototypes at trial in the event its motion is denied. The Court will not enter such an Order at this time. However, if Scepter Canada insists on seeking such relief after discovery, it is free to file a motion to do so.