IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL, LLC and TC CONSULTING, INC., <br><br>  Plaintiffs, <br><br> v. <br><br> SCEPTER CANADA, INC., and SCEPTER MANUFACTURING LLC, <br><br>  Defendants. | Case No. 2:18-cv-2681-HLT-KGG |

## MEMORANDUM AND ORDER DENYING MOTION TO STRIKE

Now before the Court is Plaintiffs' "Motion to Enforce Local Patent Rules 3.3 and 3.4, to enforce scheduling order, and to strike untimely disclosures." (ECF No. 433).[1] Scepter opposes the motion arguing, *inter alia*, the products named as prior art references are within the scope of their July 2020 invalidity contentions, any delay should be attributed to No Spill, and there is no prejudice to No Spill. (*See generally Response*, ECF No. 445). The Court finds that the question of whether the disclosed products are within the scope of the invalidity contentions is a question of fact to be resolved by the trial court. The Court further finds that although the disclosures were not timely, the Plaintiffs have not been prejudiced by the disclosures. Accordingly. the Court **DENIES** the motion to strike.

---

[1] There is some dispute concerning the characterization of the motion. The Court understands that Plaintiffs titled their motion a "Motion to Enforce" while Defendants labeled it as a "Motion to Strike." (*See, e.g.*, *Reply*, ECF No. 453, at 5). The remedy Plaintiffs seek in this dispute is to strike a number of Defendants' prior art references. (*See Motion to Enforce*, ECF No. 433, at 30) ("[T]he new 'products' not included in the July 2020 ICs should be ***stricken***.") (emphasis added). As such, the Court finds it appropriate to consider it as "Motion to Strike."

I. **Background**

Plaintiffs, TC Consulting, Inc. and No Spill, LLC (collectively herein "No Spill" or "Plaintiffs"), hold two patents relating to preventing the explosion of portable fuel containers ('075 and '132 patents). (*Second Amended Complaint*, ECF No. 41). No Spill alleges six claims against Scepter Manufacturing, LLC and Scepter Canada, Inc. (collectively herein "Scepter" or "Defendants") for patent infringement, breach of contract, and engaging in unfair competition. (*Id.*).

No Spill submitted their Initial Infringement Contentions pursuant to the Court's Scheduling Order on May 19, 2020. Scepter served their Invalidity Contentions ("ICs") on July 28, 2020, seeking to invalidate the '075 and '132 patents. (ECF No. 294, at 3). They served 30 claim charts which set forth their theories on why No Spill's patents should be invalidated. (*Id.*). In addition to the 30 original claim charts, Scepter served other references and materials. (*Id.*, at 5). Included in its Invalidity Contentions were four products: (1) the "Blitz Flame Arrester", (2) the "Justrite Flame Arrester", (3) the "Eagle Flame Arrester", and (4) the "Protectoseal Flame Arrestor." (ECF No. 294-1, at 10). Below is a part of a table excerpted from their Invalidity Contentions:

| Product or Use | Date Known, Used, Sold, or Offered For Sale | Person or Entity |
|---|---|---|
| Blitz Flame Arrester | At least by April 2012 | Worcester Polytechnic Institute |
| Justrite Flame Arrester | At least by April 2006 | Glen Stevick; Justrite |
| Eagle Flame Arrester | At least by September 2010 | Glen Stevick; Eagle |

| Protectoseal Flame Arrester | At least by May 29, 2011 | Glen Stevick; Protectoseal |

(*Id.*). In the claim charts accompanying the invalidity contentions, Scepter provided images of what it claims to be the Blitz Flame Arrester and the Eagle Flame Arrester. (ECF No. 330-3, at 6; ECF No. 330-14, at 7). In regard to the Justrite Flame Arrester, Scepter included images taken from a "Justrite Brochure." (*See* ECF No. 330-13). Scepter included two photographs of the Protectoseal Flame Arrester[2]. (ECF No. 330-27).

Scepter filed their *Inter Partes* Review Petition on December 28, 2019, which challenged the validity of No Spill's patents. (ECF No. 294, at 5). The Patent Trial and Appeal Board subsequently denied Scepter's petition to invalidate No Spill's patents. The parties completed their claim construction briefing on September 22, 2020. (ECF No. 318, at 3). The District Judge issued the *Markman* Order in this case on June 23, 2021. (ECF No. 257).

Scepter served their Amended Invalidity Contentions ("AICs") on August 18, 2021—56 days after the *Markman* Order, which removed prior art they no longer intended to rely upon and added new prior art it believed could also satisfy the "too rich to support combustion" term. (ECF No. 318, at 5.). While no changes were made to the 30 original claim charts, 32 new claim charts were added. (ECF No. 294, at 9). After the AICs were served, No Spill moved to strike those contentions on September 17, 2021. (ECF No. 293). The Court found that Defendants did not satisfy Patent Local Rule

---

[2]Scepter asserts the Protectoseal Flame Arrester against the '132 Patent only.

3.5(a)(2) and granted Plaintiffs' motion to strike Defendants' amended invalidity contentions. (ECF No. 346).

On January 6, 2022, the District Judge granted in part a motion to bifurcate the case, which bifurcated the patent infringement and invalidity issues for trial and discovery and staged the remaining issues and claims. (*Order*, ECF No. 383). After the order was entered, the undersigned Magistrate Judge entered a fifth revised scheduling order. (ECF No. 393). The fifth revised scheduling order streamlined the patent infringement and invalidity issues for discovery and trial. Pursuant to the scheduling order, Defendants had until February 4, 2022, to identify six prior art references per patent. Scepter timely served its Second Election of Asserted Prior Art which, in part, provides:

> I. Election of prior art for U.S. Patent No. 9,174,075
>  1. Blitz Flame Arrester (product)
>  2. Justrite Flame Arrester (product)
>  3. Eagle Flame Arrestor (product)
>  4. Glen Stevick, et al., Failure Analysis and Prevention of Fires and Explosions with Plastic Gasoline Containers, J Fail. Anal. & Preven. 455 (2011) ("Stevick II")
>  5. G.B. Pat. No. 734674 ("Frost GB 674")
>  6. Brian Elias, Hazard Assessment of Portable Gasoline Container Flammability, Master Thesis, Worchester Polytechnic Institute, Digital WPI (2011) ("Elias")
>
> II. Election of prior art for U.S. Patent No. 10,029,132
>  1. Blitz Flame Arrester (product)
>  2. Protectoseal Flame Arrester (product)
>  3. U.S. Pat. No. 1,814,656 ("Anschicks")
>  4. Justrite Flame Arrester (product)
>  5. Eagle Flame Arrestor (product)
>  6. U.S. Patent No. 2,850,083 ("Frost 083")

4

(*Exhibit 2*, ECF No. 434, at 3). No Spill takes particular issue with Scepter's attempt to rely on *products* to advance their invalidity theories.

In response to Scepter's Second Election of Asserted Prior Art, No Spill contacted Scepter for clarification regarding whether Scepter intended to rely on physical products. Scepter communicated that they did intend to rely on physical products and that they would make the products available for inspection. In further correspondence, Scepter stated that the Protectoseal product is available for inspection in California and that the Justrite and Eagle products are available for inspection at their Kansas City offices. They further communicated that what they claim to be the Blitz Flame Arrestor prototype is in Kansas City and available for inspection. No Spill inspected the Scepter's Blitz Flame Arrestor on March 11, 2022, and inspected the Justrite and Eagle products on March 25, 2022. No Spill has declined to travel to California to inspect the Protectoseal product. The Court conducted a discovery conference on March 28, 2022, to discuss the present discovery dispute. The parties indicated they were at a stalemate and No Spill filed its Motion on April 4, 2022.

## II.   Analysis

Plaintiffs argue that four of Defendants' asserted prior art should be stricken and the Defendants should not be allowed to disclose new prior art or inject new invalidity theories in this "late hour." (*See generally* ECF No. 434). According to the Plaintiffs, a number of products in Scepter's Second Election of Asserted Prior Art were not previously disclosed and Scepter is trying to impermissibly expand the scope of their July

5

2020 invalidity contentions. Scepter, on the other hand, maintains the position that the products in their Second Election of Asserted Prior Art are within scope of their July 2020 invalidity contentions.

Plaintiffs specifically point to Patent Local Rules 3.3 and 3.4 and allege Scepter clearly violated the rules. Patent Local Rule 3.3, in relevant part, provides:

> **3.3 Invalidity Contentions**
> Not later than 70 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, must serve on all parties its "Invalidity Contentions," which must contain the following information:
>
> . . .
>
> (c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by pre-AIA 35 U.S.C. § 112(6) or post-AIA 35 U.S.C. § 112(f), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function . . . .

D. Kan. Pat. Rule 3.3. Similarly, the relevant section of Patent Local Rule 3.4 provides:

> **3.4 Document Production Accompanying Invalidity Contentions**
> With the "Invalidity Contentions," the party opposing a claim of patent infringement must produce or make available for inspection and copying:
>
> . . .
>
> (b) A copy or sample of the prior art identified under D. Kan. Pat. Rule 3.3(a) that does not appear in the file history of the patent(s) at issue. To the extent any such item is not in English, an English translation of the portion(s) relied upon must be produced.

D. Kan. Pat. Rule 3.4. The purpose of patent local rules is to streamline discovery and to make the litigation process more efficient. *See, e.g.*, *Bender v. Maxim Integrated Prod., Inc.*, No. C09-01152 SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010). No Spill

contends that Scepter's failure to provide notice of their intention to use actual products is a violation of the District of Kansas's Patent Local Rules.

Scepter further argues that No Spill should have raised this issue in 2020 when they submitted their invalidity contentions. The Court disagrees. Patent Local Rule 3.4 makes explicit that a party opposing a claim of patent infringement "must produce or make available for inspection and copying: A copy or sample of the prior art . . . ." D. Kan. Pat. Rule 3.4. Scepter did not make any indication that they were intending to rely on physical products when it served its July 2020 disclosures. Moreover, they did not make any representation that the products were available for inspection.

The Court is not persuaded by Scepter's argument that it is No Spill's responsibility to inquiry whether Scepter is relying on physical products. Patent Local Rule 3.4 plainly states that the party must "produce or make available for inspection and copying . . . [a] copy or sample of the prior art." A party intending to rely on physical products should *produce* the product or inform the party that the product is available for inspection. Indeed, it is the responsibility of Scepter to make adequate disclosures without a request from the opposing party. *See Cryptography Rsch., Inc. v. Visa Int'l Serv. Ass'n*, No. C04-04143 JW (HRL), 2005 WL 1787421, at *3 (N.D. Cal. July 27, 2005). Scepter's compliance with the Patent Local Rules is therefore marginal and No Spill has justified concerns.

However, the Court does not find striking the asserted prior art appropriate. As No Spill makes clear throughout its briefing, they believe Scepter is attempting to amend their invalidity contentions without formally requesting to do so. The Court previously

7

granted No Spill's motion to strike Scepter's invalidity contentions stating that "[t]he purpose of amending invalidity contentions is not to give a 'second bite at the apple.'" *No Spill, LLC v. Scepter Canada, Inc.*, No. 2:18-cv-2681-HLT-KGG, 2021 WL 5232312, at *3 (D. Kan. Nov. 10, 2021). The Court does not agree with No Spill's view that Scepter is attempting to get a "third and fourth bite at the invalidity contention apple." (*See* ECF No. 434, at 30). While the new product exemplars may not be used to expand Scepter's invalidity contentions, the relevance of these products to those contentions appears to be an issue of fact on which experts can provide their opinions. At first blush, the pictures of the products[3] provided with No Spill's motion may appear different. However, the Court is not in the position to take that question out of the hands of the experts. In other words, the Court sees the question of whether the products Scepter has disclosed are within the scope of their July 2020 invalidity contentions to be an issue of fact.

      Moreover, in No Spill's 30 pages of briefing in support of its Motion, they dedicate less than one page to how they will be prejudiced. They begin with conclusory statements that it would be "severely prejudicial" if Scepter is allowed to continue with their Second Election of Prior Asserted Art. They then point to the Court's prior Order compelling ESI production and noting that depositions cannot begin until that production is complete. However, they fail to explain how Scepter's production under the Court's previous ESI Order relates to the current dispute. Scepter states in their briefing that No

---

[3] No Spill provided the Court with copies of the pictures Scepter included in its July 2020 invalidity contentions along with the pictures of the products Scepter included in its Second Election of Prior Asserted Art.

Spill has not mentioned any additional discovery that would be needed as a result of Scepter's prior art assertions. Moreover, No Spill has actually examined and inspected three of the products and has access to the fourth product.

No Spill inspected the Blitz Flame Arrestor on March 11, 2022, and inspected the Justrite and Eagle products on March 25, 2022. As of the date of the filing of their motion, No Spill has not yet inspected the Protectoseal product. However, the product has been made available to them for inspection. No Spill has had more than two months prior to the close of discovery to assess the products and determine a strategy going forward.

The parties also dispute the applicability of a case cited by Scepter. *See generally Hytera Commc'ns Corp. v. Motorola Sols., Inc.*, No. 1:17-cv-1794, 2019 WL 3006825 (N.D. Ohio July 10, 2019). Scepter contends that *Hytera* supports the argument that granting a motion to strike is improper when a party fails to make available for inspection a copy or sample of all prior art. (*See* ECF No. 445, at 12 (citing *Hytera*, 2019 WL 3006825 at *2)). No Spill rejects that interpretation and rather suggests that the main part of the subject matter in dispute (*i.e.*, source code) was available throughout the discovery period and Scepter's reliance on the case is therefore misplaced. (*See* ECF No. 453, at 25–26). While the Court agrees that the facts in *Hytera* are not completely on-point to the facts in this case, *Hytera* does provide some guidance.

The court in *Hytera* highlights that even if a violation were to be found, striking the invalidity contentions would not be appropriate unless there was prejudice. *See Hytera*, 2019 WL 3006825 at *1 ("The parties agree that even if a violation is found, the Court should not strike the Supplemental Interrogatory Answers and

9

Invalidity/Unenforceability Contentions, unless permitting the Supplement will prejudice Hytera."). Moreover, in *Hytera* the discovery period had not yet ended, and the expert discovery had yet to begin. *Id.* at *2. In making these observations, the court found that even if the disclosure had occurred later than allowed by patent local rules, Hytera would not be prejudiced by the delay. *Id.* In its conclusion, the court made the specific finding that the Defendant "met it [sic] burden of showing that Hytera will not be prejudiced by any of the alleged deficiencies or delays in production." *Id.* at *3.

Here, the motion was filed on April 4, 2022. (ECF No. 433). The discovery period did not end until May 27, 2022, and the first expert report deadline is not until June 17, 2022. (ECF No. 393, at 3). The expert report period ends on August 5, 2022, with expert depositions opening up on the same date. (*Id.*). The dispositive motion deadline is August 19, 2022. No Spill inspected the disputed products in March (or had the opportunity to inspect them)—well before the expert discovery period and the dispositive motion deadline. The Court is not convinced that No Spill will be unfairly prejudiced if Scepter is permitted to go forward with their asserted prior art.

### III. Conclusion

Taking into account the all the relevant facts and circumstances, the Court finds that Scepter has shown a lack of prejudice to No Spill. While Scepter's compliance with patent local rules is marginal, No Spill has not rebutted Scepter's showing that No Spill is not prejudiced. It is premature to strike Scepter's prior assertions at this point. Experts

10

have yet to make their reports, experts have yet to be deposed, and the dispositive motion deadline is months away.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Strike is **DENIED**.[4]

    **SO ORDERED**.

    Dated June 1, 2022.

/S K<small>ENNETH</small> G. G<small>ALE</small>
Kenneth G. Gale
U.S. Magistrate Judge

---

[4] The Court notes that the parties were in disagreement concerning the inspection of the Protectoseal product. No Spill stated that they have not traveled to California where the product is located. If an inspection has still not occurred and the parties are not able to reach a resolution of the dispute, the parties are **ORDERED** to contact the undersigned Magistrate Judge's chambers within **FIVE (5) DAYS** of this Order and arrange a time for the undersigned to make a ruling on the record.