IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL, LLC and TC CONSULTING, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>SCEPTER CANADA, INC., and SCEPTER MANUFACTURING LLC,<br><br>    Defendants. | Case No. 2:18-cv-2681-HLT-KGG |

### MEMORANDUM AND ORDER GRANTING MOTION TO COMPEL DE-DESIGNATION

Now before the Court is "Plaintiffs' Motion to Compel De-Designation of Certain Attorneys' Eyes Only Documents." (Doc. 544, redacted). Scepter opposes the motion arguing that they properly designated the documents as "Attorneys' Eyes Only" and No Spill failed to provide sufficient detail in its motion. (Doc. 579). In the alternative, Specter requests that "it be allowed to lower the designation of the challenged documents with redactions of its sensitive competitive and business information." (*Id.*, at 2, fn. 1). The Court finds that Scepter did not meet its burden to show the challenged documents should maintain their Attorneys' Eyes Only designation. The Court thus **GRANTS** the motion.

### I. Background

Plaintiffs No Spill, LLC and TC Consulting, Inc. (collectively herein "No Spill" or "Plaintiffs") hold two patents relating to preventing the explosion of portable fuel containers ('075 and '132 patents). (*Second Amended Complaint*, doc. 41). Thomas Cray

is the inventor of the patents in dispute. No Spill alleges six claims against Scepter Manufacturing, LLC and Scepter Canada, Inc. (collectively herein "Scepter" or "Defendants") for patent infringement, breach of contract, and engaging in unfair competition. *Id.*

During the early stages of this case, the parties agreed to a protective order which allowed documents to be designated as Confidential or Attorneys' Eyes Only ("AEO"). The protective order defined AEO designations as follows:

> As used in this Order, "Confidential – Attorneys' Eyes Only" information is defined as "Confidential" information that is considered extremely sensitive by the producing party, such that disclosure of such information to the other party or its representatives (other than attorneys of record and any other individuals specifically identified in Section 6(c)(1)), and other than retained experts who satisfy the criteria provided in Section 6(c)(6) herein) may cause competitive harm to the disclosing party that could not be avoided by less restrictive means. Such "Confidential – Attorneys' Eyes Only" information includes the following categories of information or documents: customer lists, customer identifying information, sales information, profits, margins, product and manufacturing costs, business plans, financial data, trade secrets, research and development regarding products that are not yet commercially available, non-public intellectual property, and other highly sensitive competitive or business information. For the avoidance of doubt, documents or information referring or relating to reverse engineering, product testing, and/or other analysis of the other Party's commercial product(s) shall not qualify as ATTORNEYS' EYES ONLY information under this Protective Order.

(Doc. 95). No Spill seeks to de-designate some of the documents Scepter has labeled as AEO to simply "Confidential." The undersigned Magistrate Judge held a conference with the parties regarding the issue on September 7, 2022. Shortly thereafter, No Spill filed its motion to compel de-designation of certain attorneys' eyes only documents on September 23, 2022.

2

## II. Standard

While No Spill filed the motion challenging the confidentiality designations, the burden to prove the necessity of the designation rests with the designating party (*i.e.*, Scepter). *Ad Astra Recovery Servs., Inc. v. Heath*, No. 18-1145-JWB-ADM, 2020 WL 5057482, at *9 (D. Kan. Sept. 2, 2020). *See also Protective Order*, Doc. 95, at 9, ("The burden of proving the necessity of a confidentiality designation (whether Confidential or Attorneys' Eyes Only) remains with the party asserting confidentiality"). The standard for the designating party to meet its burden is "good cause." The "good cause" standard is similar to the moving party's burden on a motion for a protective order. *Heath*, 2020 WL 5057482, at *9.

## III. Analysis

As used in this District, protective orders serve as an agreement between the parties to preliminarily designate documents as "Confidential" or "Attorneys' Eyes Only" in order to facilitate discovery and document production. However, the protective order is not a final determination of whether any document's initial designation shall remain. Indeed, the protective order has a "No Prior Judicial Determination" clause which explicitly states that any parties' initial designation does not serve as a final judicial determination. The protective order in this case provides:

> This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential or Attorneys' Eyes Only information by counsel or the parties is entitled to protection under Fed. R.

3

      Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

(Doc. 95). The protective order further notes that it will be construed in favor of public disclosure.

    Scepter first challenges the motion on the grounds that No Spill does not provide sufficient information. Specifically, it argues that No Spill failed to identify the challenged material and set forth in detail the basis for the challenge. The protective order in this case provides a procedure for challenging a confidential or AEO designation. The objecting party must first meet and confer in good faith. After the "meet and confer," the objecting party must file and serve a motion that "identifies the challenged material and sets forth in detail the basis for the challenge." (Doc. 95, at 9).

    There is no dispute regarding whether No Spill satisfied the meet and confer obligation. The parties participated in an informal discovery conference with the undersigned Magistrate Judge regarding the issues in dispute and were unable to reach a resolution. The Court also disagrees with Scepter that the motion is procedurally deficient. The motion provides sufficient detail for the Court to examine the propriety of keeping the documents designated as AEO. No Spill also attached the documents at issue to its motion so the Court can independently examine the challenged documents. (*Exhibit B*, Doc. 556). Accordingly, Scepter's objection that the motion does not sufficiently set forth the basis for its challenge is **overruled**.

    Scepter next objects to the motion on the basis that it properly designated the challenged material as "Attorneys' Eyes Only." In particular, Scepter argues that the

4

challenged documents contain sensitive competitive and business information that properly falls within the AEO definition provided in the protective order. The Court has reviewed, in detail, the challenged documents, as well as each parties' arguments. After reviewing the documents and the parties' submissions, the Court finds the AEO designations are improper. The documents are several years old which weakens Scepter's arguments that they will cause competitive harm. Moreover, Scepter has failed to adequately articulate the specific harm that will result from de-designating the documents as confidential.

Scepter lastly argues that the documents are irrelevant at this stage in the litigation because the case is bifurcated. It suggests that the documents pertain to issues that are not material to disputes at issue—patent infringement and invalidity. The Court disagrees. Scepter has not explained why otherwise relevant discovery should be subject to improper designations and has failed to give sufficient reason why a ruling on the matter should be delayed. Litigation has been on-going since 2018 and is preparing to go through its second mediation. The upshot is: No Spill's counsel needs to be able to share these documents with its client. Access to these documents will also better facilitate the mediation process and provide the client with a better understanding of the case as it proceeds.

The Court also rejects Scepter's request to redact the documents. The documents will still maintain a "Confidential" designation and will be shielded from public view. Attorneys' Eyes Only designations mean that relevant information within the scope of

discovery may not be shared with a party. This may impair the party's ability to participate in the prosecution or defense of the case, or to help evaluate the case for settlement. This designation should be used sparingly. The Court does not find these documents require that protection.

**IT IS THEREFORE ORDERED THAT** Plaintiffs' Motion to Compel De-Designation of Certain Attorneys' Eyes Only Documents is **GRANTED**.

Scepter is **ORDERED** to de-designate the documents from "Attorneys' Eyes Only" to "Confidential".

**SO ORDERED**.

Dated November 15, 2022.

/S KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge