IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| NO SPILL, LLC and TC CONSULTING, INC.,<br><br>               Plaintiffs,<br><br>v.<br><br>SCEPTER CANADA INC., and<br>SCEPTER MANUFACTURING, LLC,<br><br>               Defendants. | Case No. 2:18-cv-02681-HLT-KGG |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR OBJECTION TO MAGISTRATE'S ORDER**

# **Table of Contents**

I.     INTRODUCTION ............................................................................................................ 1
II.    SCEPTER HAS ESTABLISHED THAT THE CHALLENGED DOCUMENTS
       REPRESENT AEO MATERIALS. ................................................................................. 1
III.   SCEPTER HAS ESTABLISHED THAT DISCLOSURE OF THE CHALLENGED
       DOCUMENTS WOULD HAND NO SPILL AN UNFAIR COMPETITIVE
       ADVANTAGE. ............................................................................................................... 2
IV.    NO SPILL DID NOT FOLLOW THE AGREED-ON PROCEDURE FOR OBJECTING
       TO SCEPTER'S AEO DESIGNATIONS. ...................................................................... 3
V.     THE BIFURCATION ORDER CONFIRMS WHY THIS DISPUTE IS PREMATURE. . 3
VI.    CONCLUSION ............................................................................................................... 4

**I.     INTRODUCTION**

Each document—whether viewed independently or collectively—comprises sensitive business and competitive information that has been correctly designated as AEO material. Scepter's underlying briefing and this Motion confirms as much. As explained in its Opposition to No Spill's Motion to Compel De-Designation and its Motion for Review and Objection to the Magistrate's Order, Scepter has sufficiently explained why disclosure of such sensitive and competitive pricing information would gift No Spill an unfair business advantage. Scepter's briefing also adequately explains why the Magistrate's Order is both "contrary to law" and "clearly erroneous." Indeed, many of the challenged documents clearly contain competitive financial information. But rather than address Scepter's specific arguments about why disclosure would competitively disadvantage Scepter, No Spill hides behind its assertion that the only way for Scepter to show competitive harm is by submitting a declaration or affidavit as "evidence." Even though the documents speak for themselves and warrant AEO designations, out of an abundance of caution, Scepter has also provided a Declaration from Michael Miller to quell No Spill's argument.

As evidenced by Scepter's briefing and Mr. Miller's Declaration, the challenged documents include the type of information properly designated as AEO material, such as competitive financial information, and disclosure of this sensitive business and competitive information to Mr. Cray, a direct competitor, would hand No Spill an unfair competitive advantage. Accordingly, the Court should grant Scepter's Motion.

**II.    SCEPTER HAS ESTABLISHED THAT THE CHALLENGED DOCUMENTS REPRESENT AEO MATERIALS.**

In the underlying briefing, Scepter described each challenged document with the requisite specificity and explained how the information within was rightfully designated as AEO material.

1

Even upon a cursory review, it is painstakingly clear that the challenged documents include (and/or provide No Spill the means to deduce) competitive pricing, customer lists, and competitive business financial information. Miller Decl. ¶¶ 3(a)-(k). Not only is Scepter's competitive business financial information at risk but many documents also expose Scepter's internal choices, decisions, and analysis that leads Scepter to implement (or not implement) certain business strategies. *Id.* at ¶ 4. Whether the challenged document is from 2019 or 2022, the information contained within is not time-dependent. It would pose no issue for a business-savvy competitor like Mr. Cray to plug in the financial information into a simple formula and churn out financial data that would account for Scepter's competitive pricing information. Accordingly, Scepter has already established—with specificity—that the challenged documents constitute AEO material, and there is no other reasonable conclusion other than the Order was contrary to law or clearly erroneous.

### III. SCEPTER HAS ESTABLISHED THAT DISCLOSURE OF THE CHALLENGED DOCUMENTS WOULD HAND NO SPILL AN UNFAIR COMPETITIVE ADVANTAGE.

Scepter has also sufficiently described how disclosure of this AEO material would hand No Spill an unfair competitive advantage and how the Order failed to earnestly balance Scepter's competitive interests against No Spill's contrived need to show Mr. Cray these documents. As Scepter has carefully articulated for this Court and No Spill, disclosure of the AEO material would gut any business advantage that Scepter has gained through its own efforts and grant No Spill an unfair business advantage by handing a direct competitor Scepter's sensitive financial information, Scepter's internal business analyses and decisions, and Scepter's overarching business and marketing strategies. The need to shield such critical information from a direct competitor is clear. Armed with AEO material, Scepter's sensitive financial information, thought processes, and overarching business strategy would rest in Mr. Cray's palm, allowing him to strategically operate

No Spill while understanding Scepter's every potential move. Miller Decl. ¶¶ 4-5. In other words, disclosure of the AEO materials would gift No Spill a competitive business advantage.

While the Order summarily stated that it considered the parties positions, there was no true analysis of Scepter's interests. The Order conducts a detailed-analysis of why Mr. Cray purportedly needs to see the challenged documents but omits any analysis of Scepter's position that Mr. Cray as a direct competitor will be unable to compartmentalize Scepter's sensitive financial information, Scepter's thought processes, and Scepter's overarching business strategy while operating No Spill. It simply would not be possible. As such, Scepter has shown the specific harm that would result from disclosure of the AEO materials to Mr. Cray, and the fact that the Order fails to adequately consider Scepter's interests renders it contrary to law and completely erroneous.

## IV.     NO SPILL DID NOT FOLLOW THE AGREED-ON PROCEDURE FOR OBJECTING TO SCEPTER'S AEO DESIGNATIONS.

The Protective Order, which the parties voluntarily agreed-on and the Court entered, explains the procedure for challenging the designation of documents. Instead of simply identifying the documents on which No Spill takes issue, No Spill must "set[] forth in detail the basis for the challenge." (Doc. 95). Yet No Spill simply listed a handful of general bullet points that specify nothing *in detail*. While Scepter acknowledges the burden is on Scepter to show the documents merit AEO designations (which they do), No Spill must first carry the burden of properly putting the documents at issue before the Court. Rather than comply with its burden, No Spill tries to walk back its obligations under the Protective Order. No Spill should not be rewarded for failing to follow the procedures it assented to.

## V.      THE BIFURCATION ORDER CONFIRMS WHY THIS DISPUTE IS PREMATURE.

3

The bifurcation order is clear. This Court's bifurcation order specifically "bifurcate[d] the patent infringement and invalidity issues for trial and discovery." (Dkt. No. 383). As Scepter explained, the challenged documents have nothing to do with patent invalidity and infringement and because this is a discovery-related issue for another phase of the trial, it follows that this dispute is premature. It is that simple.

## VI. CONCLUSION

For these reasons, Scepter respectfully requests that, pursuant to Federal Rule of Civil Procedure 72(a) and D. Kan. Local Rule 72.1.4(a), the Court overturn the Magistrate Judge's Order. Alternatively, in the unlikely event that the Court does not overturn the Magistrate Judge's Order, Scepter requests that the Court allow Scepter to redact its sensitive business and financial information.

Dated:  December 16, 2022                     Respectfully submitted,


By:  /s/ Jordan T. Bergsten
    Jordan T. Bergsten, KS #78639
    B. Trent Webb, KS #15965
    Joseph M. Rebein, KS #25912
    Laurie A. Novion, KS #19406
    Scott Sayler, KS #70402
    Ryan D. Dykal, *(pro hac vice)*
    Stefon David, *(pro hac vice)*
    2555 Grand Boulevard
    Kansas City, MO 64108
    T:816.474.6550/F:816.721.5547
    jbergsten@shb.com
    bwebb@shb.com
    jrebein@shb.com
    lnovion@shb.com
    ssayler@shb.com
    rdykal@shb.com
    sdavid@shb.com

          David W. Morehan (*pro hac vice*)
          600 Travis St., Suite 3400
          Houston, TX 77002
          T: 713-546-5673/F: 713-227-9508
          dmorehan@shb.com

          *Attorneys for Scepter Canada, Inc.*
          *and Scepter Manufacturing, LLC*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on December 16, 2022, the above and foregoing pleading was filed with the Court using the CM/ECF system which will send notice of electronic filing to all counsel of record.

          */s/Jordan T. Bergsten*
          ATTORNEY FOR DEFENDANTS

5