IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**NO SPILL, LLC, et al.,**

    **Plaintiffs,**

    v.

**SCEPTER CANADA, INC, et al.,**

    **Defendants.**

Case No. 2:18-cv-02681-HLT

**MEMORANDUM AND ORDER**

A jury found all asserted claims valid and not infringed after a weeklong trial in this four-year-old patent case. Doc. 711. Defendants request $366,339.02 in costs under Fed. R. Civ. P. 54(d). Doc. 736. Plaintiffs ask the Court to deny costs because Defendants are not a prevailing party in this split-judgment case and because Defendants' costs are unsupported and unreasonable.

This lawsuit has been long, contentious, and hard-fought. It has involved multiple complex and nuanced issues. The Court agrees with Defendants that they are "the prevailing party" under Rule 54(d) because the verdict strips Plaintiffs of a competitive edge and allows Defendants to continue with their business without the threat of infringement. But the Court exercises its discretion to deny costs given the closeness of the case and the difficulty of the issues presented. The Court denies the bill of costs and orders all parties to bear their own costs.

**I.    BACKGROUND**

The Court assumes familiarity with the case and provides this background for context. Plaintiffs filed this lawsuit in December 2018 and claimed that Defendants' fuel containers

infringed various claims of Plaintiffs' two related patents.[1] The parties engaged in early motion practice, and Defendants filed petitions for inter partes review ("IPR"). Doc. 78.

The parties engaged in claim construction. The claim-construction process resulted in over 2000 pages of materials between briefing and exhibits. The Court issued an 18-page order rejecting an indefiniteness challenge and construing the terms. Doc. 257.

Defendants then attempted to add antitrust counterclaims and inject multiple new parties into the case. Doc. 258. The claims and parties were added, but the Court then dismissed them on a motion to dismiss. Doc. 435. The Court also bifurcated infringement and invalidity from the rest of the case and set those two issues for trial. Docs. 383, 393. The parties did yeoman's work meeting the deadlines and preparing for trial. They completed expert discovery, narrowed contentions, and briefed dispositive and *Daubert* motions. The dispositive motions raised many difficult issues including patent eligibility, claim definiteness, claim coverage/noninfringement, predicate validity issues such as a disclosure of contentions and the reach of statutory estoppel, and more traditional invalidity. The Court granted summary judgment on limited issues, and the parties prepared for trial. Doc. 637.

Trial was also complex. The motions in limine raised patent-unique and challenging issues such as whether the IPR proceedings would be admissible. The parties had extensive objections to exhibits and deposition designations. And there was an eleventh-hour claim construction issue that the Court resolved before submission to the jury. The jury deliberated for about a day before returning its verdict. It found all asserted claims valid and not infringed. Post-trial motion practice

---

[1] The Court refers to Plaintiffs and Defendants collectively for ease and readability unless specific identification of a party is necessary.

ensued. The Court denied Plaintiffs' motion and denied without prejudice Defendants' conditional motion. Doc. 758. The Court now turns to Defendants' request for costs.[2]

## II.   ANALYSIS

A request for costs under Fed. R. Civ. P. 54(d) raises two overarching questions: (1) whether the requesting party is the prevailing party, and (2) how much (if any) of the costs the party should receive. Plaintiffs and Defendants disagree on both questions.

### 1.   Prevailing Party

Defendants contend that they are the prevailing party in this lawsuit because the jury returned a verdict of no infringement. Plaintiffs argue Defendants are not prevailing because the jury returned a split verdict by finding for Plaintiffs on validity and for Defendants on infringement.

The definition of "prevailing party" in patent litigation is governed by Federal Circuit law. *Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996) (determining that a single definition of prevailing party in patent cases promotes uniformity). The Federal Circuit has explained that "there can only be one winner" for purposes of costs and fees and that "punting is not an option" even in mixed-judgment cases. *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010). A prevailing party is one who has "received at least some relief on the merits" and "[t]hat relief must materially alter the legal relationship between the parties by modifying one party's behavior in a way that directly benefits the opposing party." *Id.* (internal quotation omitted).

---

[2] The local rules outline a procedure whereby the Clerk of Court initially taxes costs. The undersigned opted to resolve the bill of costs in the first instance. Neither side objected to this streamlined approach.

Federal Circuit law requires the Court to choose a prevailing party. The Court follows that admonition and finds that Defendants are the prevailing party for purposes of Rule 54(d). Plaintiffs sued Defendants for patent infringement with a goal of getting damages. Defendants asserted noninfringement and invalidity defenses. Their goal was to establish that they were not liable for infringement and had the freedom to sell their fuel containers. Defendants' goal could be accomplished by proving either noninfringement or invalidity. And Defendants met this goal by securing the no-infringement verdict. Plaintiffs did not meet their goal. This verdict changed the relationship between the parties because Defendants are not liable for infringement and now have the freedom to sell the fuel containers without fear of suit even though the asserted claims remain valid. This is a valuable benefit that Defendants fought hard to secure. *See, e.g.*, *Brooks Furniture Mfg. v. Dutailier Int'l*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (finding alleged infringer to be a prevailing party when summary judgment was entered in its favor on noninfringement but denied on invalidity), *abrogated on other grounds by Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014).

Plaintiffs contend that this mixed-judgment case does not have a prevailing party and cite cases in support. But these cases are not controlling, predate the Federal Circuit's December 2010 opinion in *Shum* (which clarifies that there only can be one prevailing party), don't cite *Shum* and rely on Federal Circuit caselaw that predates it, or are otherwise inapposite. *See, e.g.*, *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 607 F.3d 784, 801-02 (Fed. Cir. 2010) (vacating in June 2010 the district court's summary judgment ruling and allowing "the parties to reintroduce the prevailing party issue on remand as it becomes relevant").

The upshot is that Defendants achieved their goal through the noninfringement verdict. They can sell their fuel containers without paying damages to Plaintiffs and without the threat of

litigation. Plaintiffs did not achieve their goal, which was to get damages and impact Defendants' future sales. But the fact that asserted claims remain valid does not alter Defendants' status as the prevailing party.

### 2.  Amount

Defendants' status as a prevailing party does not automatically entitle them to costs because the district court retains discretion. *Manildra*, 76 F.3d at 1183. This aspect of the analysis is governed by Tenth Circuit law. *Id.* The Tenth Circuit recognizes that Rule 54 creates a presumption that the district court will award costs, that a district court must provide a valid reason for denying costs, and that the district court enjoys "broad discretion" in this area. *In re Williams Sec. Litig.*, 558 F.3d 1144, 1147 (10th Cir. 2009). Circumstances justifying a denial of recoverable costs include "when the prevailing party was only partially successful, when damages were only nominal, when costs were unreasonably high or unnecessary, when recovery was insignificant, or when the issues were close or difficult." *Id.* at 1150-51. Although not controlling, the Sixth Circuit has explained that the "closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, shift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732-33 (6th Cir. 1986).

The Court is mindful of the presumption in favor of costs but exercises its discretion to decline to award them in this close and difficult case. This case was <u>not</u> a simple one. The facts and underlying technology presented some challenges given the history between the parties, the industry, and the underlying science. But the legal issues presented significant challenges that touched on several difficult areas of law even for one with some prior exposure to this subject matter. The claim construction issues required the Court to resolve a definiteness issue, construe

5

terms like "too rich to support combustion," and consider concepts tied to flammability limits. The late amendment and motion to dismiss required the Court to wade into antitrust issues.[3]

The summary-judgment motions necessitated rulings on issues ranging from patent eligibility under 35 U.S.C. § 101 to whether invalidity positions under § 102(g) had been timely disclosed. The Court also had to determine whether statutory estoppel applied to three prior art products that Plaintiffs argued were cumulative of a patent or printed publication asserted during IPR. Then there were the motions in limine that further refined the case for trial and raised hard issues about the Daniels provisional, the Johnston drawings, the box of prototypes, competitive documents, and copying. And, finally, there was the trial, which left the Court and the jury grappling with competing expert testimony on testing protocols, prior art, and claim coverage with an overlay of direct and indirect infringement issues.

Simply put, this case presented no easy task for the Court let alone for a jury who generally lacked technical training in engineering and combustion sciences. The jury returned a unanimous verdict finding that Plaintiffs had not established infringement and that Defendants had not established invalidity. This verdict renders Defendants the prevailing party. But it does not render the outcome clear cut. Indeed, Plaintiffs put forward strong arguments on infringement. And the Court can't ignore that the claims remain intact despite the multiple validity attacks lodged by Defendants in this lawsuit (not to mention the IPRs).

The Court is not alone in exercising its discretion to deny costs in a patent case. For example, the district court reached a similar result in *Bettcher Industries v. Bunzl Processor Distribution, LLC*, 269 F.R.D. 629 (N.D. Ohio 2010). The jury returned a split verdict finding in

---

[3]  The Court realizes that all parties bear their own costs for these dismissed antitrust claims as well as for the state-law claims bifurcated in 2022 and ultimately dismissed. The Court notes these claims and issues for context.

favor of the defendant on the infringement issues and in favor of the plaintiff on the invalidity issues. The district court found that the defendant was the prevailing party under Rule 54(d) but denied costs because "[o]n the whole, then, this case falls into the 'close and difficult' category described in *White & White*." *Id.* at 631-32. Another district court also declined to bill costs in a split-verdict case where the jury found the defendants liable for infringing claims 1 and 5 but found claim 20 invalid as anticipated by the prior art. *See Pierce Mfg. v. E-One, Inc.*, 2022 WL 479874, at *3 (M.D. Fla. 2022) (finding the plaintiffs to be the prevailing party in a split-judgment case but concluding that "the fair and reasonable solution is to have each party bear its own taxable costs"); *see also Open Text S.A. v. Box, Inc.*, 2015 WL 4940798, at *10-11 (N.D. Cal. 2015) (finding that the patentee was the prevailing party after securing damages even though the accused infringer succeeded in invalidating a subset of claims but declining to award costs because the case was close); *Gemtron Corp. v. Saint-Gobain Corp.*, 2008 WL 5273626, at *2-3 (W.D. Mich. 2008) (declining to award costs to the patentee in part because the case was close and difficult).

The Court finds that Defendants are the prevailing party in this case. They leave the litigation able to continue with their business without the threat of infringing the asserted patents. But the Court finds that the presumption in favor of awarding costs is overcome in this case based on the close and difficult issues presented throughout it. The Court does not reach the other issues on amounts. The Court declines to award costs and orders all parties to bear their own costs.

THE COURT THEREFORE ORDERS that Defendants' bill of costs (Doc. 736) is DENIED. All parties shall bear their own costs.

IT IS SO ORDERED.

Dated: October 6, 2023          /s/ *Holly L. Teeter*
                                HOLLY L. TEETER
                                UNITED STATES DISTRICT JUDGE